## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation; PEOPLECONNECT INC., a California Corporation; CLASSMATES MEDIA CORPORATION, a Delaware Corporation.<br><br>Defendants. | Case No:<br><br><br>**JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT
### FOR VIOLATION OF 765 ILCS 1075/1 *et seq.* AND 815 ILCS 505/1 *et seq.*;
### <u>INTRUSION UPON SECLUSION; UNJUST ENRICHMENT</u>

Plaintiff SERGIO BONILLA, by and through his attorneys, makes the following allegations on information and belief, except as to factual allegations pertaining to Plaintiff, which are based on personal knowledge.

### INTRODUCTION

1.  Plaintiff brings this class action complaint against PEOPLECONNECT, INC.; PEOPLECONNECT INC.; and CLASSMATES MEDIA CORPORATION (collectively, "Classmates") for willfully misappropriating the photographs, likenesses, images, and names of Plaintiff and the class; willfully using those photographs, likenesses, images, and names for the commercial purpose of selling access to them in Classmates products and services; and willfully using those photographs, likenesses, images, and names to advertise, sell, and solicit purchases of Classmates services and products; without obtaining prior consent from Plaintiff and the class.

2.  Classmates' business model relies on extracting personal information from school

yearbooks, including names, photographs, schools attended, and other biographical information. Classmates aggregates the extracted information into digital records that identify specific individuals by name, photograph, and other personal information, and stores those digital records in a massive online database. Classmates provides free access to some of the personal information in its database to drive users to purchase its two paid products – reprinted yearbooks that retail for up to $99.95, and a monthly subscription to Classmates.com that retails for up to $3 per month – and to get page views from non-paying users, from which Classmates profits by selling ad space on its website.

3. According to the Classmates.com website, Classmates' Yearbook Collection contains records copied from over 400 thousand yearbooks. While Classmates does not publish figures about the total number of records in the Collection and does not breakdown the number of yearbooks in its collection by state, it is likely the Collection contains records corresponding to millions of Illinoisans.

4. Classmates has not received consent from, given notice to, or provided compensation to the millions of Illinoisans whose names, photographs, biographical information, and images appear in its Classmates Yearbook Collection.

5. The names, photographs, cities of residence, schools attended, likenesses, and images contained in the Classmates Yearbook Collection uniquely identify specific individuals.

6. Classmates uses the names, photographs, cities of residence, schools attended, likenesses, and images in its Classmates Yearbook Collection for the commercial purpose of advertising and promoting the sale of reprinted yearbooks, which retail for up to $99.95, and its "CM+" subscription plan, which retails for up to $3 per month.

7. Classmates uses the names, photographs, cities of residence, schools attended, likenesses, and images in its Classmates Yearbook Collection for the commercial purpose of advertising and promoting the free version of its website, which is available to both unregistered users and registered non-paying users. Classmates derives profit from the free version of its website by (1) selling ads on its website; (2) driving users of the free version to purchase its paid

products and services; and (3) on information and belief, selling the personal information it collects from registered and unregistered users to third parties.

8.     Classmates uses the names, photographs, cities of residence, schools attended, and identities in its Classmates Yearbook Collection on its products, and in connection with the offering for sale of its products, by (1) selling reprinted yearbooks that contain the records; (2) selling access to the records to paying subscribers via its "CM+" online membership plan; and (3) including these records on the free version of its website that is available to unregistered users and registered non-paying users.

9.     By misappropriating and misusing millions of Illinoisan's names, photographs, images, and likenesses without consent, Classmates has harmed Plaintiff and the class by denying them the economic value of their likenesses, violating their legally protected rights to the exclusive use of their likenesses, and violating their right to seclusion. By profiting from their likenesses through selling printed yearbooks, subscription membership plans, and ad space on its website, Classmates has earned ill-gotten profits and been unjustly enriched.

10.     These practices, as further detailed in this complaint, violate the Illinois right to publicity as codified in 765 ILCS 1075/1 *et seq.*; the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*; Illinois common law protecting against Intrusion Upon Seclusion; and Illinois common law protecting against Unjust Enrichment.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), because: (A) members of the putative class are citizens of a state different from at least one defendant. According to available public records, defendant PeopleConnect Inc. is incorporated in Delaware and has its principal place of business in Seattle, Washington. The class members are residents of Illinois. (B) The proposed class consists of at least 100 members. Classmates advertises that its Classmates Yearbook Collection comprises records collected from "over 400,000 yearbooks." While Classmates does not publish statistics concerning the total number of records in each yearbook, or a breakdown by state, a conservative

estimate would place the number of individual records corresponding to Illinoisans in the millions. And (C) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. 765 ILCS 1075/1 *et seq.* provides for damages equal to the greater of $1,000 per violation or the actual damages suffered by the Plaintiff, plus exemplary and/or punitive damages in the case of knowing use without consent. Given millions of likely records in Illinois, the amount in controversy is well over the jurisdictional amount.

