IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PEOPLECONNECT, INC., a Delaware Corporation; PEOPLECONNECT INC., a California Corporation; CLASSMATES MEDIA CORPORATION, a Delaware Corporation, <br><br> Defendants. | Case No. 1:21-cv-00051 <br><br> Hon. Judge Virginia M. Kendall <br><br> Magistrate Judge Gabriel A. Fuentes |

**DEFENDANT PEOPLECONNECT, INC.'S
MOTION TO REASSIGN AND CONSOLIDATE RELATED ACTIONS**

Defendant PeopleConnect, Inc., a Delaware corporation ("PeopleConnect"), by and through its undersigned counsel, respectfully moves to reassign related case *Loendorf v. PeopleConnect, Inc. et al.,* No. 1:21-cv-00610 (the "Loendorf Action"), currently pending before Judge Coleman, to this Court and consolidate it with the above-captioned action. In support thereof, PeopleConnect states as follows:

1. The Loendorf Action is a substantially similar lawsuit that mirrors the allegations and claims pending before the Court in the above-captioned case (the "Bonilla Action"). *See* (No. 1:21-cv-00051, Dkt. 1; 1:21-cv-00610, Dkt 1.) As detailed in PeopleConnect's contemporaneously filed Memorandum in Support, both plaintiffs allege that the Classmates website violates the Illinois Right of Publicity Act 765 ILCS 1075/1 *et seq.* by using the plaintiffs' likenesses for commercial purposes without their consent.

2. Accordingly, and as explained more fully in the accompanying Memorandum in Support, the Loendorf Action is related to the Bonilla Action for purposes of Local Rule 40.4. *See* LR 40.4(a). Furthermore, in light of the substantially identical legal and factual issues raised in the two cases, and the fact that both actions are at the same stage of litigation, reassignment of the Loendorf Action would: (1) result in a substantial saving of judicial time and effort, (2) not meaningfully delay the Bonilla Action, and (3) permit disposition of both cases in a single proceeding. Thus, reassignment of the Loendorf Action to this Court is warranted. *See* LR 40.4(b).

3. In addition to reassigning the Loendorf Action, the Loendorf Action and the Bonilla Action should be consolidated under Federal Rule of Civil Procedure 42. As explained by the Seventh Circuit, consolidation of closely related cases is "by far the best means to avoid wasteful overlap," as it would allow for efficient motion practice, discovery, and trial preparation without causing delay in either case. *See Blair v. Equifax Check Servs., Inc.,* 181 F.3d 832, 839 (7th Cir. 1999).

WHEREFORE, for the reasons set forth above and in the accompanying memorandum in support of this motion, PeopleConnect respectfully requests that *Loendorf v. PeopleConnect, Inc., et al.,* No. 1:21-cv-00610, be reassigned to this Court and consolidated with the above-captioned matter.

Dated: March 3, 2021

Respectfully submitted,

PEOPLECONNECT, INC.

By: */s/ Wade A. Thomson*

Wade A. Thomson, #6282174
Debbie L. Berman, #6205154
Clifford W. Berlow, #6292383
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
wthomson@jenner.com
dberman@jenner.com
cberlow@jenner.com

Ian Heath Gershengorn (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412
Telephone: 202 639-6000
Facsimile: 202 639-6066
igershengorn@jenner.com

*Attorneys for Defendant PeopleConnect, Inc.*

## **CERTIFICATE OF SERVICE**

I, Wade A. Thomson, certify that on March 3, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ *Wade A. Thomson*