# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 1:21-cv-00051 ) ) Hon. Judge Virginia M. Kendall |
| v. | ) ) Magistrate Judge Gabriel A. Fuentes |
| PEOPLECONNECT, INC., a Delaware Corporation; PEOPLECONNECT INC., a California Corporation; CLASSMATES MEDIA CORPORATION, a Delaware Corporation, | ) ) ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PEOPLECONNECT, INC.'S MOTION TO REASSIGN AND CONSOLIDATE RELATED ACTIONS

Less than a month after Plaintiff Sergio Bonilla filed this class action against Defendant PeopleConnect, Inc. (the "Bonilla Action"), Theresa Loendorf filed a separate class action against the same Defendant in the same district (the "Loendorf Action"). Both actions are premised on the same set of alleged facts—that the plaintiffs' likenesses appear on PeopleConnect's Classmates website without the Plaintiffs' consent. Both actions allege nearly identical violations of the Illinois Right of Publicity Act. And both actions seek damages and injunctive relief on behalf of a class of Illinois residents. In short, the two actions are substantially similar and the Loendorf Action should therefore be reassigned to this Court under Local Rule 40.4.

Further, as the Seventh Circuit has explained, consolidation of close-in-time lawsuits that share nearly identical factual and legal issues and feature substantially similar classes is "by far the best means to avoid wasteful overlap." *Blair v. Equifax Check Servs., Inc.,* 181 F.3d 832, 839

(7th Cir. 1999). This rationale warrants consolidation of the Bonilla and Loendorf actions under Federal Rule of Civil Procedure 42.

## PROCEDURAL BACKGROUND

Bonilla filed this class-action complaint against PeopleConnect on January 5, 2021. (No. 1:21-cv-00051.) In the complaint, Bonilla alleges that PeopleConnect displays his name, photographs, and likeness from his high school yearbook without his consent and for the commercial purpose of advertising paid memberships to the Classmates website. (Bonilla Compl. ¶¶ 24, 25, 29.)

Bonilla asserts claims for (1) violation of the Illinois Right of Publicity Act; (2) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (3) intrusion upon seclusion; and (4) unjust enrichment. (*Id.* ¶¶ 55–77.) He seeks economic, non-economic, and punitive damages, injunctive relief, and attorneys' fees, on behalf of a class of Illinois residents "whose names, photographs, images, and/or likenesses were extracted from yearbooks by Classmates and placed on the Classmates website as part of its Yearbook Collection, without Classmates obtaining their consent." (*Id.* ¶¶ 48, 55–78.)

Loendorf filed her class-action complaint against PeopleConnect in this district on February 2, 2021. (No. 1:21-cv-00610.) Like the Bonilla complaint, the Loendorf complaint alleges that PeopleConnect displays Loendorf's name and likeness from her high school yearbook without her consent to entice consumers into purchasing subscriptions to the Classmates website. ("Loendorf Complaint," attached, hereto, as Exhibit A, ¶¶ 7–13.)

Loendorf asserts just one claim, for violation of the Illinois Right of Publicity Act, which is identical to Bonilla's first cause of action. (*Id.* ¶¶ 36–42.) Loendorf seeks economic, non-economic, and punitive damages, injunctive relief, and attorneys' fees on behalf of a class of "all

2

Illinois residents who have appeared in the an advertisement preview for a Classmates product." (Loendorf Compl. ¶¶ 30, 36-42.)

## ARGUMENT

The Loendorf Action should be reassigned to this Court under Local Rule 40.4 because it satisfies two separate measures of relatedness to the Bonilla Action, and reassignment would promote efficiency as required by the Local Rules. The two actions should also be consolidated under Federal Rule of Civil Procedure 42. Consolidation is the Seventh Circuit's preferred practice for managing related cases and, here, would be the most efficient process for handling PeopleConnect's anticipated Motion to Compel Arbitration, and any future litigation should such motion be denied.

### I. The Loendorf Action Should be Reassigned to this Court.

"Local Rule 40.4. allows for the reassignment of two or more related actions where: (1) the court finds that the definition of relatedness in L.R. 40.4(a) is met; and (2) each of L.R. 40.4(b)'s four criteria are satisfied." *Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*, No. 20 CV 2523, 2020 WL 8367421, at *2 (N.D. Ill. Sept. 4, 2020) (citing L.R. 40.4.) Reassignment of the Loendorf Action is warranted because both conditions are satisfied.

