# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PEOPLECONNECT, INC., a Delaware Corporation; PEOPLECONNECT INC., a California Corporation; CLASSMATES MEDIA CORPORATION, a Delaware Corporation, <br><br> Defendants. | Case No. 1:21-cv-00051 <br><br> Hon. Judge Virginia M. Kendall <br><br> Magistrate Judge Gabriel A. Fuentes |
| THERESA LOENDORF, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PEOPLECONNECT, INC., a Delaware Corporation; CLASSMATES MEDIA CORPORATION, a Delaware Corporation, <br><br> Defendants. | Case No. 1:21-cv-00610 <br><br> Hon. Judge Virginia M. Kendall <br><br> Magistrate Judge Gabriel A. Fuentes |

## DEFENDANT'S CONSOLIDATED MOTION TO DISMISS BONILLA'S AND LOENDORF'S COMPLAINTS

PeopleConnect, Inc. moves to dismiss Plaintiffs' Class Action Complaints. The Court should dismiss the complaint under Federal Rule of Civil Procedure 12(b)(3) because Plaintiffs agreed to arbitrate their claims against Defendant. If the Court does not dismiss the complaint under Rule 12(b)(3), the Court should dismiss the complaint under Rule 12(b)(2) because Plaintiffs

have failed to plead that this Court has personal jurisdiction over Defendant. If the Court does not dismiss the complaints on either of these bases, the Court should dismiss the complaint with prejudice under Rule 12(b)(6) because (1) the claims are barred by Section 230 of the Communications Decency Act; (2) Section 301 of the Copyright Act preempts Plaintiffs' claims; (3) Plaintiffs have not pleaded all the elements of any claim as required under Rule 12(b)(6), nor has Plaintiff Bonilla pleaded the elements of an Illinois Consumer Fraud and Deceptive Business Practice Act claim, 815 ILCS 505/1 *et seq.*, with the requisite particularity under Rule 9(b); and (4) Plaintiffs' claims fun afoul of both the First Amendment and Dormant Commerce Clause. For the reasons set forth above and in the accompanying memorandum in support of this motion, Defendants respectfully move to dismiss the complaint with prejudice.

Dated: April 5, 2021

Respectfully Submitted,

PEOPLECONNECT, INC.

By: */s/ Wade A. Thomson*

Wade A. Thomson, #6282174
Debbie L. Berman, #6205154
Clifford W. Berlow, #6292383
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
wthomson@jenner.com
dberman@jenner.com
cberlow@jenner.com

Ian Heath Gershengorn (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412
Telephone: 202 639-6000
Facsimile: 202 639-6066
igershengorn@jenner.com

*Attorneys for Defendants PeopleConnect, Inc.*

## CERTIFICATE OF SERVICE

I, Wade A. Thomson, certify that on April 5, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ *Wade A. Thomson*
Wade A. Thomson