**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated, | Case Nos:   1:21-cv-00051 |
| Plaintiff, | 1:21-cv-00610 |
| v. | |
| PEOPLECONNECT, INC., a Delaware Corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |
| THERESA LOENDORF, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | |
| PEOPLECONNECT, INC., a Delaware Corporation; | |
| Defendant. | |

**CONSOLIDATED CLASS ACTION COMPLAINT
FOR VIOLATION OF 765 ILCS 1075/1 *et seq.* AND 815 ILCS 505/1 *et seq.*;
<u>INTRUSION UPON SECLUSION; UNJUST ENRICHMENT</u>**

Plaintiffs SERGIO BONILLA and THERESA LOENDORF ("Plaintiffs"), by and

through their attorneys, makes the following allegations on information and belief, except as to

factual allegations pertaining to Plaintiffs, which are based on personal knowledge.

## INTRODUCTION

1.      Plaintiffs bring this class action complaint against PEOPLECONNECT, INC., which owns and operates the website Classmates.com, [1] for willfully misappropriating the photographs, likenesses, images, and names of Plaintiffs and the class; willfully using those photographs, likenesses, images, and names to advertise monthly subscription plans and yearbook reprints; and willfully selling access to those photographs, likenesses, images, and names as part of its products; without obtaining prior consent from Plaintiffs and the class.

2.      Classmates' business model relies on extracting personal information from school yearbooks, including names, photographs, schools attended, and other biographical information. Classmates digitally scanned and extracted the names and photographs of millions of students, then created a database on which users may search by name and location for the photograph of any student. Classmates uses student names and photographs to advertise and promote website subscriptions costing $3 per month, and reprinted yearbook copies costing $99.95. Classmates advertises by providing limited access to low-resolution versions of student photographs for free on its website. Users who click to see a higher-resolution photograph, or who attempt to view more than two student photographs, are presented with messages soliciting the purchase of yearbook reprints and monthly subscription plans.

3.      Although Classmates uses individual student names and photographs to advertise its products, the products themselves are far broader than access to the individual student's photograph. When users purchase a monthly subscription to Classmates.com, they receive: full-resolution access to millions of student photographs from hundreds of thousands of yearbooks; the ability to search for school friends by their current location; visibility into who has visited the subscriber's profile; and the ability to read and reply all messages sent by other Classmates

_____

[1] Plaintiffs refer to Defendant PeopleConnect, Inc. and Classmates.com collectively as "Classmates."

2

subscribers. Similarly, when users purchase a reprinted yearbook, the receive many pages of content about an entire school, not just the student whose photograph Classmates showed in connection with on-site advertising messages.

4.      Classmates also profits directly from its display of student names and photographs – even when the viewer does not purchase a monthly subscription or reprinted yearbook – by selling ad space on its website.

5.      According to the Classmates.com website, Classmates' Yearbook Collection contains records copied from over 400 thousand yearbooks. While Classmates does not publish figures about the total number of records in the Collection and does not breakdown the number of yearbooks in its collection by state, it is likely the Collection contains records corresponding to millions of Illinoisans.

6.      Classmates has not received consent from, given notice to, or provided compensation to the millions of Illinoisans whose names, photographs, biographical information, and images appear in its Classmates Yearbook Collection.

7.      The names, photographs, cities of residence, schools attended, likenesses, and images contained in the Classmates Yearbook Collection uniquely identify specific individuals.

8.      Classmates uses the names, photographs, cities of residence, schools attended, likenesses, and images in its Classmates Yearbook Collection for the commercial purpose of advertising and promoting the sale of reprinted yearbooks, which retail for up to $99.95, and its "CM+" subscription plan, which retails for up to $3 per month.

9.      Classmates uses the names, photographs, cities of residence, schools attended, likenesses, and images in its Classmates Yearbook Collection for the commercial purpose of advertising and promoting the free version of its website, which is available to both unregistered users and registered non-paying users. Classmates derives profit from the free version of its website by (1) selling ads on its website; (2) driving users of the free version to purchase its paid products and services; and (3) on information and belief, selling the personal information it collects from registered and unregistered users to third parties.

10. Classmates uses the names, photographs, cities of residence, schools attended, and identities in its Classmates Yearbook Collection on its products, and in connection with the offering for sale of its products, by (1) selling reprinted yearbooks that contain the records; (2) selling access to the records to paying subscribers via its "CM+" online membership plan; and (3) including these records on the free version of its website that is available to unregistered users and registered non-paying users.

