— **EXHIBIT A** —

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SCOTT MACKEY, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Case No: |
| v. | |
| PEOPLECONNECT, INC., a Delaware Corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## CLASS ACTION COMPLAINT
## FOR VIOLATION OF 765 ILCS 1075/1 *et seq.* AND UNJUST ENRICHMENT

Plaintiff SCOTT MACKEY, by and through his attorneys, makes the following allegations on information and belief, except as to factual allegations pertaining to Plaintiff, which are based on personal knowledge.

## INTRODUCTION

1. Plaintiff Scott Mackey ("Plaintiff") and members of the proposed class (the "Class" or "Class Members") seek damages, an injunction, and additional relief from Defendant PeopleConnect Inc. ("PeopleConnect" or "Classmates"), which owns and operates the website www.classmates.com. PeopleConnect used Plaintiff's and Class Members' names and personas to promote paid subscriptions to the Classmates website without consent in violation of Illinois' right of publicity statute, 765 ILCS 1075/1 *et seq.*, and Illinois common law prohibiting unjust enrichment.

2. Plaintiff and Class Members are private individuals who have no relationship with PeopleConnect. Plaintiff and the Class have never used Classmates.com, nor did they provide their names, photographs, or any other personal information to PeopleConnect.

3. Plaintiff was seriously distressed to discover that PeopleConnect is using decades-old photographs of Plaintiff and the Class as children to advertise paid subscriptions to Classmates.com.

4. Plaintiff and the Class did not consent to PeopleConnect using their names, photographs, and personas to promote Classmates.com subscriptions.

5. PeopleConnect advertises and promotes paid subscriptions to the Classmates website by displaying Plaintiff's and Class Members' names and photographs on advertising webpages published on the Internet. PeopleConnect displays Plaintiff's and Class Members' names and photographs in low-resolution and volume-limited formats for free. Users who click to see high-resolution versions, or who attempt to view more than two low-resolution photographs, receive a message saying they must purchase a paid subscription.

6. PeopleConnect provides a publicly accessible landing page on which users may search, and have searched, by name and location for Plaintiff and Class Members. In response to searches for Plaintiff and Class Members, Classmates delivered a list of photographs in its possession showing the Plaintiff's and Class Members' faces.

7. PeopleConnect initially displayed low-resolution versions of Plaintiff's and Class

2

Members' photographs. Users who clicked on a photograph looking for a higher-resolution photograph were shown pop-up messages asking them to register for a Classmates.com membership at a cost of $3 per month.

8. PeopleConnect also displayed messages adjacent to the Plaintiff's and Class Members' photographs soliciting the purchase of a Classmates subscription for "as low as $1.23 a month."

9. By using Plaintiff's and Class Members' names and photographs as children in its advertising, PeopleConnect knowingly mislead the public into believing Plaintiff and Class Members are Classmates.com users who willingly shared their personal information with Classmates.com and endorse Classmates.com's subscription product.

10. 10. In fact, Plaintiff and the Class have no relationship with PeopleConnect, had no knowledge their photographs as minors were being used, and do not approve of PeopleConnect's use of their names, photographs, and personas to advertise Classmates.com subscriptions and products. Classmates' website and advertisements fail to disclose that Plaintiffs and the Class are unaffiliated with PeopleConnect and Classmates.com.

11. PeopleConnect does not present Plaintiff's and Class Members' photographs as samples advertising the purchase of the photographs themselves. PeopleConnect uses Plaintiff's and Class Members' names and photographs to advertise subscriptions to Classmates.com.

12. A Classmates.com subscription includes far more than access to the photographs Classmates used to advertise the subscription. At a cost of $3 per month, a subscription to Classmates.com delivers a wide range of services, including: access to full-resolution student photographs from hundreds of thousands of yearbooks; visibility into who has visited the subscriber's profile; and the ability to read and reply to messages sent by other subscribers.

