**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THERESA LOENDORF, on behalf of herself and all others similarly situated, | Case No. 1:21-cv-00051 |
| Plaintiff, | Hon. Judge Virginia M. Kendall |
| v. | Magistrate Judge Gabriel A. Fuentes |
| PEOPLECONNECT, INC., a Delaware Corporation, | |
| Defendant. | |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff Theresa Loendorf seeks leave to file an amended complaint adding two additional plaintiffs who have similar claims under the Illinois Right of Publicity Act ("IRPA") against PeopleConnect for misappropriation of their names and photographs to sell subscriptions to Defendant's website, classmates.com. Plaintiff's motion should be granted given the liberal standard for amended pleadings under Rule 15(a). This case remains in its early stages, the amendment is not sought in bad faith, and amendment would not cause any undue prejudice to Defendant. Plaintiff should be permitted to file an amended complaint in the form attached hereto as **Exhibit A** (redline of proposed Amended Complaint) adding Mr. Edmison and Mr. Burtle as plaintiffs and putative class representatives.

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

This case was first filed by Segio Bonilla on January 5, 2021, alleging that PeopleConnect displayed his name and yearbook photographs without his consent for the purpose of advertising subscriptions to its website, classmates.com, in violation of IRPA. Dkt. 1. Plaintiff Loendorf then

filed her complaint against PeopleConnect on February 2, 2021, alleging nearly identical claims. *See* No. 1:21-cv-00610 at Dkt. 1. On March 12, 2021, the Court consolidated Mr. Bonilla and Plaintiff Loendorf's claims, Dkt. 16, and the parties subsequently filed a Consolidated Complaint. Dkt. 37.

PeopleConnect moved to dismiss the Consolidated Complaint, arguing, among other things, that both Mr. Bonilla's and Plaintiff Loendorf's claims must be arbitrated. Dkt. 45. On March 29, 2022, the Court dismissed Mr. Bonilla's claims under Rule 12(b)(3) and ordered the parties to engage in limited discovery as to the arbitrability of Plaintiff Loendorf's claims. Dkt. 74. After completing that discovery, the parties agreed to stay proceedings to allow the parties to engage in mediation. Dkt. 103. In November 2022, the parties informed the Court that mediation had been unsuccessful and asked that the stay be lifted. Dkt. 106. The Court then ordered Defendant to file its renewed motion to dismiss and motion to compel arbitration as to Plaintiff Loendorf by January 18, 2023, which was subsequently extended to March 6, 2023, upon agreement of the parties and approval by the Court. Dkts. 107, 110, 111. No further schedule has been set in this matter.

Similarly, in the related *Mackey* case, prior to the Court entering the parties' requested stay while they attempted to resolve these related matters, PeopleConnect moved to compel arbitration and to dismiss Plaintiff Mackey's claims. That motion was fully briefed prior to the stay being entered. *Mackey*, Dkts. 44,45, 53, 57. After the parties requested the Court to lift the stay because settlement discussions were unsuccessful, PeopleConnect requested leave to file supplemental briefing regarding the statute of limitations applicable to Plaintiff Mackey's IRPA claim, which the Court permitted. *Mackey*, Dkts. 62, 63. PeopleConnect asserts that, based on this Court's ruling in *Bonilla v. Ancestry.com Operations, Inc.*, 20 C 7390, ---F. Supp. 3d---, 2022 WL 4291359, at

*3 (N.D. Ill. Sept. 16, 2022), Plaintiff Mackey's IRPA claim is subject to a one-year statute of limitations and is time barred. *Mackey*, Dkt. 66. Although Plaintiff Mackey opposed that motion, *Mackey*, Dkt. 67, Plaintiff expects a similar argument to be raised in this case, and thus seek leave to amend to add two additional plaintiffs, Devin Edmison and Michael Burtle, whose IRPA claims are irrefutably within the one-year IRPA statute of limitations articulated by this Court in *Bonilla v. Ancestry.com*.

