**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THERESA LOENDORF, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:21-cv-00051 |
| v. ) ) | Hon. Judge Virginia M. Kendall |
| PEOPLECONNECT, INC., a Delaware Corporation, ) ) ) | |
| Defendant. ) | |

**PEOPLECONNECT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT**

## INTRODUCTION

Plaintiff Loendorf has known for months that her clams are untimely. Rather than dismiss her complaint, however, she seeks to amend in order to add two new plaintiffs, Edmison and Burtle. But their claims too are untimely. The amendment thus is futile, and, therefore, her motion for leave to amend should be denied.

The statute of limitations analysis is straightforward. The claims are for purported violations of the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq.* This Court has held, most recently in *Bonilla v. Ancestry.com Operations Inc. ("Ancestry.com")*, that a one-year statute of limitations applies to IRPA claims. No. 20 C 7390, ---F. Supp. 3d ----, 2022 WL 4291359, at *3-4 (N.D. Ill. Sept. 16, 2022). The Court's ruling remains correct, notwithstanding Plaintiff's misplaced reliance on *Tims v. Black Horse Carriers, Inc.*, which addressed the statute of limitations for claims raised pursuant to Illinois's Biometric Information Privacy Act ("BIPA"). ---N.E.3d---, 2023 WL 1458046, at *1 (Ill. 2023). This Court also has correctly held that IRPA claims are subject to the single publication rule, not the discovery rule, which means Edmison and Burtle's claims accrued on May 20, 2021, when yearbooks with their names and images were added to the Classmates.com library. Even though that means their one-year statute of limitations lapsed on May 20, 2022, Edmison and Burtle did not seek to file suit until February 2023. Their claims, therefore, are untimely.

To avoid this conclusion, Plaintiff argues that the statute of limitations has been tolled since January 2021, when the first complaint was filed by a different plaintiff, under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). *American Pipe*, however, applies only to federal causes of action. For the state law claims at issue here, Illinois law applies, and there is no tolling here under well-established Illinois law. Plaintiff's alternative theory that PeopleConnect

fraudulently concealed their claims because Classmates.com requires users to agree to its Terms of Service also fails. In fact, the proposed amendment alleges that Edmison and Burtle could have learned all facts relevant to their claims without having to create an account, not only on the non-member portions of the website itself but through information that has been public for years.

Because Edmison and Burtle's claims are untimely, the amendment is futile. The motion for leave to amend therefore should be denied.[1]

## BACKGROUND

This case began on January 5, 2021, when former plaintiff Sergio Bonilla filed a putative class action lawsuit alleging that PeopleConnect violated his rights under IRPA by presenting yearbooks containing his image and name on its website, Classmates.com. Dkt. 1. On February 2, 2021, Plaintiff Loendorf filed a separate lawsuit making similar claims. *See* No. 1:21-cv-00610, ECF No. 1. The Court consolidated those claims on March 12, 2021, and Bonilla and Loendorf then filed a consolidated complaint. Dkt. 37.[2] PeopleConnect moved to compel arbitration and to dismiss the consolidated case. Dkts. 44, 45. The Court held that Bonilla was obligated to pursue his claims in individual arbitration, rather than in class action litigation, denied the motion to dismiss without prejudice, and ordered the parties to engage in discovery to determine whether Loendorf is similarly obligated to arbitrate. Dkt. 74.

While that discovery was ongoing, the Court issued its September 2022 decision regarding the IRPA statute of limitations in *Ancestry.com*. As a result of discussions between the parties about the potential application of that decision to this case, PeopleConnect in December 2022

---

[1] The proposed amended complaint would fail for a number of other reasons, and PeopleConnect expressly reserves its rights to raise those grounds if the amendment is permitted.
[2] Although Plaintiff argues that amendment should be allowed because she has not yet had an opportunity to amend, *see* Dkt. 112 at 4-5, she is not correct. This would be her third complaint. *See* Dkt. 47; *Loendorf v. PeopleConnect*, No. 1:21-cv-00610, ECF No. 1.