12.    This Court has personal jurisdiction over the claims of Plaintiff and the non-named class members. Classmates maintains substantial connections to the state of Illinois and this district by, among other things, advertising its products and services to prospective customers in this state and district, providing its products and services to existing customers in this state and district, and using the misappropriated names, photographs, likenesses, and images of residents of this state and district as described in this complaint.

13.    Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this district. A substantial portion of the class members reside in this state and district. Named Plaintiff Sergio Bonilla resides in this district.

## INTRADISTRICT VENUE

14.    Venue in this Division of the District is proper because a substantial part of the events or omissions which give rise to the claim occurred in this division. Plaintiff Sergio Bonilla resides in Lake County.

## PARTIES

**Defendant Classmates**

15.    Defendant PEOPLECONNECT, INC. is a Delaware corporation with its headquarters in Seattle, Washington. It conducts business under the brand names "Classmates.com," "Classmates," and other brand names associated with the various website and services it owns and operates. It conducts business throughout this district, Illinois, and the United States. PeopleConnect, Inc. owns and operates the website Classmates.com.

16.     Defendant PEOPLECONNECT INC. is a California corporation with its headquarters in Seattle, Washington.

17.     Defendant CLASSMATES MEDIA CORPORATION is a Delaware corporation with its headquarters in Woodland Hills, California.

**Plaintiff Sergio Bonilla**

18.     Plaintiff Sergio Bonilla is a resident of Great Lakes, Illinois. Mr. Bonilla is not a subscriber of any Classmates products or services, is not currently subject to any Terms of Service or any other agreement with Classmates, and has no current relationship with Classmates.

19.     Sergio Bonilla has not provided consent to Classmates, written or otherwise, for the use of his name, photograph, or likeness.

20.     Mr. Bonilla created a registered, non-paying user account with Classmates.com at some point in the past. To the best of his recollection, he created the account somewhere between fifteen and twenty years ago. Mr. Bonilla has not logged on or used Classmates.com for at least fifteen years.

21.     To the best of his recollection, at the time he used Classmates.com, there were no records corresponding to Mr. Bonilla in the Classmates Yearbook Collection or anywhere else on the Classmates.com website. Mr. Bonilla first became aware that his personal information and photograph are being used by Classmates through the investigation of this lawsuit.

22.     Mr. Bonilla does not recall being shown or agreeing to any Terms of Service or other agreement related to his past use of Classmates.com. To the extent this court determines he implicitly agreed to a Terms of Service or other agreement with Classmates.com at the time he used the website, that agreement has expired after more than fifteen years of Mr. Bonilla not using Classmates.com.

23.     Plaintiffs' counsel researched publicly available archival records to determine that at least as late as August 2013, the Terms of Service agreement accessible on the Classmates.com website did not contain an arbitration clause or a class action waiver. Upon information and belief, to the extent this court determines Mr. Bonilla implicitly agreed to a Terms of Service or other agreement with Classmates.com at the time he used the website, the terms of that agreement do not preclude his filing a class action.

24.     Classmates' Yearbook Collection contains two records corresponding to Mr. Bonilla, both from a 1995 yearbook from Central High School in Omaha, Nebraska, where Mr. Bonilla attended school. The records uniquely identify Mr. Bonilla. Both records include his full name and clearly identify his place of residence and school he attended. One of the records includes a photograph in which Mr. Bonilla's face is plainly visible and identifiable. This record also identifies Mr. Bonilla's participation on the school swim team. The photograph from this record is reproduced as a screen capture below. To protect their privacy, throughout this complaint Plaintiffs' counsel have employed photo-editing software to obscure Mr. Bonilla's face and the names and images of other students at Central High School. In the original record Classmates created and is currently using, Mr. Bonilla's face is plainly visible and identifiable.



25.     Classmates has and continues to use the records containing Mr. Bonilla's name, photograph, image, and likeness for the commercial purpose of advertising and promoting the purchase of reprinted yearbooks. Users of the Classmates.com website are encouraged to enter the names of people they may know into a search bar. The search bar is indicated by an arrow labeled "Start your search here!" and promises promotional pricing on reprinted yearbooks that contain a relative, significant other, or friend.