#### A. The Bonilla and Loendorf Actions Are Related Under Local Rule 40.4(a).

"Under Local Rule 40.4(a), two civil cases are related if *one* or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." *Pactiv Corp. v. Multisorb Techs., Inc.,* 2011 WL 686813, at *4 (N.D. Ill. Feb. 15, 2011) (emphasis added); LR 40.4(a). At least two of these conditions are met here.

*First,* the two actions "involve the same issues of fact or law." *Pactiv Corp.*, 2011 WL 686813, at *4. This is a low threshold. Indeed, "[i]f some of the same issues of fact or law are common, that can be sufficient to establish relatedness." *Glob. Patent Holdings, LLC v. Green Bay Packers, Inc.,* 2008 WL 1848142, at *3 (N.D. Ill. Apr. 23, 2008). Here, the Bonilla and Loendorf actions involve almost *identical* issues of fact and law. The lawsuits both assert that PeopleConnect violated the Illinois Right of Publicity Act by using the Plaintiffs' names and likenesses without their consent to advertise paid memberships to the Classmates website. (Bonilla Compl. ¶¶ 25, 29, 55–77; Loendorf Compl. ¶¶ 7–13, 3642.) Bonilla's additional causes of action all stem from this same alleged conduct. (Bonilla Compl. ¶¶ 55–77.) For this reason alone, the actions are "related" under Local Rule 40.4(a)(2).

*Second,* "one or more of the classes involved in the cases is or are the same." *Pactiv Corp.*, 2011 WL 686813, at *4. Again, courts have articulated a low threshold for this standard—it is satisfied as long as the two classes "do not materially differ." *Sha-Poppin Gourmet Popcorn*, 2020 WL 8367421, at *2. Loendorf purports to represent a class of all Illinois residents who appear in a Classmates advertisement. (Loendorf Comp. ¶ 30.) Bonilla purports to represent a similar class of all Illinois residents who appear on the Classmates website without their consent. (Bonilla Compl. ¶ 48.) Because the Loendorf class overlaps with (and is in fact subsumed by) the Bonilla class, the two classes do not "materially differ" and the two actions are related for purposes of Local Rule 40.4(a). *McCarter v. Kovitz Shifrin Nesbit*, No. 13 C 3909, 2015 WL 74069, at *6 (N.D. Ill. Jan. 5, 2015) (finding two cases with "overlapping classes" related under L. R. 40.4(a)(4)).

### B. Reassignment Would Promote Efficiency as Required by Local Rule 40.4(b).

When two cases are related, as the Bonilla and Loendorf Actions are here, Local Rule 40.4(c) permits reassignment of the later-filed action to the judge presiding over the lower-

4

numbered action if: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." LR 40.4(b); *see also Sha-Poppin Gourmet Popcorn, LLC*, 2020 WL 8367421, at *3 ("The Seventh Circuit has been critical of district courts for failing to reassign cases presenting overlapping issues and parties."). All four factors are satisfied here.

*First*, both case are pending in the Northern District of Illinois. (*See* No. 1:21-cv-00051; No. 1:21-cv-00610.)

*Second*, reassignment of the Loendorf Action will save substantial judicial time and effort. As discussed above, both actions involve the same defendant, the same website, the same violation of the Illinois Right of Publicity Act, and the same requested relief. In both cases, PeopleConnect intends to bring a Rule 12 motion to compel arbitration based on the Terms of Use accepted by the Plaintiffs and/or their agents, or alternatively to dismiss the case for failure to state a claim. "It would be a waste of limited judicial resources to require two judges to expend the time and effort necessary to understand the [legal and] factual issues involved in both cases when it could simply be handled by one judge." *Helferich,* 2012 WL 1368193, at *3. And "absent reassignment" of the Loendorf Action to this Court, "another [judge] will be required to invest similar time and effort." *Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, L*LC, No. 18-CV-6109, 2019 WL 2515984, at *3 (N.D. Ill. June 18, 2019).

*Third*, both cases were filed recently and neither has proceeded beyond the pleadings stage; indeed, PeopleConnect has neither answered nor otherwise responded to either complaint, "no discovery has been conducted," and "little judicial effort has been expended thus far." *Glob. Patent*

5

*Holdings,* 2008 WL 1848142, at *4; *see also KPASA, LLC v. United States,* 2004 WL 1144053, at *2 (N.D. Ill. May 17, 2004) (finding "no delay will result from consolidation and reassignment" where "all three cases are at precisely the same stage of litigation").