11. By misappropriating and misusing millions of Illinoisan's names, photographs, images, and likenesses without consent, Classmates has harmed Plaintiff and the class by: (1) taking their intellectual property without compensation and denying them the economic value of their likenesses; (2) violating their statutorily protected right "to control and to choose whether and how" their identities are used, 765 ILCS 1075/10; (3) invading their privacy and violating their common law right to seclusion; and (4) causing them to lose time investigating the mis-use of their likenesses. By profiting from their likenesses through selling printed yearbooks, subscription membership plans, and ad space on its website, Classmates has earned ill-gotten profits and been unjustly enriched.

12. These practices, as further detailed in this complaint, violate the Illinois right to publicity as codified in 765 ILCS 1075/1 *et seq.*; the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*; Illinois common law protecting against Intrusion Upon Seclusion; and Illinois common law protecting against Unjust Enrichment.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), because: (A) members of the putative class are citizens of a state different from at least one defendant. According to available public records, defendant PeopleConnect Inc. is incorporated in Delaware and has its principal place of business in Seattle, Washington. The class members are residents of Illinois. (B) The proposed class consists of at least 100 members. Classmates advertises that its Classmates Yearbook Collection comprises records collected from "over 400,000 yearbooks." While Classmates does not publish statistics

concerning the total number of records in each yearbook, or a breakdown by state, a conservative estimate would place the number of individual records corresponding to Illinoisans in the millions. And (C) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. 765 ILCS 1075/1 *et seq.* provides for damages equal to the greater of $1,000 per violation or the actual damages suffered by the Plaintiffs, plus exemplary and/or punitive damages in the case of knowing use without consent. Given millions of likely records in Illinois, the amount in controversy is well over the jurisdictional amount.

14. This Court has personal jurisdiction over the claims of Plaintiffs and the non-named class members. Classmates has purposefully conducted business activities in Illinois, and this lawsuit arises directly from its activities in Illinois.

15. Classmates knowingly searches for and obtains yearbooks and other records containing the personal information of Illinois residents. Classmates has collected tens of thousands of yearbooks from Illinois schools, whose alumni it knows are highly likely to live in Illinois. This lawsuit arises from Classmates' practice of acquiring names and photographs of Illinois residents with the specific intent of selling access to that information and using that information to advertise monthly subscriptions and yearbook reprints.

16. Classmates knowingly markets and advertises its products and services to Illinois residents. The yearbook search function allows users to limit their searches to encompass only Illinois schools. Upon accessing the website for the first time, the very first screen users see asks

them to specify which state they attended high school. Illinois is listed as an option:



17.     Classmates' marketing and advertising to Illinois residents is directly related to the claims in this lawsuit. Classmates encourages users of the free version of its website to search for people from their own high school. In other words, it uses free limited access to names and photographs from Illinois high schools primarily to advertise to people <u>who attended those same Illinois high schools</u>, and are themselves highly likely to be Illinois residents.

18.     Although Plaintiffs cannot know precise figures without discovery, upon information and belief, Classmates has many thousands of monthly subscribers who are Illinois residents, many of whom subscribed after seeing free previews featuring Illinois residents. Classmates has also shipped many reprinted yearbooks to customers in Illinois, many of whom made purchases after seeing free previews featuring Illinois residents. And it has displayed on-site ads to millions of website users in Illinois, many of whom were viewing free previews featuring Illinois residents.

19.     The harms alleged in this lawsuit were all felt in Illinois. This includes the denial of Illinoisan's statutory rights to control their likenesses, the taking of Illinoisan's likenesses without economic compensation, and the denial of Illinoisan's common law right to freedom

from intrusion upon seclusion.

20.     PeopleConnect knows its business activities in Illinois subject it to the jurisdiction of Illinois courts. PeopleConnect owns several websites with similar business practices, including Classmates.com, Intelius.com, and InstantCheckmate.com, all of which have been the subject of lawsuits in Illinois. This includes a recent lawsuit against InstantCheckmate alleging violations of the IRPA in which a court in this District rejected PeopleConnect's argument against personal jurisdiction, *Lukis v. Whitepages Inc.*, 454 F. Supp. 3d 746 (N.D. Ill. 2020); and a lawsuit brought by the Attorney General of Illinois against Classmates alleging deceptive marketing practices.[2]

21.     Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this district. A substantial portion of the class members reside in this state and district. Named Plaintiffs Sergio Bonilla and Theresa Loendorf both reside in this district.