13. PeopleConnect is the sole author, designer, and implementor of the advertising techniques and messages giving rise to this lawsuit. PeopleConnect does not host user-generated content on any part of the Classmates website relevant to this lawsuit. PeopleConnect is the sole

curator, designer, and creator of the content described in this Complaint.

14. Plaintiff does not know how PeopleConnect obtained his photographs as a child. PeopleConnect does not disclose how it obtained copies of Plaintiff's and Class Members' school yearbooks.

15. PeopleConnect misappropriated Plaintiff's and Class Members' photographs without permission from Plaintiff or the Class, the photographers who took the pictures, the authors who created the school yearbooks, or the publishers of the school yearbooks.

16. On information and belief, PeopleConnect received no indication from yearbook authors or publishers that the authors or publishers intended their work to be published on the Internet or used to promote Classmates.com subscriptions.

17. PeopleConnect does not hold copyright in Plaintiff's or Class members' yearbooks, nor does it have permission from the copyright holder to republish or distribute Plaintiff's or Class members' yearbooks.

18. Consent is not all or nothing. As minors, Plaintiff and the Class had their photographs taken for school yearbooks intended solely for print distribution among a narrow circle of friends, family, and schoolmates. Plaintiff's yearbooks were originally produced decades ago when the Internet was in its infancy. Plaintiff and the Class did not consent to the commercial use of their photographs to promote a website through worldwide distribution of their photographs on the Internet.

19. PeopleConnect fails to provide any effective mechanism by which Plaintiff or the Class may request that their photographs and personal information be removed from Classmates' website. Nor does Classmates allow Plaintiff or the Class to opt out of the use of their photographs as minors in advertisements for website subscriptions.

20. Illinois law recognizes the intellectual property and privacy rights of Illinois residents in controlling the use of their names, voices, photographs, images, likenesses, and personas for commercial purposes.

21. By using Plaintiff's and Class Members' photographs, names, and personas in

4

advertisements for website subscriptions without consent, PeopleConnect violated their intellectual property and privacy rights. Plaintiff and the Class have the right not to have their personas exploited to promote a product with which they have no relationship and no interest in supporting. Plaintiff and the Class have an economic interest in their personas, which PeopleConnect has stolen, and a privacy interest in their personas, which PeopleConnect has violated.

22. By these actions, PeopleConnect has violated the Illinois Right of Publicity Act, codified in 765 ILCS 1075/1 *et seq*., and Illinois common law prohibiting unjust retaining of a benefit to a plaintiff's detriment. Plaintiff and the Class have suffered injury through the unlawful taking of their valuable intellectual property; through the invasion of their privacy rights protected by statute and common law; through PeopleConnect's unlawful profiting from its exploitation of their names, personas, and personal information; and through harm to peace of mind. Plaintiff and the Class are entitled to relief including statutory damages, disgorgement of profits, royalties for the use of their personas, restitution of the value of their personas, an injunction prohibiting PeopleConnect's unlawful conduct, the award of attorneys' fees, expenses, and costs, and declaratory relief.

## JURISDICTION AND VENUE

23. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), because: (A) members of the putative class are citizens of a state different from at least one defendant. According to available public records, defendant PeopleConnect Inc. is incorporated in Delaware and has its principal place of business in Seattle, Washington. Plaintiff and the Class are residents of Illinois. (B) The proposed class consists of at least 100 members. PeopleConnect advertises that its Classmates Yearbook Collection comprises records collected from "over 400,000 yearbooks." While PeopleConnect does not publish statistics concerning the total number of records in each yearbook, or a breakdown by state, a conservative estimate would place the number of individual records corresponding to

Illinoisans in the millions. And (C) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. 765 ILCS 1075/1 *et seq.* provides for damages equal to the greater of $1,000 per violation or the actual damages suffered by the Class Member, plus exemplary and/or punitive damages in the case of knowing use without consent. Given millions of likely records in Illinois, the amount in controversy is well over the jurisdictional amount.

24. This Court has personal jurisdiction over the claims of Plaintiff and the non-named Class Members. PeopleConnect has purposefully conducted business activities in Illinois, and this lawsuit arises directly from its activities in Illinois.