On January 25, 2023, Plaintiff's counsel sent a letter to PeopleConnect's counsel informing them that Mr. Edmison and Mr. Burtle had recently retained them in connection with claims against PeopleConnect similar to those asserted by Ms. Loendorf and providing Defendant with information sufficient to conduct its own investigation of Mr. Edmison's and Mr. Burtle's claims. Borrelli Decl., Ex. 1. Attached to that letter were Acknowledgements signed by both Mr. Edmison and Mr. Burtle stating that they do not agree, and have never agreed, to arbitrate their claims against PeopleConnect. *Id.* The January 25 letter also attached, as a courtesy, counsel's engagement letters with Mr. Edison and Mr. Burtle. *Id.* Finally, the letter attached Plaintiff's counsel's Raina Borrelli's letter to PeopleConnect opting out of the arbitration clause in the Classmates.com Terms of Service. *Id.* All investigation of Mr. Edmison and Mr. Burtle's claims was performed using that opted out account. *Id.* Lastly, Plaintiff's counsel requested that PeopleConnect not remove or suppress Mr. Edmison's or Mr. Burtle's information as it appears on Classmates.com, or within its database, to avoid spoliation of evidence. *Id.*

On February 8, 2023, counsel for Defendant responded to the January 25 letter asserting a number of baseless reasons that it contends Mr. Edmison and Mr. Burtle do not have claims against PeopleConnect. Borrelli Decl., Ex. 2. First, PeopleConnect's counsel contends that they consented to PeopleConnect's use of their information on Classmates.com because their counsel, Raina

Borrelli, used a Classmates.com account to search for their information in her investigation of their claims. *Id.* Second, PeopleConnect contends that Mr. Edmison and Mr. Burtle are required to arbitrate their claims because Plaintiff's counsel used a Classmates.com (for which she opted out of the arbitration provision) to confirm that Mr. Edmison and Mr. Burtle indeed have claims against PeopleConnect. *Id.* Specifically, PeopleConnect states that Ms. Borrelli's December 28, 2022, opt-out letter was ineffective because it did not specifically identify Mr. Edmison or Mr. Burtle, despite the fact that those clients did not retain Plaintiff's counsel until January 17 and January 18, respectively (as shown in the retainer letters shared with PeopleConnect). Borrelli Exs. 1, 2. Third, PeopleConnect's February 8 letter states that Mr. Edmison's and Mr. Burtle's IRPA claims are barred by a one-year statute of limitations. Borrelli Decl., Ex. 2. Finally, PeopleConnect, in violation of evidence spoliation rules, stated that it would suppress Mr. Edmison's and Mr. Burtle's information on Classmates.com. *Id.*

Plaintiff's counsel disagrees with each of the points raised in PeopleConnect's February 8 letter, and, as a result, on February 9, asked PeopleConnect to stipulate to Plaintiff filing an amended complaint naming Mr. Edmison and Mr. Burtle as plaintiffs and putative class representatives. Borrelli Decl., Ex. 3. PeopleConnect refused to stipulate. *Id.*

## ARGUMENT

Pursuant to Rule 15(a), a party may only amend a complaint "with the opposing party's written consent or the court's leave." However, [t]he court should freely give leave when justice so requires." *Id.* Denying leave to amend is "generally disfavored, especially when the plaintiff has not yet had an opportunity to amend their complaint." *Chen v. Yellen*, No. 3:20-CV-50458, 2021 WL 5005373, at *2 (N.D. Ill. Oct. 28, 2021) (citing *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010)). And courts generally find good cause exists to permit amendment where "it

is reasonable that new claims are only recognized after filing an initial complaint." *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 76 (N.D. Ill. 2016) (citation omitted). Given the recency of when these claims arose, Plaintiff has not "engaged in undue delay, bad faith or dilatory motive," nor will the requested amendment cause any "undue prejudice to the opposing party by virtue of the allowance of the amendment," and amendment is not futile. *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 666 (7th Cir.2007) (quoting *Foman v. Davis,* 371 U.S. 178, 182, (1962)) (internal quotation marks omitted). Plaintiff's motion should be granted.

Mr. Edmison and Mr. Burtle only recently became aware that Classmates.com was illegally displaying their yearbook photographs for a commercial purpose. According to PeopleConnect, their photographs were first available on Classmates.com in May 2021, and Mr. Edmison and Mr. Burtle then retained Plaintiff's counsel in January 2023 to pursue their claims. Borrelli Decl., Exs. 1 and 2. Plaintiff is now promptly seeking this amendment. Furthermore, this case remains in its infancy. No rulings have been made with respect to Plaintiff's legal claims. Instead, the parties have been litigating whether Ms. Loendorf's claims are subject to arbitration, and PeopleConnect's renewed motion to dismiss and to arbitrate Ms. Loendorf's claims is not due until March 6. Dkt. 111. Thus, no significant delay will result from the amendment to add Mr. Edmison and Mr. Burtle's claims.