informed Plaintiff's counsel that Plaintiff's yearbooks had been added in 2017. Berman Decl. ¶¶2-3 & Ex. 1. So, contrary to Loendorf's assertion, PeopleConnect informed Loendorf that her claims were untimely long before she sought to amend by adding Edmison and Burtle. Despite being so informed, Plaintiff did not dismiss her claims and instead asked for PeopleConnect to agree to allow her to add Edmison and Burtle as additional plaintiffs. Dkt. 112-1, Ex. 2. In response, PeopleConnect on February 8, 2023, informed counsel that Edmison and Burtle's claims also were untimely because the yearbooks containing their names and images had been added to the Classmates.com library on May 20, 2021, more than a year before they sought to be added to the case. *Id.*, Ex. 1. Plaintiff, nonetheless, filed the instant motion for leave to amend.

## ARGUMENT

Plaintiff's motion for leave to amend should be denied because the proposed amendment is futile. Courts analyze whether a proposed amendment is futile under the standard of Rule 12(b)(6). *Naperville Smart Meter Awareness v. City of Naperville*, 900 F.3d 521, 525 (7th Cir. 2018). Despite Plaintiff's suggestion otherwise, *see* Dkt. 112 at 7, a proposed amendment is futile and leave to amend should be denied if the proposed amendment would add an untimely claim.[3] *Weston v. Ill. Dep't of Hum. Servs.*, No. 11 C 8792, 2012 WL 1286291, at *4 (N.D. Ill. Apr. 16, 2012) (denying leave to amend where allegations showed claim was untimely).

The theory of liability pleaded in the proposed amended complaint is that PeopleConnect violated Loendorf's and the potential new plaintiffs' rights under IRPA as soon as yearbooks containing their names and images were first hosted on Classmates.com. That means those claims accrued when the proposed plaintiffs' yearbooks were first hosted on the Classmates.com site,

---

[3] Citations herein to Plaintiff's proposed amended complaint, which Plaintiff submitted in redline form, are to the proposed amended paragraph numbers. Dkt. 112-1.

3

which the proposed amended complaint alleges occurred on May 20, 2021. Dkt. 112-1 ¶¶31, 70. Edmison and Burtle, therefore, had to file their claims on or before May 20, 2022.[4] Because they waited until February 2023 to do so, the proposed amendment is futile and leave to amend should be denied.

I.  **The Court's Prior Ruling That IRPA Has A One-Year Statute Of Limitations Is Correct.**

The proposed amended complaint alleges that yearbooks containing Edmison and Burtle's names and images were first added to the Classmates.com library more than a year ago—on May 20, 2021. Dkt. 112-1 ¶¶31, 70. In *Ancestry.com*, this Court correctly held that the statute of limitations for IRPA claims is one year. 2022 WL 4291359, at *3 (citing *Blair v. Nev. Landing P'ship*, 859 N.E.2d 1188, 1192 (Ill. App. Ct. 2006)). This Court also correctly held that IRPA claims are subject to the single publication rule, meaning that the commencement of the statute of limitations cannot be extended by the discovery rule. *Id*. at *4. The claims that Edmison and Burtle wish to assert thus are untimely, as they did not sue within one year of when their claims accrued.

Citing the Illinois Supreme Court's recent decision in *Tims*, Plaintiff argues that the Court's *Ancestry.com* ruling is wrong and that the statute of limitations applicable to IRPA claims is five years, not one year. Dkt. 112 at 8. *Tims* addresses the limitations period applicable to claims brought under BIPA. 2023 WL 1458046, at *1. According to Plaintiff, however, *Tims* is a sweeping decision which holds that all Illinois statutes that on their face "do[] not contain an express statute of limitations" are subject to the general five-year limitations period provided by

---

[4] The same is true for Edmison and Burtle's unjust enrichment claims, for where an unjust enrichment claim "rests on the same improper conduct alleged in another claim, the unjust enrichment claim … will stand or fall with the related claim." *Ancestry.com*, 2022 WL 4291359, at *4 (citation omitted); *Dahms v. Coloplast Corp.*, No. 19 C 6349, 2020 WL 5593279, at *6 (N.D. Ill. Sept. 18, 2020) (unjust enrichment claim failed where predicate tort claims time-barred).

4

735 ILCS 5/13-205. *See* Dkt. 112 at 8. But *Tims* says nothing of the sort and does not purport to address, let alone change, the statute of limitations for IRPA claims.