26.     Users who enter Mr. Bonilla's name receive in response a list showing the records in the Classmates' Yearbook Collection corresponding to Mr. Bonilla. All Classmates users may search for Mr. Bonilla's name and view this list, including unregistered users, registered non-paying users, and paying subscribers.



27. When users click to view any of the records corresponding to Mr. Bonilla, Classmates displays at least two forms of advertisement encouraging them to buy a copy of a reprinted yearbook containing Mr. Bonilla's name, image, photograph, and likeness. First, Classmates displays a page showing the photograph of Mr. Bonilla and his name, accompanied by a link marked "Own this yearbook today," which leads to a page soliciting the purchase of the yearbook for $99.95. In the original record Classmates created and is currently using, Mr. Bonilla's face is plainly visible and identifiable.



28.     Second, for users who do not click the link but instead continue to browse through Mr. Bonilla's photographs, upon their third attempt to load a photograph, Classmates displays a pop-up window prompting the user to "Buy now" a "Hardcover Reprint" of the yearbook containing Mr. Bonilla's name, photograph, and likeness for $99.95.



29.     Classmates has and continues to use the record containing Mr. Bonilla's name, photograph, image, and likeness for the commercial purpose of advertising and promoting the purchase of paid subscriptions to its "CM+" membership plan. Users may search for and view records containing Mr. Bonilla's name, photograph, and likeness. For unregistered users and registered non-paying users, Classmates displays both the requested records and at least two forms of advertisement designed to solicit the purchase of a paid subscription to Classmates for a price ranging from $1.50 to $3 per month. First, adjacent to the list with the record containing Mr. Bonilla's name, photograph, image, and likeness, Classmates displays an advertisement

prompting the user that "Get everything Classmates has to offer for as low as $1.23 a month" and promising several benefits to paying subscribers, including discounted prices on yearbook reprints. Users who click the link are brought to a page soliciting the purchase of a paid subscription membership.



30. Second, unregistered users are initially shown a low-resolution version of Mr. Bonilla's photograph. Unregistered users who click on Mr. Bonilla's photograph looking for a higher-resolution version are shown a pop-up asking them to register in order to view "full-size yearbooks."



31.     Once users have entered the requested information, Classmates displays a second screen soliciting the purchase of a paid subscription plan, for prices ranging from $1.50 to $3. Although users do not have to pay for a subscription to view full-resolution records, Classmates does everything in its power to obscure this and make the user believe they must pay to continue. The screen is visually dominated by prompts asking users to select a paid plan and enter credit card or other payment information. A link titled "No thanks" written in miniscule font at the far top right corner of the page is the only indication users may proceed without paying money.



32.     Classmates has and continues to use the record containing Mr. Bonilla's name, photograph, image, and likeness for the commercial purpose of advertising registered memberships on its website. Registered memberships are free of charge, but registered users must provide personal information including their high school, year of graduation, name, and email address. Classmates earns money from registered members by displaying targeted ads on

its website. Upon information and belief, Classmates also earns money from registered members by selling their personal information to third parties.

33.     Users may search for and view records containing Mr. Bonilla's name, photograph, image, and likeness. Unregistered users are initially shown low-resolution versions of Mr. Bonilla's photographs. Unregistered users who click on a photograph of Mr. Bonilla looking for a "zoomed-in" higher-resolution version are shown a pop-up soliciting them to register and promising that registration will bring benefits including "access to all yearbooks" and the ability to view "full-sized yearbooks."

34.     Classmates' purpose in appropriating and providing access to Mr. Bonilla's name, photograph, image, and likeness on its website is to advertise and promote the purchase of its products and services, including its yearbook reprints, paid subscription "CM+" membership plan, and non-paying registered membership plan.

35.     Classmates has and continues to knowingly use the record containing Mr. Bonilla's name, photograph, image, and likeness on its products, and in connection with the offering for sale of its products, by (1) selling reprinted yearbooks that contain Mr. Bonilla's name, photograph, image, and likeness; (2) selling access to online records containing Mr. Bonilla's name, photograph, image, and likeness to paying subscribers of its CM+ membership plan; and (3) including online records containing Mr. Bonilla's name, photograph, and likeness on the free version of its website available to unregistered users and registered non-paying users.