*Fourth*, both cases are susceptible of disposition in a single proceeding. This condition "does not require that the cases be completely identical to permit reassignment;" rather, the cases must simply have "fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings." *Pactiv,* 2011 WL 686813, at *5. The presence of additional causes of action in one complaint is not disqualifying if the "overwhelming factual and legal issues presented" revolve around one incident. *Freeman v. Bogusiewiz*, No. 03 C 2908, 2004 WL 1879045, at *2 (N.D. Ill. Aug. 11, 2004). As explained above, the actions involve identical legal claims and overlapping classes and seek the same damages and injunctive relief for the alleged misuse of the Plaintiffs' likenesses on the Classmates website. In light of the legal and factual unity between the two cases, the actions are susceptible to disposition in a single proceeding and the Loendorf Action should therefore be reassigned to this Court. *See, e.g., id.*

### C. Reassignment Is Not Premature.

Local Rule 40.4 provides that, "[i]n order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, [motions to reassign] should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." LR 40.4(c). As courts in this district have recognized, this rule "does not require that [the defendants] answer or otherwise plead first." *Urban 8 Fox Lake Corp.* 2019 WL 2515984, at *4; *see also Freeman,* 2004 WL 1879045, at *1. In *Freeman,* for example, the court granted the defendants' motion to reassign before the defendants answered either complaint in the two underlying proceedings. 2004 WL 1879045, at *1. Indeed, the Bonilla Action, in which

6

PeopleConnect has not yet answered or otherwise responded to the complaint, was reassigned to this Court on March 2, 2021. Reassignment of the Loendorf Action is thus not premature.

## II. The Bonilla And Loendorf Actions Should Be Consolidated.

In addition to being reassigned to this Court, the Loendorf Action should be consolidated with the above-captioned case under Rule 42 of the Federal Rules of Civil Procedure.

The Seventh Circuit has instructed that consolidation is "by far the best means of avoiding wasteful overlap when related suits are pending in the same court." *Blair v. Equifax Check Servs., Inc.,* 181 F.3d 832, 839 (7th Cir. 1999); *see also Blocker,* 2011 WL 1004137, at *2 ("The Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap."). Consolidation is permitted if two cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). This is a low threshold: even one common issue of fact or law is enough. *See id.* (providing that the court may consolidate two actions if they involve "*a* common question of law or fact" (emphasis added)). Moreover, courts in this district have often ordered reassignment and consolidation at the same time. *See, e.g., Blocker,* 2011 WL 1004137, at *3; *Pactiv,* 2011 WL 686813, at *5; *KPASA,* 2004 WL 1144053, at *5.

As explained above, the Bonilla and Loendorf actions—which were brought against the same Defendant on behalf of overlapping putative classes—are based on the common factual allegation that the Plaintiff's likenesses, taken from their high school yearbooks, appear on the Classmates website without the Plaintiffs' consent. The actions involve overlapping causes of action and therefore raise identical questions of laws. Accordingly, consolidation of these cases is warranted. *See, e.g., Int'l Bhd. of Teamsters Local 734 Health & Welfare Tr. Fund v. Phillip Morris, Inc.*, 34 F. Supp. 2d 656, 659 n.2 (N.D. Ill. 1998) (noting that cases were reassigned and

7

consolidated because both "raise[d] completely identical questions of law and fact involving the same defendant"); *Ladenberger v. Nat'l Tech. Transfer, Inc.,* 2000 WL 1349247, at *2 (N.D. Ill. Sept. 19, 2000) (consolidating copyright and breach of contract case with later case asserting tort claims because "the factual scenario is similar and the legal issues are related," even where "the issues of law are not identical").

## CONCLUSION

For the reasons set forth above, PeopleConnect respectfully requests that *Loendorf v. PeopleConnect et al.*, No. 1:21-cv-00610, be reassigned to this Court and consolidated with the above-captioned matter.

Dated: March 3, 2021                    Respectfully submitted,

PEOPLECONNECT, INC.

By: */s/ Wade A. Thomson*

Wade A. Thomson, #6282174
Debbie L. Berman, #6205154
Clifford W. Berlow, #6292383
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
wthomson@jenner.com
dberman@jenner.com
cberlow@jenner.com

Ian Heath Gershengorn (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412
Telephone: 202 639-6000
Facsimile: 202 639-6066
igershengorn@jenner.com

*Attorneys for Defendant PeopleConnect, Inc.*

## CERTIFICATE OF SERVICE

I, Wade A. Thomson, certify that on March 3, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ *Wade A. Thomson*