### INTRADISTRICT VENUE

22.     Venue in this Division of the District is proper because a substantial part of the events or omissions which give rise to the claim occurred in this division. Plaintiff Sergio Bonilla resides in Lake County. Plaintiff Theresa Loendorf resides in Buffalo Grove, a village on the border between Lake and Cook Counties.

### PARTIES

**Defendant Classmates**

23.     Defendant PEOPLECONNECT, INC. is a Delaware corporation with its headquarters in Seattle, Washington. It conducts business under the brand names "Classmates.com," "Classmates," and other brand names associated with the various website and services it owns and operates, including "Intelius" and "InstantCheckmate." It conducts business throughout this district, Illinois, and the United States. PeopleConnect, Inc. owns and operates

---

[2] *See https://illinoisattorneygeneral.gov/pressroom/2015_05/20150526.html*

the website Classmates.com.

**Plaintiff Sergio Bonilla**

24.     Plaintiff Sergio Bonilla is a resident of Great Lakes, Illinois. Mr. Bonilla is not a subscriber of any Classmates products or services, is not currently subject to any Terms of Service or any other agreement with Classmates, and has no current relationship with Classmates.

25.     Mr. Bonilla has not provided consent to Classmates, written or otherwise, for the use of his name, photograph, or likeness.

26.     Mr. Bonilla created a registered, non-paying user account with Classmates.com at some point in the past. To the best of his recollection, he created the account somewhere between fifteen and twenty years ago.

27.     Mr. Bonilla's name and photograph has economic value, as demonstrated by Classmates' commercial exploitation of his identity and likeness. His identity is also valuable to other online advertisers.

28.     To the best of his recollection, at the time he used Classmates.com, there were no records corresponding to Mr. Bonilla in the Classmates Yearbook Collection or anywhere else on the Classmates.com website. Mr. Bonilla first became aware that his personal information and photograph are being used by Classmates through the investigation of this lawsuit.

29.     Mr. Bonilla does not recall being shown or agreeing to any Terms of Service or other agreement related to his past use of Classmates.com. To the extent this court determines he implicitly agreed to a Terms of Service or other agreement with Classmates.com at the time he used the website, that agreement has expired after an extended period in which Mr. Bonilla did not use Classmates.com.

30.     Plaintiffs' counsel researched publicly available archival records to determine that at least as late as August 2013, the Terms of Service agreement accessible on the Classmates.com website did not contain an arbitration clause or a class action waiver. Accordingly, at the time Mr. Bonilla created his account, the Terms of Service did not include an arbitration clause or class action waiver. Upon information and belief, when Classmates amended its Terms of Service

to include an arbitration clause, it did not present or display the amended terms to Mr. Bonilla, nor did it require Mr. Bonilla to review and approve the amended terms to continue using Classmates.com.

31.     Classmates' Yearbook Collection contains two records corresponding to Mr. Bonilla, both from a 1995 yearbook from Central High School in Omaha, Nebraska, where Mr. Bonilla attended school. The records uniquely identify Mr. Bonilla. Both records include his full name and clearly identify his place of residence and school he attended. One of the records includes a photograph in which Mr. Bonilla's face is plainly visible and identifiable. This record also identifies Mr. Bonilla's participation on the school swim team. The photograph from this record is reproduced as a screen capture below. To protect their privacy, throughout this complaint Plaintiffs' counsel have employed photo-editing software to obscure Mr. Bonilla's face and the names and images of other students at Central High School. In the original record Classmates created and is currently using, Mr. Bonilla's face is plainly visible and identifiable.



32.     Classmates has and continues to use the record containing Mr. Bonilla's name, photograph, image, and likeness for the commercial purpose of advertising and promoting the purchase of paid subscriptions to its "CM+" membership plan. Users may search for and view records containing Mr. Bonilla's name, photograph, and likeness. For unregistered users and

registered non-paying users, Classmates displays both the requested records and at least two forms of advertisement designed to solicit the purchase of a paid subscription to Classmates for a price ranging from $1.50 to $3 per month. First, adjacent to the list with the record containing Mr. Bonilla's name, photograph, image, and likeness, Classmates displays an advertisement prompting the user that "Get everything Classmates has to offer for as low as $1.23 a month" and promising several benefits to paying subscribers, including discounted prices on yearbook reprints. Users who click the link are brought to a page soliciting the purchase of a paid subscription membership.