25. PeopleConnect knowingly searched for and obtained yearbooks and other records containing the personal information of Illinois residents. PeopleConnect collected tens of thousands of yearbooks from Illinois schools, whose alumni it knew were highly likely to live in Illinois. This lawsuit arises from Classmates' practice of acquiring names and photographs of Illinois residents with the specific intent of selling access to that information and using that information to advertise monthly subscriptions. PeopleConnect failed to obtain the consent of Illinois residents before using their names and photographs to advertise website subscriptions, as required by Illinois law. These omissions occurred in Illinois.

26. PeopleConnect knowingly marketed and advertised its products and services to Illinois residents. The yearbook search function on Classmates.com allowed users to limit their searches to encompass only Illinois schools. Upon accessing the website for the first time, the very first screen users saw asked them to specify in which state they attended high school. Illinois is listed as an option.

27. PeopleConnect's marketing and advertising to Illinois residents is directly related to the claims in this lawsuit. PeopleConnect encouraged users of the free version of Classmates.com to search for people from their own high school. PeopleConnect used free limited access to names and photographs from Illinois high schools primarily to advertise to people <u>who attended those same Illinois high schools</u>, and are themselves highly likely to be Illinois residents.

6

28. Although Plaintiff cannot know precise figures without discovery, upon information and belief, PeopleConnect displayed on-site ads to millions of website users in Illinois, many of whom were viewing free previews featuring Plaintiff or other Illinois residents.

29. The harms alleged in this lawsuit were felt in Illinois. This includes the denial of Plaintiff's and Class Member's statutorily protected rights to control their personas; the unjust exploitation of Plaintiff's and Class Member's personas without economic compensation; and injury to Plaintiff's and Class Member's peace of mind.

30. PeopleConnect knows its business activities in Illinois subject it to the jurisdiction of Illinois courts. PeopleConnect owns several websites with similar business practices, including Classmates.com, Intelius.com, and InstantCheckmate.com, all of which have been the subject of lawsuits in Illinois. This includes a recent lawsuit against InstantCheckmate alleging violations of the IRPA, in which a court in this District rejected PeopleConnect's argument against personal jurisdiction, *Lukis v. Whitepages Inc.*, 454 F. Supp. 3d 746 (N.D. Ill. 2020); and a lawsuit brought by the Attorney General of Illinois against Classmates alleging deceptive marketing practices.[1]

31. Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this district. A substantial portion of the class members reside in this state and district. Named Plaintiff Scott Mackey resides in this district.

## PARTIES

**Defendant PeopleConnect**

32. Defendant PeopleConnect, Inc. is a Delaware corporation with its headquarters in Seattle, Washington. It conducts business under the brand names "Classmates.com," "Classmates," and other brand names associated with the various website and services it owns and operates, including "Intelius" and "InstantCheckmate." It conducts business throughout this

---

[1] *See https://illinoisattorneygeneral.gov/pressroom/2015_05/20150526.html*

district, Illinois, and the United States. PeopleConnect, Inc. owns and operates the website Classmates.com.

**Plaintiff Scott Mackey**

33. Plaintiff Scott Mackey is a resident of Wheeling, Illinois.

34. Mr. Mackey has never visited, used, or subscribed to the website Classmates.com.

35. Mr. Mackey attended New Trier High School in Winnetka, Illinois from which he graduated in 1993.

## NO AGREEMENT TO ARBITRATE

36. There are several pending related lawsuits against PeopleConnect, including one in this district, in which the plaintiffs allege state right of publicity and/or common law misappropriation of name and likeness claims based on PeopleConnect's use of yearbook photographs in advertisements. The related suits are: *Bonilla v. PeopleConnect*, No. 1:21-cv-0051 (N.D. Ill., complaint filed Jan. 5, 2021); *Callahan v. PeopleConnect*, No. 3:20-cv-09203 (N.D. Cal., complaint filed Dec. 18, 2020); *Knapke v. PeopleConnect*, No. 2:21-cv-00262 (W.D. Wash., complaint filed Mar. 2, 2021); *Boshears v. PeopleConnect*, No. 2:21-cv-01222 (W.D. Wash., complaint filed Sept. 7, 2021); and *Izzo v. PeopleConnect*, No. 2:22-cv-16 (N.D. Ill., complaint filed Jan. 6, 2022).