Because no material delay will occur as a result of this amendment, there will be no prejudice to PeopleConnect and, in fact, judicial economy will be served by permitting amendment. *See Chen*, 2021 WL 5005373, at *4 ("the Court finds that judicial economy would be better served by allowing Plaintiff an opportunity to amend her complaint and allowing any objections to such complaint to be addressed in a motion to dismiss."). The same is true as to any

argument by PeopleConnect that amendment is futile for the reasons identified in its February 8 letter. As an initial matter, "[f]utility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits." *See Schilke v. Wachovia Mortg., FSB*, 758 F. Supp. 2d 549, 554 (N.D. Ill. 2010), *aff'd on other grounds sub nom. Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601 (7th Cir. 2013) (citing *Bower v. Jones,* 978 F.2d 1004, 1008 (7th Cir. 1992)); *Bower,* 978 F.2d at 1008 ( "an amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss"). PeopleConnect cannot plausibly argue that Mr. Edmison's and Mr. Burtle's IRPA claims are futile given the many courts that have ruled otherwise in nearly identical cases. *See, e.g.*, *Bonilla v. Ancestry.com*, No. 20-cv-07390, 2021 WL 5795306 (N.D. Ill. Dec. 7, 2021); *Martinez v. ZoomInfo*, No. 21-cv-5725, 2022 WL 1078630 (W.D. Wash. April 11, 2022); *Callahan v. PeopleConnect*, No. 20-cv-09203, 2021 WL 5050079 (N.D. Cal. Nov. 1, 2021), *aff'd in part*, No. 21-16040 (9th Cir. Mar. 18, 2022); *Boshears v. PeopleConnect*, No. 21-cv-01222-MJP, 2022 WL 888300 (W.D. Wash. Mar. 25, 2022); *Sessa v. Ancestry.com*, No. 2:20-cv-02292, 2021 WL 4245359 (D. Nev. Sep. 16, 2021); *Kellman v. Spokeo*, No. 21-cv-08976, 2022 WL 1157500 (N.D. Cal. April 19, 2022); *Wilson v. Ancestry.com LLC*, No. 2:22-CV-861, 2023 WL 1112265 (S.D. Ohio Jan. 31, 2023); *Hoffower v. Seamless Contacts, Inc.*, No. 22 C 2079, 2022 WL 17128949 (N.D. Ill. Nov. 22, 2022).

Moreover, as other courts have held, PeopleConnect's arbitration arguments are not only unpersuasive but bordering on frivolous. *See Callahan v. PeopleConnect, Inc.*, No. 21-16040, 2022 WL 823594 (9th Cir. Mar. 18, 2022) (rejecting a similar (albeit less convoluted) theory in an appeal PeopleConnect litigated and lost); *Boshears v. PeopleConnect, Inc.*, No. C21-1222 MJP, 2022 WL 888300, at *9 (W.D. Wash. Mar. 25, 2022) (rejecting PeopleConnect's "strained ratification argument" in support of its motion to compel arbitration). In fact, when this Court considered a

similar argument in *Braundmeier v. Ancestry.com Operations, Inc.*, 2022 WL 17176524 (N.D. Ill. Nov. 23, 2022), another yearbook case under IRPA, the Court found that the plaintiffs did not impliedly authorize their counsel to agree to arbitration and, in fact, "specifically disclaimed any such intention" to arbitrate. *Id.* at *3. The Court noted that to rule "that a lawyer could unintentionally force clients into arbitration by conducting routine research—would disincentivize fact-checking and burden the litigation process by making lawyers either file complaints with unverified information or seek basic knowledge through onerous discovery." *Id.* The Court also rejected defendant's ratification theory, fining that all evidence pointed to the plaintiffs wanting to litigate in a federal forum, not via arbitration. *Id.* Given these clear rulings, that PeopleConnect would attempt to compel arbitration of Mr. Edmison's and Mr. Burtle's claims is not only contrary to law but borders on a Rule 11 violation. The same is true for PeopleConnect's contention that Mr. Edmison and Mr. Burtle implicitly consented to PeopleConnect's use of their yearbook photographs through counsel's access of Classmates.com to investigate their claims. Borrelli Decl., Ex. B. All possible steps have been taken here to ensure that Mr. Edmison's and Mr. Burtle's rights to access a federal forum have been preserved and permitting them to be added as plaintiffs in this case would not be futile.