Where a state's highest court has not addressed a question, such as the statute of limitations for IRPA, federal courts look to decisions of state appellate courts. *Ludwig v. United States*, 21 F.4th 929, 931-32 (7th Cir. 2021). And in *Ancestry.com*, this Court correctly observed that the on-point Illinois Appellate Court authority is *Blair*, which resolves that IRPA claims are subject to a one-year statute of limitations. 2022 WL 4291359, at *3 (citing *Blair*, 859 N.E.2d at 1192).

Though Plaintiff argues otherwise, *Tims* does not reverse *Blair*. If anything, it suggests the opposite. In *Tims*, the issue was the applicable statute of limitations for the five different private causes of action under BIPA. 2023 WL 1458046, at *4-6. The Illinois Supreme Court acknowledged that some of those causes of action necessarily involve "publication of matter violating the right of privacy," thereby triggering the one-year statute of limitations under 735 ILCS 5/13-201. *Id*. at *2, *6 (agreeing with the Illinois Appellate Court that "subsections (c) and (d) [of BIPA] could be defined as involving publication"). Other BIPA causes of action, however, do not, and thus arguably are civil actions "not otherwise provided for" and subject to a five-year limitations period under 735 ILCS 5/13-205. *Id.* at *6 (discussing subsections (a), (b), and (e) of BIPA). The Illinois Appellate Court held that both limitations periods apply to claims under BIPA, depending on the particular BIPA claim at issue. *Id.* at *2. But the Illinois Supreme Court reversed, holding that a single limitations period must apply to all BIPA claims and that it was the five-year statute because not every BIPA claim involves "publication of matter violating the right of privacy." *Id*. at *3, *6.

Unlike BIPA, IRPA does not recognize multiple causes of action. It creates one cause of action and that cause of action necessarily involves an alleged "publication of matter violating the

5

right of privacy" under 735 ILCS 5/13-201. First, there is no question that a claim brought under IRPA necessarily involves an alleged "publication." *See Ancestry.com*, 2022 WL 4291359, at \*2; *Benitez v. KFC Nat'l Mgmt. Co.*, 714 N.E.2d 1002, 1007 (Ill. App. Ct. 1999) (holding that pre-IRPA appropriation of likeness common law tort requires "publication" as an element); *Huston v. Hearst Commc'ns, Inc.*, 53 F.4th 1097, 1101 (7th Cir. 2022) (IRPA claim requires allegation of use of likeness in product at or before publication). This follows from the text of IRPA, which requires as an element "the public use or holding out of an individual's identity," 765 ILCS 1075/5, to say nothing of *Tims*, which defines "publication" under 735 ILCS 5/13-201 broadly to include "communication of information to the general public [and] communication of information to one person," 2023 WL 1458046, at \*6. Second, an IRPA claim necessarily involves an alleged "violation of the right to privacy," as the Illinois Appellate Court explained in *Blair*. 859 N.E.2d at 1192 (recognizing legislative intent for IRPA was to "completely replace[]" the common law misappropriation claim, a privacy tort governed by the one-year statute); *accord* 765 ILCS 1075/60 (reciting legislative intent that IRPA "supplant" common-law rights and remedies).

The plain language of 735 ILCS 5/13-201 thus resolves the matter. But there is more to support this result beyond IRPA's text. The purpose of IRPA was to codify and replace the common law tort of misappropriation of likeness. *Blair*, 859 N.E.2d at 1192. When IRPA was enacted, all agreed that such claims were subject to the one-year statute. *Id*. The Illinois General Assembly thus enacted IRPA understanding that 735 ILCS 5/13-201 governed claims of this sort and did not see fit to overturn that understanding. This Court should respect that judgment and continue to follow *Blair*.