36.     Through its actions, Classmates has caused harm to Mr. Bonilla by depriving him the fair economic value of his likeness; violating his exclusive right to control his likeness; and violating his right to freedom from intrusion upon seclusion. Classmates has earned ill-gotten profits and been unjustly enriched through its use of Mr. Bonilla's name, photograph, image, and likeness.

### STATEMENT OF COMMON FACTS

37.     Classmates' business model relies on collecting personal information from hundreds of thousands of school yearbooks. Classmates scans yearbooks into a digital format, then extracts personal information including names, photographs, schools attended, years of

15

attendance, cities of residence, and biographical details. Classmates aggregates the extracted information into digital records associated with specific individuals. Classmates then uses the records to advertise and sell its products and services. Those products and services include reprinted yearbooks, which Classmates sells for up to $99.95, and subscription memberships to the website Classmates.com, which Classmates sells for up to $3 per month.

38.     According to the Classmates.com website, Classmates' Yearbook Collection contains records copied from over 400 thousand yearbooks. While Classmates does not publish figures about the total number of records in the Collection or a breakdown by state, it is likely the class includes millions of Illinoisans whose names, photographs, and likenesses appear in the Classmates Yearbook Collection.

39.     Classmates did not ask consent from, given notice to, or provide compensation to Plaintiffs or the class before using their names, photographs, and biographical information.

40.     The names, photographs, cities of residence, likeness, and identities that Classmates aggregates into individual records uniquely identify specific individuals.

41.     Classmates uses the names, photographs, images, and likenesses of Plaintiff and the class for the commercial purpose of advertising and promoting the purchase of its products and services, including (1) reprinted yearbooks; (2) its "CM+" subscription membership; and (3) the free version of its website, from which Classmates profits by selling targeted advertisements and driving users to its paid products and subscriptions.

42.     Classmates employs a variety of advertising techniques through which it exploits the names, photographs, images, and likenesses of Plaintiff and the class, many of which are detailed in the Plaintiff-specific portion of this complaint. Across all the advertising techniques it uses, Classmates seeks to translate its users' interest in seeing pictures of and learning personal details about Plaintiff and the class, into the purchase of a Classmates product or service, or the use of a website from which Classmates derives revenue.

43.     Although Classmates does not disclose how it created its Yearbook Collection, there is a section of the Classmates website encouraging users to donate old yearbooks to

Classmates. At least some, and possibly all, of is Yearbook Collection was built via such donations.

44.     With the exception of the implied consent of the donor (who may or may not personally appear in the donated yearbook), Classmates makes no attempt to contact or gain the consent of the people whose names, photographs, likenesses, biographical information, and identifies appear in a donated yearbook. Classmates does not require or even suggest the donor should ask the consent of the people who appear in the yearbook to have their names, photographs, and images digitally extracted and aggregated into records sold and used for advertising by Classmates.

45.     The vast majority of people whose personal information Classmates has digitally extracted and aggregated in its Classmates Yearbook Collection have no business relationship with Classmates, are not Classmates subscribers, and are not subject to a Terms of Service or any other agreement with Classmates.

46.     Through its actions, Classmates has caused harm to Plaintiff and the class by depriving them the fair economic value of their likenesses; violating their exclusive rights to control their likenesses; and violating their rights to freedom from intrusion upon seclusion. Classmates has earned ill-gotten profits and been unjustly enriched through its use of the names, photographs, images, and likenesses of Plaintiff and the class.

47.     Classmates' willful misappropriation of identities, including names, photographs, images, likenesses, and other personal information, and commercial use of those identities in selling and advertising its products and services, violate Illinois' statute protecting the right to publicity, 765 ILCS 1075/1 *et seq.*; Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*; Illinois common law protection against intrusion upon seclusion; and Illinois common law protecting against unjust enrichment.

## CLASS ALLEGATIONS

48.     Plaintiff brings this complaint on behalf of himself and a class of all Illinois residents who (a) are not currently subscribers of any Classmates services, (b) have never donated

a yearbook to Classmates, and (c) whose names, photographs, images, and/or likenesses were extracted from yearbooks by Classmates and placed on the Classmates website as part of its Yearbook Collection, without Classmates obtaining their consent. Excluded from the class are (a) Plaintiff's counsel; (b) Classmates, its officers and directors, counsel, successors and assigns; (c) any entity in which Classmates has a controlling interest; and (d) the judge to whom this case is assigned and the judge's immediate family.