33.     Second, unregistered users are initially shown a low-resolution version of Mr. Bonilla's photograph. Unregistered users who click on Mr. Bonilla's photograph looking for a higher-resolution version are shown a pop-up asking them to register in order to view "full-size yearbooks."



34.     Once users have entered the requested information, Classmates displays a second screen soliciting the purchase of a paid subscription plan, for prices ranging from $1.50 to $3. Although users do not have to pay for a subscription to view full-resolution records, Classmates does everything in its power to obscure this and make the user believe they must pay to continue. The screen is visually dominated by prompts asking users to select a paid plan and enter credit card or other payment information. A link titled "No thanks" written in miniscule font at the far top right corner of the page is the only indication users may proceed without paying money.



35.     Classmates has and continues to use the records containing Mr. Bonilla's name, photograph, image, and likeness for the commercial purpose of advertising and promoting the purchase of reprinted yearbooks. Users of the Classmates.com website are encouraged to enter the names of "friends, family, coworkers or your favorite celebrities" into a search bar. The search bar is accompanied by a banner advertisement for a monthly subscription to Classmates.com at a reduced price of $1.23 per month.



36.     Users who enter Mr. Bonilla's name receive in response a list showing the records in the Classmates' Yearbook Collection corresponding to Mr. Bonilla. All Classmates users may search for Mr. Bonilla's name and view this list, including unregistered users, registered non-paying users, and paying subscribers.



37.     When users click to view any of the records corresponding to Mr. Bonilla,

Classmates displays at least two forms of advertisement encouraging them to buy a copy of a

reprinted yearbook containing Mr. Bonilla's name, image, photograph, and likeness. First,

Classmates displays a page showing the photograph of Mr. Bonilla and his name, accompanied

by a link marked "Own this yearbook today," which leads to a page soliciting the purchase of the

yearbook for $99.95. In the original record Classmates created and is currently using, Mr.

Bonilla's face is plainly visible and identifiable.



38.     Second, for users who do not click the link but instead continue to browse through Mr. Bonilla's photographs, upon their third attempt to load a photograph, Classmates displays a pop-up window prompting the user to "Buy now" a "Hardcover Reprint" of the yearbook containing Mr. Bonilla's name, photograph, and likeness for $99.95.



39.     Classmates has and continues to use the record containing Mr. Bonilla's name, photograph, image, and likeness for the commercial purpose of advertising registered memberships on its website. Registered memberships are free of charge, but registered users must provide personal information including their high school, year of graduation, name, and email address. Classmates earns money from registered members by displaying targeted ads on its website. Upon information and belief, Classmates also earns money from registered members by selling their personal information to third parties.

40.     Users may search for and view records containing Mr. Bonilla's name,

photograph, image, and likeness. Unregistered users are initially shown low-resolution versions of Mr. Bonilla's photographs. Unregistered users who click on a photograph of Mr. Bonilla looking for a "zoomed-in" higher-resolution version are shown a pop-up soliciting them to register and promising that registration will bring benefits including "access to all yearbooks" and the ability to view "full-sized yearbooks."

41.     Classmates' sole purpose in offering free limited access to a low-resolution version of Mr. Bonilla's photograph is to advertise and promote the purchase of its products and services, including its yearbook reprints, paid subscription "CM+" membership plan, and non-paying registered membership plan.

42.     The products Classmates advertises using Mr. Bonilla's name and photograph, including paid subscription plans and yearbook reprints, offer far more than access to Mr. Bonilla's photograph. Indeed, access to Mr. Bonilla's photograph cannot be what purchasers of a monthly subscription plan are paying for, since the full-resolution version of his photograph is available for free to registered non-paying users. Instead, the value of a paying monthly subscription as advertised by Classmates includes: the ability to see who visited your profile; the ability to search for students by current location; a 20% discount on yearbook reprints; and the ability to read and reply to messages from other Classmates members.

43.     Classmates has and continues to knowingly use Mr. Bonilla's name, photograph, image, and likeness on its products, and in connection with the offering for sale of its products, by (1) selling reprinted yearbooks that contain Mr. Bonilla's name, photograph, image, and likeness; (2) selling access to online records containing Mr. Bonilla's name, photograph, image, and likeness to paying subscribers of its CM+ membership plan; and (3) including online records containing Mr. Bonilla's name, photograph, and likeness on the free version of its website available to unregistered users and registered non-paying users.