37. In all the pending related lawsuits, PeopleConnect argued that even though the named plaintiffs were not subscribers and had never used Classmates.com, they were nevertheless subject to the arbitration clause contained with the Classmates.com Terms of Service. PeopleConnect argued that because plaintiffs' counsel included screenshots they had obtained from Classmates.com in the complaints, the named plaintiffs benefited from their counsel visiting classmates.com. PeopleConnect argued that the named plaintiffs were therefore bound to arbitration, either as third-party beneficiaries to an agreement between counsel and PeopleConnect, or because counsel were acting as "agents" on behalf of the named plaintiffs. *See, e.g.*, Ex. 1, at *23 (Opening Brief filed by PeopleConnect in the Callahan appeal arguing "Plaintiffs have in fact benefitted" because "[t]he information and screenshots [counsel]

8

compiled appeared in Plaintiffs' complaint to support their claims"); Ex. 2, at *14-17 (Motion to Dismiss filed by PeopleConnect in Boshears arguing (1) that counsel's opting out of the arbitration clause was ineffective and (2) that "Plaintiff plainly benefited from [counsel]'s agreement to the TOS" because "[h]ad [counsel] not accessed Classmates.com, Plaintiffs' Complaint would lack the screenshots used to support the allegations").

38. Two District Courts have rejected PeopleConnect's arbitration arguments. *Knapke*, 2021 WL 3510350 at *2-3; *Callahan*, 2021 WL 1979161, at *6-7. No courts have accepted them.

39. In both Callahan and Knapke, PeopleConnect has appealed the arbitration issue to the Ninth Circuit and successfully obtained stays of the district court cases pending resolution of the appeal. *See Callahan*, No. 21-16040 (9th Cir., docketed Jun. 17, 2021); *Knapke*, No. 21-35690 (9th Cir., docketed Aug. 20, 2021).

40. To avoid the risk that PeopleConnect again raises a frivolous arbitration argument and further wastes judicial resources, Plaintiffs' counsel prepared this complaint without including screenshots from the Classmates.com website. Instead, Plaintiffs allege on information and belief that Plaintiffs' photographs appear on the Classmates.com website.

41. Plaintiff is willing to file an amended complaint including screenshots gathered from the Classmates.com website, subject to an agreement and stipulation from PeopleConnect that counsel's visiting the website to investigate Plaintiffs' claims and including screenshots in the Complaint does not constitute an agreement to arbitrate and does not waive any of Plaintiff's rights.

42. On January 11, 2022, Plaintiff's counsel sent a letter to PeopleConnect's outside counsel, Ms. Debbie L. Berman. Ex. 3. Plaintiff's counsel wrote that "Mr. Mackey does not consent to arbitration of any claims he may have against PeopleConnect. Mr. Mackey does not authorize his counsel in this putative case to consent to arbitration on his behalf. Mr. Mackey does not, and has not, ratified any agreements to arbitrate made by anyone with your client, PeopleConnect."

9

43. In the same letter, Plaintiff's counsel requested that PeopleConnect's counsel, Ms. Debbie L. Berman, confirm by January 14, 2022, that "by Plaintiffs' counsel visiting classmates.com to conduct a Rule 11 investigation, Mr. Mackey has not sacrificed any of his rights, including but not limited to the right to pursue litigation in federal court."

44. On January 14, 2022, Ms. Berman responded to this request stating that PeopleConnect would not agree that Plaintiff's counsel's Rule 11 investigation of Mr. Mackey's claims against PeopleConnect would not bind Mr. Mackey to arbitration. Ex. 4.

45. Because of Ms. Berman's refusal, and to avoid prejudicing Plaintiff's rights to litigate in the forum of their choice, Plaintiff's counsel prepared this complaint without including screenshots from the Classmates.com website.