Similarly, PeopleConnect's February 8 letter suggests that it would attempt to dismiss Mr. Edmison's and Mr. Burtle's claims as time barred. Borrelli Decl., Ex. 2. But that argument would be unavailing and does not render amendment futile. Plaintiff Loendorf filed her initial complaint on February 1, 2021, bringing claims on behalf of herself and a putative class defined as "all Illinois residents who have appeared in an advertisement preview for a Classmates product." 1:21-cv-00610 at Dkt. 1. Thus, the filing of that complaint tolled the statute of limitations for putative class members like Mr. Edmison and Mr. Burtle. *See Prac. Mgmt. Support Servs., Inc. v. Cirque*

*Du Soleil Inc.*, 146 F. Supp. 3d 997, 1001 (N.D. Ill. 2015) ("the timely filing of a class action complaint commences suit and tolls the statute of limitations for all members of the putative class") (citing *American Pipe & Construction. Co. v. Utah*, 414 U.S. 538, 554 (1974)). And, in any event, Plaintiff Loendorf disputes that a one-year statute of limitations applies to the IRPA claim here where that statute does not contain an express statute of limitations. *See, e.g. Tims v. Black Horse Carriers, Inc.*, --- N.E.3d ----, 2023 WL 1458046, 2023 IL 127801, ¶ 37 (Ill. Feb. 2, 2023) (holding that, with respect to claims under the Biometric Information Privacy Act (BIPA), "the five-year limitations period in section 13-205 of the code applies to [BIPA] because the act does not contain a limitations period."). In response to Plaintiff's request that PeopleConnect stipulate to the amended complaint, PeopleConnect suggested for the first time that Plaintiff Loendorf's claims are time barred and thus the statute of limitations is not tolled for Mr. Edmison and Mr. Burtle. Borrelli Decl., Ex. 3. However, there is no evidence, let alone an order from the Court, about whether Plaintiff Loendorf's claims are timely. Even if PeopleConnect were correct that they are not timely, that would not defeat the applicability of *American Pipe* tolling. *See e.g. In re Wachovia Equity Sec. Litig.*, 753 F. Supp. 2d 326, 372 (S.D.N.Y. 2011) (finding *American Pipe* tolling applied to newly added plaintiffs even where the original plaintiff did not have standing); *Pac. Life Ins. Co. v. US Bank Nat'l Ass'n*, No. 16 CIV. 555 (PGG), 2022 WL 11305628, at *22 (S.D.N.Y. Oct. 19, 2022) (same); *Sheppard v. Cap. One Bank*, No. CV067535GAFFFMX, 2007 WL 6894541, at *3 (C.D. Cal. July 11, 2007) (citing cases where *American Pipe* tolling applied when the first class was not certified due to deficiencies in the class representative); *Villanueva v. Davis Bancorp, Inc.*, No. 09 C 7826, 2011 WL 10970932, at *2 (N.D. Ill. Sept. 13, 2011). Again, this potential argument from Defendant does not render Plaintiff's amendment request futile.

## <u>CONCLUSION</u>

For the foregoing reasons, pursuant to Rule 15(a). Plaintiff Loendorf respectfully request

leave to file an amended complaint in the form attached here to as **Exhibit A**.

Dated: February 15, 2023                     Respectfully Submitted,

By: /s/ *Raina C. Borrelli*
      Raina C. Borrelli
      Samuel J. Strauss
      TURKE & STRAUSS LLP
      613 Williamson St., Suite 201
      Madison, WI 53703
      Telephone: (608) 237-1775
      Facsimile: (608) 509-4423
      raina@turkestrauss.com
      sam@turkestrauss.com

      Michael F. Ram (*pro hac vice*)
      Marie N. Appel (*pro hac vice*)
      MORGAN & MORGAN
      COMPLEX LITIGATION GROUP
      711 Van Ness Avenue, Suite 500
      San Francisco, CA 94102
      Telephone: (415) 358-6913
      Facsimile: (415) 358-6923
      mram@forthepeople.com
      mappel@forthepeople.com

      Benjamin R. Osborn (*pro hac vice*)
      102 Bergen Street
      Brooklyn, NY 11201
      Telephone: (347) 645-0464
      ben@benosbornlaw.com

      Shannon M. McNulty
      CLIFFORD LAW OFFICES, P.C.
      120 N. LaSalle Street, 31st Floor
      Chicago, Illinois 60602
      Telephone: (312) 899-9090
      Facsimile: (312) 251-1160
      SMM@cliffordlaw.com

      *Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notification of such filing to counsel of

record via the ECF system.

DATED this 15th day of February, 2023.

TURKE & STRAUSS LLP

By: */s/ Raina C. Borrelli*
      Raina C. Borrelli
      raina@turkestrauss.com
      TURKE & STRAUSS LLP
      613 Williamson St., Suite 201
      Madison, WI 53703
      Telephone: (608) 237-1775
      Facsimile: (608) 509-4423