As for Plaintiff's view that the general five-year limitations period under 735 ILCS 5/13-205 applies whenever a statute does not specify a limitations period on its face, that would mean

6

virtually all of Chapter 13 of the Illinois Code of Civil Procedure—which provides limitations periods for all sorts of causes of action that lack one—would be surplusage, including sections providing for *longer* limitations periods. *E.g.*, 735 ILCS 5/13-202.1 (abolishing limitations for all civil claims arising from Class X and Class 1 felonies); 735 ILCS 5/13-202.2 (establishing 20-year limitations period for all claims arising from childhood sexual abuse); 735 ILCS 5/13-206 (establishing 10-year limitations period for all claims arising on "bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness"). The Illinois Supreme Court has said no such thing, and this Court should not read *Tims* to do so.[5]

---

[5] It also would mean that the extensive precedent holding that Section 13-205 does not apply every time an Act fails on its face to specify a statute of limitations would be overturned. *E.g.*, *Uldrych v. VHS of Ill., Inc.*, 942 N.E.2d 1274 (Ill. 2011) (holding that four-year statute of repose applicable to medical malpractice claims, not general Section 13-205 limitations period, applied to indemnification for medical malpractice claim); *Morrison v. Morrison*, No. 3-20-0243, 2021 WL 3412894, at *6 (Ill. App. Ct. Aug. 4, 2021) (holding that 40-year limitations period for claims on real estate, not general Section 13-205 limitations period, applied to quiet title claim); *Crittenden v. Clark*, No. 2-18-0282, 2018 WL 6655602, at *5 (Ill. App. Ct. Dec. 18, 2018) (holding that 40-year limitations period for claims on real estate, not general Section 13-205 limitations period, applied to declaratory judgment action related to easement); *Mitchell v. Stonecasters, LLC*, 124 N.E.3d 1001, 1011 (Ill. App. Ct. 2018) (holding that two-year limitations period applicable to claims against individuals registered under Illinois Public Accounting Act, not general Section 13-205 limitations period, applied to professional negligence claim); *Skridla v. Gen. Motors Co.*, 46 N.E.3d 945, 948-49 (Ill. App. Ct. 2015) (holding that two-year limitations period applicable to claims arising from personal injury, not general Section 13-205 limitations period, applied to spoliation of evidence claim related to wrongful death action); *Wofford v. Tracy*, 48 N.E.3d 1109, 1118-19 (Ill. App. Ct. 2015) (holding that two-year limitations period applicable to claims arising from personal injury, not general Section 13-205 limitations period, applied to spoliation of evidence claim related to negligence action); *Martin v. Securitas Sec. Servs. USA, Inc.*, No. 3-13-0721, 2014 WL 2011787, at *2 (Ill. App. Ct. May 13, 2014) (holding that two-year limitations period applicable to personal injury claims, not general Section 13-205 limitations period, applied to loss of consortium claim); *Mauvais-Jarvis v. Wong*, 987 N.E.2d 864, 894 (Ill. App. Ct. 2013) (holding that one-year limitations period applicable to defamation claims, not general Section 13-205 limitations period, applied to conspiracy to defame claim); *CBS Outdoor, Inc. v. Vill. of Itasca*, 960 N.E.2d 1212, 1216 (Ill. App. Ct. 2011) (holding that 90-day limitations period applicable to denials of petitions for special use made to municipalities, not general Section 13-205 limitations period, applied to claim relating to denial of permit application); *Gassner v. Raynor Mfg. Co.*, 948 N.E.2d 315, 323-24 (Ill. App. Ct. 2011) (holding that ten-year limitations period applicable to actions on contracts, not general Section 13-205 limitations period, applied to claim to enforce

7

In short, this Court was correct in *Ancestry.com* that IRPA applies the one-year limitations period established by 735 ILCS 5/13-201. As it is clear that the claims of Edmison and Burtle are untimely under the one-year statute of limitations, the proposed amendment is futile.

## II. Plaintiff's Attempts To Revive These Untimely Claims Are Meritless.

Apparently recognizing their claims are untimely, Plaintiff concocts a series of strained tolling arguments aimed at extending the expiration of the statute of limitations beyond May 20, 2022. But those attempts go nowhere.

### A. *American Pipe* Tolling Does Not Apply To Plaintiffs' Untimely Claims.

Plaintiff's primary tolling argument is that under *American Pipe*, the statute of limitations has been tolled since Plaintiff first filed her complaint on February 1, 2021. Dkt. 112 at 8. Her argument is without merit, however, because she relies on federal law, which is the wrong law. Under the correct law, Illinois law, there is no tolling here because the Illinois Supreme Court has resolved that "the Illinois statute of limitations is not tolled during the pendency of a class action in federal court." *Portwood v. Ford Motor Co.*, 701 N.E.2d 1102, 1104-05 (Ill. 1998).