49.     The members of the proposed class are so numerous that joinder of individual claims is impracticable. Classmates represents that its Yearbook Collection contains records from over 400,000 yearbooks in the United States. Each yearbook contains the names and likeness of hundreds, sometimes thousands of individuals. Even accounting for the fact that only a portion of the yearbooks are from Illinois, that some individuals in Classmates' database are deceased or no longer reside in Illinois, and that the class excludes current Classmates subscribers (Classmates has about 4 million subscribers worldwide), the class likely numbers in the millions.

50.     There are significant questions of fact and law common to the members of the class. These issues include:

    a.  Whether Classmates' extraction and aggregation of personal information about Plaintiff and the class members, including names, yearbook photographs, yearbook years, cities of residence, schools attended, and interest and hobbies, in its Classmates Yearbook Collection, and selling of that information via reprinted yearbooks and paid subscription plans, constitute the use of individuals' identities for commercial purposes without previous written consent within the meaning of 765 ILCS 1075/1 *et seq.*;

    b.  Whether Classmates' extraction and aggregation of personal information about Plaintiff and the class members, including names, yearbook photographs, yearbook years, cities of residence, schools attended, and interests and hobbies, and use of that information in the advertising techniques described in this

complaint, constitutes the use of individuals' identities for commercial purposes without previous written consent within the meaning of 765 ILCS 1075/1 *et seq.*;

c. Whether Plaintiff and the class consented to the use of their names, photographs, images, and likenesses in Classmates products and advertisements;

d. Whether Classmates' use of identities, names, photographs, images, and likenesses constitutes a use for non-commercial purposes such as news or public affairs within the meaning of 765 ILCS 1075/35;

e. Whether Classmates' commercial use of the names, photographs, images, and likenesses of Plaintiff and the class was willful such that Plaintiff and the class are entitled to punitive damages;

f. Whether Classmates' conduct as described in this complaint violated Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*;

g. Whether Classmates was unjustly enriched as a result of the conduct described in this complaint; and

h. Whether class members are entitled to injunctive, declaratory and monetary relief as a result of Classmates' conduct as described in this complaint.

51.     Plaintiff's claims are typical of those of the proposed class. Plaintiff and all members of the proposed class have been harmed by Classmates' misappropriation and misuse of their identifies, names, photographs, images, likenesses, and other personal information.

52.     The proposed class representative will fairly and adequately represent the proposed class. The class representative's claims are co-extensive with those of the rest of the class, and he is represented by qualified counsel experienced in class action litigation of this nature.

53.     A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed class is impracticable. Many members of the class do not have the financial resources necessary to pursue this claim, and even if they did, the size of their interest in the case may not

be large enough to merit the cost of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a dispute concerning Classmates' common actions towards an entire group. Class action procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

54.     The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Classmates has acted on grounds generally applicable to the proposed class, such that final injunctive and declaratory relief is appropriate with respect to the class as a whole.

55.     The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and fact common to class members predominate over questions affecting individual members, and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy.

## FIRST CAUSE OF ACTION
### (765 ILCS 1075/1 *et seq.*)

56.     Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

57.     Illinois' statute protecting the right to publicity 765 ILCS 1075/1 *et seq*., prohibits and provides damages for using an individual's identity for commercial purposes without having obtained previous written consent.

58.     By engaging in the forgoing acts and omissions, Classmates used Plaintiff's and class members' identities for commercial purposes without having obtained previous written consent.

59.     Each use of a class member's identity is a separate and distinct violation of 765 ILCS 1075/1 *et seq.* giving rise to damages.

60.     As a result of Classmates' violation of 765 ILCS 1075/1 *et seq.*, Plaintiff and the

class have suffered actual damages. Plaintiff and the class have been denied the economic value of their likenesses, which Classmates has appropriated and used for its own economic benefit. Plaintiffs and members of the class also lost the right to refuse consent and protect their privacy. Actual damages may be measured as the fair market value of a person's likeness used for advertising and as part of a product, or as the revenue Classmates derived from its unauthorized use.

61.     Plaintiff seeks declaratory, injunctive, and monetary damages for himself and on behalf of each member of the proposed class as provided for in 765 ILCS 1075/1 *et seq.*, including statutory damages equal to the greater of $1000 per violation, actual damages, or profits Classmates derived from its unauthorized use; punitive damages in light of Defendants' willful violation; and the award of attorneys' fees and costs in the event Plaintiff prevails in this action.