44.     Through its actions, Classmates has caused harm to Mr. Bonilla by depriving him the fair economic value of his likeness; violating his exclusive right to control his likeness; and violating his right to freedom from intrusion upon seclusion. Classmates has earned ill-gotten

profits and been unjustly enriched through its use of Mr. Bonilla's name, photograph, image, and likeness.

## PLAINTIFF THERESA LOENDORF

45.     Plaintiff Theresa Loendorf is a citizen of Illinois who resides in Buffalo Grove, Illinois.

46.     Ms. Loendorf discovered that Classmates uses her name and photo in advertisements on the Classmates website to advertise and promote Defendant's products and services. The advertisements Ms. Loendorf discovered were the same or substantially similar to those shown below.

47.     The personal information about Ms. Loendorf's displayed on Classmates uniquely identifies her. It includes her name, photograph, and accurate biographical details including the school she attended.

48.     Ms. Loendorf never provided Classmates with consent to use any attribute of her identity in any advertisement or for any commercial purposes.

49.     Ms. Loendorf is not and has never been a Classmates customer. She has no relationship with Classmates whatsoever.

50.     Ms. Loendorf's injury has primarily been felt in Illinois.

51.     As the subject of a commercial transaction, Ms. Loendorf's personal identifiable information disclosed by Classmates has economic value. These aspects of Plaintiff's identity are valuable to online advertisers among others.

52.     Ms. Loendorf has not been compensated by Classmates in any way for its use of her identity.

53.     Upon accessing Classmates' website, the public-at-large is free to search Classmates' yearbook database for any student or any school.

54.     After entering this information, any public user of Classmates' website is provided with a listing of search results. The search results provide a limited, low-resolution free preview of student photographs.

55.     As shown in the images below, the free previews delivered in response to a search for Ms. Loendorf include her name and photograph:



56.     As shown in the above, Classmates' free preview and search function provides enough information to identify an individual.

57.     The purpose behind Classmates' free preview and search function is clear: to entice users to purchase Defendant's services. These enticements are clear in the screenshots below:



  

58.     When a user selects "Upgrade Your Membership" in the images above (while Ms. Loendorf's name and photograph is prominently displayed), users are given an offer to sign up for Classmates' monthly subscription service whereby a user is able to "keep in touch" with other classmates.

59.     Classmates' most popular monthly subscription costs $3 per month.

60.     Classmates thus uses Ms. Loendorf's name to advertise monthly subscriptions to its website. A monthly subscription to Classmates includes much more than access to Ms. Loendorf's name and likeness. Indeed, access to Ms. Loendorf's photographs cannot be what purchasers of a monthly subscription plan are paying for, since full-resolution versions of her photographs are available for free to registered non-paying users. Instead, the value of a paying monthly subscription as advertised by Classmates includes: the ability to see who visited your profile; the ability to search for students by current location; a 20% discount on yearbook reprints; and the ability to read and reply to messages from other Classmates members.

61.     The Illinois Right of Publicity Act ("IRPA") states that: "A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person or persons."  765 ILCS 1075/30.

62.     Ms. Loendorf never provided Classmates with written consent to use her identity in Classmates' advertisements. As detailed above, Classmates uses class members' identities to advertise its for-profit services. Thus, Classmates violates IRPA, 765 ILCS 1075/1, *et seq*.

## STATEMENT OF COMMON FACTS

63.     Classmates' business model relies on collecting personal information from hundreds of thousands of school yearbooks. Classmates scans yearbooks into a digital format, then extracts personal information including names, photographs, schools attended, years of attendance, cities of residence, and biographical details. Classmates aggregates the extracted information into digital records associated with specific individuals. Classmates then uses the records to advertise and sell its products and services. Those products and services include reprinted yearbooks, which Classmates sells for up to $99.95, and subscription memberships to the website Classmates.com, which Classmates sells for up to $3 per month.

64.     According to the Classmates.com website, Classmates' Yearbook Collection contains records copied from over 400 thousand yearbooks. While Classmates does not publish figures about the total number of records in the Collection or a breakdown by state, it is likely the class includes millions of Illinoisans whose names, photographs, and likenesses appear in the Classmates Yearbook Collection.