## FACTUAL ALLEGATIONS

46. Plaintiff Scott Mackey is a private individual who has no relationship with PeopleConnect. He has never visited, used, or subscribed to Classmates.com.

47. Mr. Mackey did not give consent to PeopleConnect to use his name, photograph, likeness, or persona in any way. Had PeopleConnect requested his consent, Mr. Mackey would not have provided it.

48. Mr. Mackey highly values his personal privacy, and his ability to control and prevent the commercial use and distribution of his personal information, likeness, and persona without his consent.

49. On information and belief, PeopleConnect uses Mr. Mackey's photographs as a child in advertisements promoting subscriptions to its website.

50. On information and belief, the photographs clearly identify Mr. Mackey. His face is plainly visible and identifiable. The photographs are subtitled with his name and accompanied by information identifying Mr. Mackey's city of residence and high school.

51. On information and belief, Classmates.com provides a publicly accessible page on which users may search, and have searched, by name and/or location for Mr. Mackey and

10

other Class Members.

52. On information and belief, users who searched for Mr. Mackey received in response a list of results, which include low-resolution photographs depicting Mr. Mackey as a child.

53. On information and belief, users who clicked on Mr. Mackey's photographs seeking higher-resolution versions received a pop-up message asking the user to register with the site. The user was required to interact with the pop-up to continue viewing Mr. Mackey's photographs.

54. On information and belief, after the users registered, PeopleConnect displayed a screen soliciting the purchase of a paid subscription to Classmates.com for $3 per month.

55. On information and belief, PeopleConnect displayed banner ads adjacent to the search results containing Mr. Mackey's photographs. The banner ads solicited the purchase of a subscription to Classmates.com. Users who clicked on the ads were brought to a page soliciting a subscription to Classmates.com for $3 per month.

56. On information and belief, PeopleConnect's sole purpose in using Mr. Mackey's photograph, name, and persona on its website was to solicit the purchase of paid subscriptions to Classmates.com.

57. Mr. Mackey does not know how PeopleConnect obtained his photographs as a child.

58. On information and belief, PeopleConnect misappropriated Mr. Mackey's photographs from his high school yearbook without permission from Mr. Mackey, the photographer who took his pictures, the authors who created his high school yearbooks, or the publishers of his high school yearbooks.

59. PeopleConnect does not hold a copyright in yearbooks from Mr. Mackey's high school, nor does it have permission from the copyright holder to republish or distribute the yearbooks or the photographs contained therein.

60. Mr. Mackey has intellectual property and privacy interests in his photograph,

11

name, likeness, and persona recognized by Illinois statutory and common law. He has the right to exclude anyone from making commercial use of his likeness without his permission.

61.     Classmates has injured Mr. Mackey by taking his intellectual property without compensation; by invading his privacy rights protected by statute and by common law; by unlawfully profiting from its exploitation of his personal information; and by harming his peace of mind.

62.     PeopleConnect's illegal actions caused Mr. Mackey mental injury and disturbed his peace of mind. Mr. Mackey is upset and disturbed by PeopleConnect's use of his name and photograph without his consent. Mr. Mackey believes his persona is rightly his to control.

63.     PeopleConnect's illegal use has left him worried and uncertain about his inability to control how his name and personality is used. Mr. Mackey feels that PeopleConnect's use of his photograph and name is an alarming invasion of his privacy.

64.     Mr. Mackey is deeply uncomfortable in the knowledge that PeopleConnect is distributing his name and photographs as a minor publicly on the Internet to promote a website he has no interest in promoting. Mr. Mackey believes PeopleConnect's illegal actions encourage and enable stalking and pedophilic behaviors.

## CLASS ALLEGATIONS

65.     Plaintiff asserts claims on behalf of himself and a class of current and former Illinois residents who are not subscribers of Classmates.com and whose names, photographs, and/or personal information PeopleConnect extracted from yearbooks and incorporated into the yearbook database PeopleConnect uses to promote Classmates.com subscriptions. Excluded from the proposed class are: Plaintiff's counsel; PeopleConnect, its officers and directors, counsel, successors, and assigns; any entity in which PeopleConnect has a controlling interest; and the judge to whom this case is assigned and the judge's immediate family.