It is well settled that "federal courts have the power to toll statutes of limitations" under *American Pipe* only "when federal law supplies the period of limitations." *Collins v. Vill. of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017) (cleaned up). Thus, when a federal court sits in diversity and addresses a claim brought under state law, as is the case here, federal courts apply state tolling rules. *E.g.*, *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 933 (7th Cir. 2018) ("Because this case comes to us under the diversity statute, we apply state substantive law.

---

settlement contract); *Johnson v. Northshore Univ. Healthsystem Healthport*, No. 1-10-0399, 2011 WL 10069086, at *2-3 (Ill. App. Ct. Mar. 31, 2011) (holding that one-year limitations period applicable to privacy torts, not general Section 13-205 limitations period, applied to claim for publication of private facts); *Kranzler v. Saltzman*, 942 N.E.2d 722, 727 (Ill. App. Ct. 2011) (holding that ten-year limitations period applicable to actions on written debt instrument, not general Section 13-205 limitations period, applied to claim seeking outstanding principal on loan).

Substantive law includes statutes of limitations and rules that are an integral part of the statute of limitations, such as tolling[.]" (cleaned up)); *Conover v. Lein*, 87 F.3d 905, 907 (7th Cir. 1996) (substantially same). That means the federal tolling rule of *American Pipe* is inapposite. *Ottaviano v. Home Depot, Inc., USA*, 701 F. Supp. 2d 1005, 1012 (N.D. Ill. 2010) (refusing application of *American Pipe* tolling because Illinois would not apply it); *see Thomas v. U.S. Bank NA ND*, 789 F.3d 900, 903 (8th Cir. 2015) (refusing application of *American Pipe* tolling because Missouri had rejected it).[6]

The choice of law is dispositive here because "the Illinois statute of limitations is not tolled during the pendency of a class action in federal court." *Portwood*, 701 N.E.2d at 1104-05. This means "the filing of … state law class actions in federal court ha[s] no effect on the running of the limitations period for [later-filed] state law claims." *Ottaviano*, 701. F. Supp. 2d at 1012-13; *see In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *31 (N.D. Ill. June 29, 2015) (applying same view to laws of other states that, like Illinois, ban "cross-jurisdictional" tolling); *Centaur Classic*, 878 F. Supp. 2d at 1017 (holding that California law aligns with Illinois law in barring tolling in "all situations where a class action is filed outside the … state court system"). Thus, Plaintiff's argument that the statute of limitations was tolled under *American Pipe* cannot save Edmison and Burtle's untimely claims.

---

[6] *Accord Casey v. Merck & Co.*, 653 F.3d 95, 100 (2d Cir. 2011) (state law governs applicability of tolling rules to state-law claims in federal court); *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1015 (C.D. Cal. 2011) (same). In support of her tolling argument, Plaintiff cites *In re Allstate Corporation Securities Litigation*, 966 F.3d 595, 614-16 (7th Cir. 2020), Dkt. 112-1 ¶32, and *Practice Management. Support Services, Inc. v. Cirque Du Soleil Inc.*, 146 F. Supp. 3d 997, 1001 (N.D. Ill. 2015), Dkt. 112 at 7-8, but those cases are inapposite because both involved claims arising under federal law, not state law.

### B. The Proposed Amended Complaint Does Not Plead A Viable Claim Of Fraudulent Concealment.

Although Plaintiff's motion does not explicitly argue that the statute of limitations should be extended based on the doctrine of fraudulent concealment, her proposed amended complaint implies as much. Dkt. 112-1 ¶¶47-50, 58-66, 85-88, 96-104. But that theory is equally deficient.