## SECOND CAUSE OF ACTION
### (815 ILCS 505/1 *et seq.*)

62.     Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

63.     Classmates has and is engaged in deceptive or unfair practices as those terms are defined in the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

64.     As described in this complaint, Classmates' misappropriation and use Plaintiff's and class members' identities without consent offends public policy established in Illinois statutory and common law, is unethical and unscrupulous, and creates substantial injury to Plaintiff and the class by denying them the legally protected to control their identities.

65.     By engaging in the conduct described in this complaint, including profiting from the sale and use in advertising of personal information it misappropriated without consent, Classmates engaged in and continues to engage in deceptive and unfair practices prohibited by Illinois law.

66.     As a result of Classmates' actions, Plaintiff and the class have been injured. Plaintiff and members of the class each lost the value of their names and images. Plaintiff and members of the class also lost the right to refuse consent and protect their own privacy, as guaranteed by Illinois law.

### THIRD CAUSE OF ACTION
### (Intrusion Upon Seclusion)

67.     Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

68.     Plaintiff and class members have a reasonable expectation of privacy in their personal information, including their photographs and biographical details.

69.     Classmates intentionally intruded on the seclusion of Plaintiff and the class by appropriating their identities, including their names, photographs, images, likenesses, and biographical information, and using the appropriated information to advertise and sell online services.

70.     Classmates' misuse of personal information reveals private facts in which a reasonable person would expect privacy. It maintains, sells, and advertises using records that reveal intimate details about subjects' private lives, including ages, locations, biographical details, and photographs.

71.     Plaintiff and members of the class were harmed by Classmates' intrusion into their private affairs as detailed in the compliant.

72.     Among other remedies, Plaintiff and members of the class seek damages, including punitive damages in light of Classmates' conscious disregard of Plaintiff's and class members privacy rights and exploitation of their personal information for profit.

### FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

73.     Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

74.     Plaintiff and the class have conferred an unwarranted benefit on Classmates. Classmates' business model centers around using personal information that rightfully belongs to Plaintiffs and the class to sell its products and services. Classmates uses the personal information it misappropriated without consent. Each sale of a reprinted yearbook that contains records that rightfully belong to class members, each "CM+" subscription sold to users who then gain access to records that rightfully belong to class members, and all advertising revenue collected from the delivery of ads on pages displaying records that rightfully belong to class members, represents an unwarranted benefit conferred upon Classmates by the class.

75.     Under principles of equity and good conscience, Classmates should not be permitted to retain the benefits it gained through its actions.

76.     Plaintiff and members of the class have suffered loss as a direct result of Classmates' conduct.

77.     Among other remedies, Plaintiff, on his own behalf and on behalf of absent class members, seeks the imposition of a constructive trust and restitution of proceeds Classmates received as a result of the conduct described in this complaint, as well as an award of attorneys' fees, costs, and interest.

## PRAYER FOR RELIEF

78.     WHEREFORE Plaintiff, on behalf of himself and all others similarly situation, hereby demands judgment against Defendant Classmates as follows:

    (a) For an order certifying the proposed class and appointing Plaintiff and his counsel to represent the class;

    (b) For a declaration that Classmates' acts and omissions constitute a willful misappropriation of names, likeness, photographs, images, and other personal information, and infringe on protected privacy rights, in violation of Illinois law;

    (c) For preliminary and permanent injunctive relief enjoining and preventing Classmates from continuing to operate its Classmates.com website and expand its databases without appropriate safeguards to ensure people's personal information

is not used illegally without their consent;

(d) For an order enjoining Classmates from continuing the unlawful and unfair conduct described in this complaint;

(e) For restitution for Plaintiff and members the class for the value that Defendants derived from misappropriating their likenesses;

(f) For an award of damages, including without limitation damages for actual harm, profits earned by Classmates in the operation of its websites selling access to misappropriated personal information, and statutory damages;

(g) For an award of reasonable attorneys' fees and costs incurred by Plaintiff and the class members; and

(h) For an award of other relief in law and equity to which Plaintiff and the class members may be entitled.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial for all individual and Class claims so triable.

Respectfully submitted,

Dated: January 5, 2021

By: *Shannon M. McNulty*

Shannon M. McNulty
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 31st Floor
Chicago, Illinois 60602
312.899.9090
312.251.1160 Facsimile
SMM@cliffordlaw.com

Michael F. Ram (To be admitted *Pro Hac Vice* )
mram@forthepeople.com
Marie N. Appel (To be admitted *Pro Hac Vice* )
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102

Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn (To be admitted *Pro Hac Vice*)
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
ben@benosbornlaw.com

*Attorneys for Plaintiff
and the Proposed Class*