65.     Classmates did not ask consent from, given notice to, or provide compensation to Plaintiffs or the class before using their names, photographs, and biographical information.

66.     Classmates does not own or obtain licenses to any of the yearbooks in its database.

67.     The authors of the yearbooks in Classmates' database gave no indication they intended their content to be published online, by Classmates or anyone else. In many cases the yearbooks in Classmates' database have publication dates pre-dating the wide-spread use of the Internet.

68.     Classmates makes no attempt to contact yearbook authors to verify whether they wish the content they created to be published online, nor whether they object to Classmates' use of copyrighted material.

69.     The names, photographs, cities of residence, likeness, and identities that Classmates aggregates into individual records uniquely identify specific individuals.

70.     Classmates uses the names, photographs, images, and likenesses of Plaintiff and the class for the commercial purpose of advertising and promoting the purchase of its products and services, including (1) reprinted yearbooks; (2) its "CM+" subscription membership; and (3) the free version of its website, from which Classmates profits by selling targeted advertisements and driving users to its paid products and subscriptions.

71.     Classmates employs a variety of advertising techniques through which it exploits the names, photographs, images, and likenesses of Plaintiff and the class, many of which are detailed in the Plaintiff-specific portion of this complaint. Across all the advertising techniques it uses, Classmates seeks to translate its users' interest in seeing pictures of and learning personal details about Plaintiff and the class, into the purchase of a Classmates product or service, or the use of a website from which Classmates derives revenue.

72.     Classmates makes no attempt to contact or gain the consent of the people whose names, photographs, likenesses, biographical information, and identifies appear in a donated yearbook.

73.     The vast majority of people whose personal information Classmates has digitally extracted and aggregated in its Classmates Yearbook Collection have no business relationship with Classmates, are not Classmates subscribers, and are not subject to a Terms of Service or any other agreement with Classmates.

74.     Through its actions, Classmates has caused harm to Plaintiffs and the class by depriving them the fair economic value of their likenesses; violating their exclusive rights to control their likenesses; and violating their rights to freedom from intrusion upon seclusion. Classmates has earned ill-gotten profits and been unjustly enriched through its use of the names, photographs, images, and likenesses of Plaintiffs and the class.

75.     Classmates' willful misappropriation of identities, including names, photographs, images, likenesses, and other personal information, and commercial use of those identities in selling and advertising its products and services, violate Illinois' statute protecting the right to publicity, 765 ILCS 1075/1 *et seq.*; Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*; Illinois common law protection against intrusion upon seclusion; and Illinois common law protecting against unjust enrichment.

## CLASS ALLEGATIONS

76.     Plaintiffs bring this complaint on behalf of themselves and a class of all Illinois residents who (a) are not currently subscribers of any Classmates services, (b) have never donated a yearbook to Classmates, and (c) whose names, photographs, images, and/or likenesses were extracted from yearbooks by Classmates and placed on the Classmates website as part of its Yearbook Collection, without Classmates obtaining their consent. Excluded from the class are (a) Plaintiff's counsel; (b) Classmates, its officers and directors, counsel, successors and assigns; (c) any entity in which Classmates has a controlling interest; and (d) the judge to whom this case is assigned and the judge's immediate family.

77.     The members of the proposed class are so numerous that joinder of individual claims is impracticable. Classmates represents that its Yearbook Collection contains records from over 400,000 yearbooks in the United States. Each yearbook contains the names and likeness of hundreds, sometimes thousands of individuals. Even accounting for the fact that only a portion of the yearbooks are from Illinois, that some individuals in Classmates' database are deceased or no longer reside in Illinois, and that the class excludes current Classmates subscribers (Classmates has about 4 million subscribers worldwide), the class likely numbers in the millions.