66.     The members of the proposed class are so numerous that joinder of individual claims is impracticable. PeopleConnect represents that the Classmates Yearbook Collection contains records from over 400,000 yearbooks in the United States. Each yearbook contains the

names and likeness of hundreds of individuals. PeopleConnect uses the names and photographs of millions of current and former Illinois residents to promote Classmates.com subscriptions.

67. There are significant questions of fact and law common to the members of the class. These issues include:

   a. Whether PeopleConnect's misappropriation of names, photographs, and personal information, and use of that information in the advertising techniques described in this Complaint, constitute the use of individuals' identities for commercial purposes without previous written consent within the meaning of 765 ILCS 1075/1 *et seq.*;

   b. Whether PeopleConnect solicited and obtained written consent from Plaintiff and the Class prior to using their personas in advertisements promoting its website, as required by 765 ILCS 1075/30;

   c. Whether PeopleConnect's use of identities, names, photographs, images, and likenesses constitutes a use for non-commercial purposes such as news or public affairs within the meaning of 765 ILCS 1075/35;

   d. Whether PeopleConnect's commercial use of the names, photographs, images, and likenesses of Plaintiff and the Class was willful such that Plaintiff and the Class are entitled to punitive damages;

   e. Whether PeopleConnect was unjustly enriched as a result of the unlawful conduct described in this complaint; and

   f. Whether Plaintiff and the Class are entitled to injunctive, declaratory and monetary relief as a result of PeopleConnect's conduct as described in this complaint.

68. Plaintiff's claims are typical of those of the proposed class. Plaintiff and all members of the proposed Class have been harmed by PeopleConnect's misappropriation and misuse of their identifies, names, photographs, images, likenesses, and other personal information.

69. The proposed Class representatives will fairly and adequately represent the proposed Class. The Class representative's claims are co-extensive with those of the rest of the Class, and they are represented by qualified counsel experienced in class action litigation of this nature.

70. A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed Class is impracticable. Many members of the Class do not have the financial resources necessary to pursue this claim, and even if they did, the size of their interest in the case may not be large enough to merit the cost of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a dispute concerning PeopleConnect's common actions towards an entire group. Class action procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

71. The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. PeopleConnect has acted on grounds generally applicable to the proposed class, such that final injunctive and declaratory relief is appropriate with respect to the Class as a whole.

72. The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and fact common to Class Members predominate over questions affecting individual members, and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy.

**FIRST CAUSE OF ACTION**
**765 ILCS 1075/1** *et seq.* **("IRPA")**

73. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

74. Illinois' Right of Publicity Act, 765 ILCS 1075/1 *et seq*. ("IRPA"), defines the

"right of publicity" as the "right to control and to choose whether and how to use an individual's identity for commercial purposes." 765 ILCS 1075/10.

75. IRPA prohibits and provides damages for using an individual's identity for commercial purposes without having obtained previous written consent. 765 ILCS 1075/30.

76. By engaging in the forgoing acts and omissions, PeopleConnect used Plaintiff's and Class Members' identities for commercial purposes without having obtained previous written consent.

77. Each use of a Class Member's identity is a separate and distinct violation of IRPA giving rise to damages.

78. IRPA provides that a person who violates the statute is liable for the greater of: (a) statutory damages in the amount of $1,000 per violation; or (b) the sum of "actual damages" and "profits derived from the unauthorized use." 765 ILCS 1075/40. The statute also provides for punitive damages where, as here, the violation is willful. *Id.*

79. IRPA also provides for the award of "reasonable attorney's fees, costs, and expenses." 765 ILCS 1075/55.

80. As a result of PeopleConnect's violations of IRPA, Plaintiff and the Class have suffered injury to their privacy rights and actual damages both economic and emotional. Plaintiff and Class Members have been denied the commercial value of their identities, which PeopleConnect misappropriated without compensation to Plaintiff and the Class. Plaintiff and Class Members were denied their statutorily protected right to control how their identities are used and refuse consent to a use for commercial purposes. Plaintiff and Class Members suffered emotional disturbance from the misappropriation and misuse of their identities.