To establish fraudulent concealment under Illinois law, Edmison and Burtle must identify "affirmative acts of fraud." *Guarantee Tr. Life Ins. Co. v. Kribbs*, 68 N.E.3d 1046, 1056 (Ill. App. Ct. 2016) (rejecting application of fraudulent concealment). To do so, Edmison and Burtle bear the burden of showing that: (1) PeopleConnect either concealed a material fact from them or PeopleConnect owed them a duty to speak and yet failed to disclose a material fact; (2) PeopleConnect intended to induce a false belief in Edmison and Burtle; (3) Edmison and Burtle could not have discovered the truth through reasonable inquiry; (4) Edmison and Burtle would have acted differently had they known of the concealed information; and (5) Edmison and Burtle's reliance on PeopleConnect's statements (or silence, in light of a duty to speak) resulted in their injuries. *Ashby v. Pinnow*, 179 N.E.3d 295, 304 (Ill. App. Ct. 2020) (citation omitted); *see Prospect Dev., LLC v. Kreger*, 55 N.E.3d 64, 73 (Ill. App. Ct. 2016) (explaining that plaintiff seeking to avoid statute of limitations bears burden of proving elements). The proposed amended complaint is not sufficient to show any of these elements.

*First*, both purported acts of concealment—requiring a potential plaintiff to agree to Terms of Service before accessing portions of Classmates.com and purportedly impeding counsel's investigation of Edmison and Burtle's claims by trying to enforce those Terms of Service in other litigation, Dkt. 112-1 ¶¶66, 104—are insufficient as a matter of law.

Initially, PeopleConnect's website design did not conceal any material fact. Under their theory of liability, Edmison and Burtle could pursue their claims if they knew, first, that their

10

yearbooks are hosted on Classmates.com and, second, that Classmates.com advertises and sells paid subscriptions. Yet Edmison and Burtle take care to specify that they required *no access to the website* to discover those facts.[7] The proposed amended complaint expressly alleges that anyone can freely learn that their yearbooks appear on Classmates.com without registering. Dkt. 112-1 ¶¶45-46, 49, 60, 83-84, 87, 98 (describing "public portion" of website); *see id.* ¶¶113-16 (alleging that Loendorf's photographs are accessible without registering). Furthermore, the proposed amended complaint also alleges that everything regarding PeopleConnect's so-called "advertising techniques" are disclosed in "public filings … including the Bonilla Complaint and Loendorf Complaint previously filed in this case." *Id.* ¶¶41, 79. Plaintiff's counsel has made this same argument in other cases, noting that they themselves made that information public no later than December 2020. *See Tseng v. PeopleConnect, Inc.*, No. 3:20-cv-09203-EMC (N.D. Cal. Feb. 27, 2023), ECF No. 162 at 1 (arguing that "the filing of the initial Complaint [in December 2020] in this case revealed to the public that PeopleConnect uses the yearbook photographs in its database to advertise website subscriptions").

So under Plaintiff's theory, the information that Edmison and Burtle needed was available no later than December 2020—well more than a year before they filed. Moreover, this same information has been publicly available for more than fifteen years.[8] Thus, Plaintiff's argument

---

[7] Dkt. 112-1 ¶41 ("None of the allegations in this Complaint relating to PeopleConnect's use of Mr. Emison's [sic] name and photograph are based on any information gathered from www.classmates.com."); *id.* ¶44 ("This allegation, and the succeeding allegations related to PeopleConnect's use of Mr. Edmison's photographs, are not based on direct observation of the Classmates.com website."); *see also id.* ¶¶79, 82 (identical allegations as to Burtle).

[8] Classmates.com, *What Is A Classmates+ Membership?* (describing benefits of a paid membership), https://rb.gy/dgf4mb; Classmates.com, *Terms of Service*, (detailing provisions concerning "Paid Services"), www.classmates.com/about/terms; Jonathan Strickland, HowStuffWorks, *How Classmates.com Works*, Oct. 12, 2009 (including screenshots of the website showing purported banner advertisements and explaining that once a user registers for a free account, the website "leads the [user] to a membership form" and that "[o]nce you've filled out

11

fails because all of the information was publicly available before the statute of limitations ran. *See Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000) (rejecting fraudulent concealment claim because plaintiff failed to identify an action that stopped her from discovering claim) (citations omitted).