78.     There are significant questions of fact and law common to the members of the class. These issues include:

> a.  Whether Classmates' extraction and aggregation of personal information about Plaintiffs and the class members, including names, yearbook photographs,

yearbook years, cities of residence, schools attended, and interest and hobbies, in its Classmates Yearbook Collection, and selling of that information via reprinted yearbooks and paid subscription plans, constitute the use of individuals' identities for commercial purposes without previous written consent within the meaning of 765 ILCS 1075/1 *et seq.*;

b. Whether Classmates' extraction and aggregation of personal information about Plaintiffs and the class members, including names, yearbook photographs, yearbook years, cities of residence, schools attended, and interests and hobbies, and use of that information in the advertising techniques described in this complaint, constitutes the use of individuals' identities for commercial purposes without previous written consent within the meaning of 765 ILCS 1075/1 *et seq.*;

c. Whether Plaintiffs and the class consented to the use of their names, photographs, images, and likenesses in Classmates products and advertisements;

d. Whether Classmates' use of identities, names, photographs, images, and likenesses constitutes a use for non-commercial purposes such as news or public affairs within the meaning of 765 ILCS 1075/35;

e. Whether Classmates' commercial use of the names, photographs, images, and likenesses of Plaintiffs and the class was willful such that Plaintiffs and the class are entitled to punitive damages;

f. Whether Classmates' conduct as described in this complaint violated Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*;

g. Whether Classmates was unjustly enriched as a result of the conduct described in this complaint; and

h. Whether class members are entitled to injunctive, declaratory and monetary relief as a result of Classmates' conduct as described in this complaint.

79. Plaintiffs' claims are typical of those of the proposed class. Plaintiffs and all members of the proposed class have been harmed by Classmates' misappropriation and misuse

of their identifies, names, photographs, images, likenesses, and other personal information.

80.     The proposed class representatives will fairly and adequately represent the proposed class. The class representatives' claims are co-extensive with those of the rest of the class, and they are represented by qualified counsel experienced in class action litigation of this nature.

81.     A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed class is impracticable. Many members of the class do not have the financial resources necessary to pursue this claim, and even if they did, the size of their interest in the case may not be large enough to merit the cost of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a dispute concerning Classmates' common actions towards an entire group. Class action procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

82.     The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Classmates has acted on grounds generally applicable to the proposed class, such that final injunctive and declaratory relief is appropriate with respect to the class as a whole.

83.     The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and fact common to class members predominate over questions affecting individual members, and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy.

## FIRST CAUSE OF ACTION
### (765 ILCS 1075/1 *et seq*.)

84.     Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

85.     Illinois' statute protecting the right to publicity 765 ILCS 1075/1 *et seq*., prohibits and provides damages for using an individual's identity for commercial purposes without having obtained previous written consent.

86.     By engaging in the forgoing acts and omissions, Classmates used Plaintiffs' and class members' identities for commercial purposes without having obtained previous written consent.

87.     Each use of a class member's identity is a separate and distinct violation of 765 ILCS 1075/1 *et seq.* giving rise to damages.

88.     As a result of Classmates' violation of 765 ILCS 1075/1 *et seq.*, Plaintiffs and the class have suffered actual damages. Plaintiffs and the class have been denied the economic value of their likenesses, which Classmates has appropriated and used for its own economic benefit. Plaintiffs and members of the class also lost the right to refuse consent and protect their privacy. Actual damages may be measured as the fair market value of a person's likeness used for advertising and as part of a product, or as the revenue Classmates derived from its unauthorized use.

89.     Plaintiffs seek nominal damages, declaratory, injunctive relief, and monetary damages for themselves and on behalf of each member of the proposed class as provided for in 765 ILCS 1075/1 *et seq.*, including statutory damages equal to the greater of $1000 per violation, actual damages, or profits Classmates derived from its unauthorized use; punitive damages in light of Defendants' willful violation; nominal damages equal to $1 per class member; and the award of attorneys' fees and costs in the event Plaintiff prevails in this action.

## SECOND CAUSE OF ACTION
### (815 ILCS 505/1 *et seq.*)

90.     Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

91.     Classmates has and is engaged in deceptive or unfair practices as those terms are

defined in the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

92. As described in this complaint, Classmates' misappropriation and use of Plaintiffs' and class members' identities without consent offends public policy established in Illinois statutory and common law, is unethical and unscrupulous, and creates substantial injury to Plaintiffs and the class by denying them the legally protected to control their identities.

93. By engaging in the conduct described in this complaint, including profiting from the sale and use in advertising of personal information it misappropriated without consent, Classmates engaged in and continues to engage in deceptive and unfair practices prohibited by Illinois law.

94. As a result of Classmates' actions, Plaintiffs and the class have been injured. Plaintiffs and members of the class each lost the value of their names and images. Plaintiffs and members of the class also lost the right to refuse consent and protect their own privacy, as guaranteed by Illinois law.