81. Plaintiff on behalf of the Class seeks: statutory damages; in the alternative, actual damages, including PeopleConnect's profits from its misuse and compensatory damages for the royalties PeopleConnect failed to pay and the emotional disturbance it caused; punitive damages in light of PeopleConnect's willing misuse; nominal damages; the award of attorneys' fees and costs; the entry of an injunction prohibiting PeopleConnect's illegal conduct; and declaratory

relief.

## SECOND CAUSE OF ACTION
### Unjust Enrichment

82. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

83. Plaintiff and the class have conferred an unwarranted benefit on PeopleConnect. PeopleConnect uses personal information that rightfully belongs to Plaintiff and the Class to sell its products and services. PeopleConnect uses the personal information it misappropriated without consent. Each subscription sold using names, photographs, and identities that rightfully belong to class members, and all advertising revenue collected from the delivery of ads on pages displaying names, photographs, and identities that rightfully belong to Class Members, represents an unwarranted benefit conferred upon PeopleConnect by Plaintiff and the Class.

84. Under principles of equity and good conscience, PeopleConnect should not be permitted to retain the benefits it gained through its actions.

85. Plaintiff and Class Members have suffered loss as a direct result of PeopleConnect's conduct.

86. Plaintiff on behalf of the Class seeks an injunction prohibiting PeopleConnect's inequitable conduct; the imposition of a constructive trust and restitution of proceeds PeopleConnect received as a result of the conduct described in this Complaint; and an award of attorneys' fees, costs, and expenses.

## PRAYER FOR RELIEF

87. WHEREFORE Plaintiff, on behalf of himself and all others similarly situation, hereby demands judgment against Defendant PeopleConnect as follows:

(a) For an order certifying the proposed Class and appointing Plaintiff and his counsel to represent the Class;

(b) For a declaration that PeopleConnect's acts and omissions constitute a willful misappropriation of names, likeness, photographs, images, and other personal

16

information, and infringe on protected privacy rights, in violation of Illinois law;

(c) For nominal damages awarded in recognition of PeopleConnect's violation of the statutorily protected property and privacy rights of Plaintiff and the Class;

(d) For preliminary and permanent injunctive relief enjoining and preventing PeopleConnect from continuing to operate its Classmates.com website and expand its databases without appropriate safeguards to ensure people's personal information is not used illegally without their consent;

(e) For an order enjoining PeopleConnect from continuing the unlawful and unfair conduct described in this Complaint;

(f) For restitution for Plaintiff and Class Members of the value that Defendants derived from misappropriating and using their identities;

(g) For an award of damages, including without limitation damages for actual harm, profits earned by PeopleConnect from the sale of subscriptions to Classmates.com, and statutory damages;

(h) For an award of reasonable attorneys' fees, costs, and expenses incurred by Plaintiffs and the Class; and

(i) For an award of other relief in law and equity to which Plaintiff and the Class Members may be entitled.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial for all individual and Class claims so triable.

Respectfully submitted,

Dated: January 20, 2022

By: */s/ Shannon M. McNulty*
Shannon M. McNulty
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
312.899.9090
312.251.1160 Facsimile
SMM@cliffordlaw.com

Benjamin R. Osborn (to be admitted *Pro Hac*)
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
ben@benosbornlaw.com

Samuel J. Strauss (to be admitted *Pro Hac*)
Email: sam@turkestrauss.com
Raina Borelli (to be admitted *Pro Hac*)
Email: raina@turkestrauss.com
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

Michael F. Ram (to be admitted *Pro Hac*)
mram@forthepeople.com
Marie N. Appel (to be admitted *Pro Hac*)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiff Mackey
and the Proposed Class*