As for Plaintiff's suggestion that the bare existence of terms of service on a website amounts to fraudulent concealment, that is not tenable. If that were so, nearly every consumer-facing website would be excluded from the ordinary protection of statutes of limitations afforded to every other kind of defendant. Such a rule would ignore that terms of service for websites serve a host of ordinary and non-tortious business purposes, and therefore it is not surprising that Edmison and Burtle cite zero authorities in support of this contention. The specific allegation that PeopleConnect's efforts at enforcing its Terms of Service in other litigation "impede[d]" counsel's investigation fares no better, principally because both Edmison and Burtle concede their counsel could have discovered all facts material to their claims from public sources without accessing the portions of Classmates.com that require registration.[9] *See Dancor Int'l, Ltd. v. Friedman, Goldberg & Mintz*, 681 N.E.2d 617, 623 (Ill. App. Ct. 1997) (fraudulent concealment applies only if defendant's acts "*in fact* prevent inquiry or discovery") (emphasis added).

***Second***, the proposed amended complaint does not allege that PeopleConnect designed its website with the *intention* of preventing Edmison and Burtle from learning that yearbooks hosted on Classmates.com contain their names and images. Nor does it allege that PeopleConnect

---

that information, you'll be prompted to purchase a membership package"), https://rb.gy/vi7lfx; Kim Peterson, Seattle Times, *No. 2 Internet Service Provider Buying Classmates Online*, Oct. 26, 2004 (reporting that Classmates.com's "Core business" is "[s]elling subscriptions to people looking to connect with past acquaintances"), https://rb.gy/wvm4el.

[9] Moreover, the record suggests that Edmison and Burtle did not retain counsel for this matter until January 2023, by which time the limitations periods on their claims had already run. *See* Dkt. 112-1, Exs. 3, 4 (acknowledgments signed by counsel, Edmison, and Burtle). So any purported diligence by counsel on their behalf is immaterial, as it comes too late.

12

designed Classmates.com intending to prevent Edmison and Burtle from learning that PeopleConnect promotes the sale of paid subscriptions. And the proposed amended complaint does not allege that PeopleConnect's efforts at enforcing its Terms of Service were intended to stymie Edmison and Burtle from discovering their purported claims, rather than as part of a good faith attempt to protect PeopleConnect's contractual rights under its Terms of Service with users.

*Third*, the proposed amended complaint does not allege that Edmison and Burtle exercised reasonable diligence. In fact, it alleges the opposite. According to the proposed amended complaint, neither Edmison nor Burtle has ever visited Classmates.com. Dkt. 112-1 ¶¶60-64, 98-102. Even without registering for an account, Edmison and Burtle could have discovered on Classmates.com all of the information necessary to advance their alleged claims.[10] That is critical because a claim of fraudulent concealment fails if the plaintiff "retained the ability, notwithstanding the defendant's delay or resistance, to obtain information necessary to pursue his claim." *Int'l Star Registry of Ill. v. ABC Radio Network, Inc.*, 451 F. Supp. 2d 982, 987 (N.D. Ill. 2006) (citation omitted); *accord Dancor,* 681 N.E.2d at 623. Whether by visiting (and not registering with) the Classmates.com website or even by consulting any number of sources that have long been in the public record, *see supra* note 8, Edmison and Burtle could have discovered, prior to the expiration of the limitations period, that Classmates.com hosts yearbooks containing their names and images and that PeopleConnect marketed and sold paid subscriptions on its websites. Their admitted failure of diligence dooms their argument for fraudulent concealment.

*Fourth*, Edmison and Burtle do not allege that they would have sued sooner had they

---

[10] Again, the proposed amended allegations make clear that anyone can confirm, without registering, whether a particular yearbook appears on the website. *See* Dkt. 112-1 ¶¶43-46, 59-60, 81-84, 97-98 (describing "public portion" of website); *see id.* ¶¶113-116 (alleging that Loendorf's photographs are accessible without registering). And the website and its Terms of Service both disclose the website's subscription sales even to users that have not registered. *See supra* note 7.

known that yearbooks containing their names and images were hosted on Classmates.com and that Classmates.com offers paid subscriptions. That too defeats any claim of fraudulent concealment.

*Fifth*, Edmison and Burtle never allege they would have sued sooner but for their mistaken belief either that yearbooks containing their names and images were not hosted on Classmates.com or that Classmates.com does not offer paid subscriptions. Without an allegation of reliance on an inaccurate statement made to them by PeopleConnect, Edmison and Burtle simply cannot show fraudulent concealment as a matter of Illinois law.