### THIRD CAUSE OF ACTION
### (Intrusion Upon Seclusion)

95. Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

96. Plaintiffs and class members have a reasonable expectation of privacy in their personal information, including their photographs and biographical details.

97. Classmates intentionally intruded on the seclusion of Plaintiffs and the class by appropriating their identities, including their names, photographs, images, likenesses, and biographical information, and using the appropriated information to advertise and sell online services.

98. Classmates' misuse of personal information reveals private facts in which a reasonable person would expect privacy. It maintains, sells, and advertises using records that reveal intimate details about subjects' private lives, including ages, locations, biographical details,

29

and photographs.

99.     Plaintiffs and the class were harmed by Classmates' intrusion into their private affairs as detailed in the compliant.

100.    Among other remedies, Plaintiffs and members of the class seek damages, including punitive damages in light of Classmates' conscious disregard of Plaintiffs' and class members' privacy rights and exploitation of their personal information for profit.

**FOURTH CAUSE OF ACTION**
**(Unjust Enrichment)**

101.    Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

102.    Plaintiffs and the class have conferred an unwarranted benefit on Classmates. Classmates' business model centers around using personal information that rightfully belongs to Plaintiffs and the class to sell its products and services. Classmates uses the personal information it misappropriated without consent. Each sale of a reprinted yearbook that contains records that rightfully belong to class members, each "CM+" subscription sold to users who then gain access to records that rightfully belong to class members, and all advertising revenue collected from the delivery of ads on pages displaying records that rightfully belong to class members, represents an unwarranted benefit conferred upon Classmates by the class.

103.    Under principles of equity and good conscience, Classmates should not be permitted to retain the benefits it gained through its actions.

104.    Plaintiffs and members of the class have suffered loss as a direct result of Classmates' conduct.

105.    Among other remedies, Plaintiffs, on their own behalf and on behalf of absent class members, seek the imposition of a constructive trust and restitution of proceeds Classmates received as a result of the conduct described in this complaint, as well as an award of attorneys' fees, costs, and interest.

## PRAYER FOR RELIEF

106.    WHEREFORE Plaintiffs, on behalf of themselves and all others similarly situation, hereby demands judgment against Defendant Classmates as follows:

(a) For an order certifying the proposed class and appointing Plaintiffs and their counsel to represent the class;

(b) For a declaration that Classmates' acts and omissions constitute a willful misappropriation of names, likeness, photographs, images, and other personal information, and infringe on protected privacy rights, in violation of Illinois law;

(c) For nominal damages awarded in recognition of Classmates' violation of the statutorily protected property and privacy rights of Plaintiffs and the class;

(d) For preliminary and permanent injunctive relief enjoining and preventing Classmates from continuing to operate its Classmates.com website and expand its databases without appropriate safeguards to ensure people's personal information is not used illegally without their consent;

(e) For an order enjoining Classmates from continuing the unlawful and unfair conduct described in this complaint;

(f) For restitution for Plaintiffs and members the class for the value that Defendants derived from misappropriating their likenesses;

(g) For an award of damages, including without limitation damages for actual harm, profits earned by Classmates in the operation of its websites selling access to misappropriated personal information, and statutory damages;

(h) For an award of reasonable attorneys' fees and costs incurred by Plaintiffs and the class members; and

(i) For an award of other relief in law and equity to which Plaintiffs and the class members may be entitled.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial for all individual and Class claims so triable.

Respectfully submitted,

Dated: April 20, 2021

By: */s/ Shannon M. McNulty*

Shannon M. McNulty
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 31st Floor
Chicago, Illinois 60602
312.899.9090
312.251.1160 Facsimile
SMM@cliffordlaw.com

Michael F. Ram (to be admitted *Pro Hac Vice* )
mram@forthepeople.com
Marie N. Appel (to be admitted *Pro Hac Vice* )
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn (to be admitted *Pro Hac Vice*)
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
ben@benosbornlaw.com

*Attorneys for Plaintiff Bonilla and the Proposed Class*

**NICK LARRY LAW LLC**

By: _____*/s/ J. Dominick Larry*_____
        J. Dominick Larry

J. Dominick Larry
55 E Monroe Street, Suite 3800
Chicago, IL 60603
Tel: (773) 694-4669
Fax: (773) 694-4691
E-Mail: nick@nicklarry.law
Firm ID: 64846

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*Pro Hac Vice* Forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: pfraietta@bursor.com

*Attorneys for Plaintiff Loendorf*