In sum, any belated claim of fraudulent concealment that Plaintiff would raise on reply is doomed. The proposed amended complaint simply does not allege sufficient facts.

### C. The Proposed New Plaintiffs' Claims Cannot Relate Back Under Rule 15(c).

Plaintiff does not argue that Edmison and Burtle's claims relate back to the original complaint, likely because she knows that argument is without merit. Relation back under Rule 15(c) is permitted only if the original complaint was timely. Controlling is *Henderson v. Bolanda,* where the plaintiff filed an amended complaint and argued it should relate back to the original, even though the original pleading was "itself filed after the expiration of the … statute of limitations." 253 F.3d 928, 932 (7th Cir. 2001). The Court refused to allow relation back under Rule 15(c), recognizing that under both federal and Illinois law, where an original complaint is untimely, it is "a nullity" and "cannot then act as a life-line for a later [untimely] complaint." *Id.*; *see also id.* ("[I]t simply makes no sense to hold that a complaint that was dead on arrival can breathe life into another complaint." (citation omitted)). The same is true here. The yearbooks containing Loendorf's name and images were first added to the Classmates.com library in 2017—more than a year before Loendorf filed her complaint in February 2021. Berman Decl., Ex. 1. Bonilla's claim also was untimely: his yearbooks were added on March 25, 2013, yet he did not sue until January 5, 2021. Berman Decl. ¶4. Thus, because the original complaints of Loendorf

14

and Bonilla both were untimely in the first instance, neither can breathe life into the stale claims in the proposed amended complaint, and relation back under Rule 15(c) is not available.

### III. PeopleConnect Does Not Object To Amendment Of Loendorf's Claims, Though Those Too Are Untimely.

In addition to attempting to add Edmison and Burtle as plaintiffs, the proposed amended complaint revises the allegations as to Loendorf. Unlike the allegations relating to Edmison and Burtle, the proposed amended complaint does not specify when PeopleConnect added yearbooks containing Loendorf's name and images to the Classmates.com library, even though Loendorf has had this information since December 2022—long before she sought to amend her complaint. As discussed above, that information is known, has been provided to Plaintiff, and makes clear that Loendorf's claims are just as untimely as Edmison and Burtle's claims. Had that information been included, the amendment would be futile as to Loendorf as well.

Nonetheless, as that defect is not clear from the face of the proposed amended complaint, PeopleConnect does not object to the proposed amendments to Loendorf's claims. PeopleConnect does, however, expressly reserve its right to respond by raising all appropriate defenses and will do so, pursuant to the Court's order, within 21 days after the motion to amend is decided. *See* Dkt. 118. And, ultimately, the same statute of limitations principles that bar the claims of Edmison and Burtle will bar Loendorf's as well.

### CONCLUSION

For the foregoing reasons, leave to amend should be denied to the extent it seeks to add Edmison and Burtle as plaintiffs. PeopleConnect does not object to the proposed amendments as to Loendorf, however, and respectfully proposes that the Court allow Plaintiff fourteen days to file an amended complaint that includes the proposed allegations as to Loendorf, but none of the defective allegations as to Edmison and Burtle.

15

| | |
|---|---|
| Dated: March 17, 2023 | Respectfully Submitted, |
| | PEOPLECONNECT, INC. |
| | By: */s/ Wade A. Thomson* |

Wade A. Thomson, #6282174
Debbie L. Berman, #6205154
Clifford W. Berlow, #6292383
Benjamin T. Halbig, #6312973
Hope H. Tone-O'Keefe, #6330548
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
wthomson@jenner.com
dberman@jenner.com
cberlow@jenner.com
bhalbig@jenner.com
htoneokeefe@jenner.com

Ian Heath Gershengorn (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412
Telephone: 202 639-6000
Facsimile: 202 639-6066
igershengorn@jenner.com

*Attorneys for Defendant PeopleConnect, Inc.*

**CERTIFICATE OF SERVICE**

I, Wade A. Thomson, certify that on March 17, 2023, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ *Wade A. Thomson*
Wade A. Thomson