IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA LOENDORF, on behalf of herself and all others similarly situated, | Case No. 1:21-cv-00051 |
| Plaintiff, | Judge Virginia M. Kendall |
| v. | Magistrate Judge Gabriel A. Fuentes |
| PEOPLECONNECT, INC., a Delaware Corporation, | |
| Defendant. | |

**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendant PeopleConnect, Inc.'s only basis for opposing Plaintiff's motion for leave to file an Amended Complaint (Dkt. No. 112-1) is its contention that amendment would be futile. PeopleConnect implicitly concedes that Plaintiff has otherwise satisfied the good cause standard, that Plaintiff has not unduly delayed, that Plaintiff has acted in good faith, and that PeopleConnect would not be prejudiced. PeopleConnect misrepresents the futility standard by asking the Court to rule preemptively that the claims alleged in the Amended Complaint would be time-barred. Such an analysis is improper because PeopleConnect has yet to assert any statute of limitations defense in this case, and because it is not certain on the face of the Amended Complaint that a statute of limitations defense would succeed. Plaintiff is entitled to a fair opportunity to respond to any affirmative defense PeopleConnect may raise in response to the Amended Complaint.

Even were the Court to consider PeopleConnect's statute of limitations arguments at this stage, Mr. Edmison's and Mr. Burtle's claims are timely. It is well-settled law in Illinois that the filing of a class action tolls the statute of limitations for the claims of the putative class members.

Here, Plaintiff Loendorf (and the original named plaintiff, Mr. Bonilla), asserted claims identical to those Mr. Edmison and Mr. Burtle seek to bring on behalf of an identical class of Illinois residents. Mr. Edmison and Mr. Burtle were members of the classes Mr. Bonilla and Mr. Loendorf sought and seek to represent. Therefore, under a straightforward application of Illinois class action tolling law, Mr. Edmison's and Mr. Burtle's claims have been tolled since the initial complaint was filed in January 2021. PeopleConnect represented to Plaintiff's counsel that it uploaded both Mr. Edmison's and Mr. Burtle's photographs to the website <u>after</u> January 2021, and thus after PeopleConnect was on notice of the putative class members' claims. Therefore, Mr. Edmison's and Mr. Burtle's claims are timely. As shown below, PeopleConnect's sole argument against the application of class action tolling rests on a clear misreading of Illinois law.

Plaintiff's motion for leave to amend should be granted.

## **ARGUMENT**

### A.     A Potential Statute of Limitations Defense is Not Grounds for Futility.

PeopleConnect's sole argument against granting leave to amend is its assertion that amendment would be futile because Plaintiff Loendorf's and Messrs. Edmison and Burtle's claims are time-barred. A court should "freely give leave for a party to file an amended complaint when justice so requires." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (quoting Fed. R. Civ. P. 15(a)). "[W]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored." *Id.* "[C]ases of clear futility at the outset of a case are rare." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). A motion for leave to amend may be denied only "[w]here it is clear that the defect cannot be corrected." *Id.*

Here, there is no "defect" to be cured. This Court has not ruled that Plaintiff Loendorf's claims are "defective" on any ground, including the statute of limitations. PeopleConnect filed a

motion to dismiss Plaintiff Loendorf's claims on April 5, 2021, in which PeopleConnect did not assert a statute of limitations defense. *See* Dkt. No. 27 (no mention of statute of limitations). And PeopleConnect has yet to answer Plaintiff Loendorf's complaint. It would not be proper for this Court to rule Plaintiff's amendment "futile" before PeopleConnect has even asserted the affirmative defense against any plaintiff in this case. The affirmative defense of statute of limitations may be addressed by a motion to dismiss (or, more likely, a motion for summary judgment or at trial because it necessarily implicates facts), not on a motion for leave to amend. Due process and the Federal Rules afford Plaintiff the opportunity to respond to any affirmative defense PeopleConnect may raise.[1]

Even had PeopleConnect asserted a statute of limitations defense in a motion to dismiss or answer (it has not), the assertion of an affirmative defense, such as statute of limitations, is not a proper ground for a finding of futility, "[u]nless it is certain from the face of the complaint" that the affirmative defense would succeed. *See Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). As a court in this District recently observed in *Campbell v. Freedom Mortg. Corp.*, 22-cv-1479, 2023 WL 1345652, at *2 (N.D. Ill. Jan. 31, 2023), "[c]omplaints need not anticipate and plead around affirmative defenses, like a statute-of-limitations defense, so a motion for leave to amend should only be denied where the complaint 'plainly reveal[s]' that the action is time-barred." Here, PeopleConnect has failed to show it is "certain from the face of the complaint" that its hypothetical statute of limitations defense would

---

[1] PeopleConnect fails to cite a single case where a court denied a motion for leave to amend on the ground of futility <u>before</u> having ruled that the initial complaint was defective. *C.f. Naperville Smart Meter Awareness v. City of Naperville*, 900 F.3d 521, 525 (7th Cir. 2018) (district court held further amendment would be futile only after "dismiss[ing] two . . . complaints without prejudice); *Weston v. Illinois Dep't of Human Servs.*, 11-cv-8792 (N.D. Ill. Apr. 16, 2012) (holding amendment would be futile after "[t]he Court . . . dismissed [the plaintiff]'s case.").

succeed. With respect to Plaintiff Loendorf, the proposed Amended Complaint contains no allegations regarding when PeopleConnect uploaded her photograph and began using it to advertise subscriptions, and therefore does not support even a prima facie argument that a statute of limitations defense applies. *See* Dkt. No. 112-1, at ¶¶105-122. With respect to Messers. Edmison and Burtle, the proposed Amended Complaint alleges that: (1) PeopleConnect represented to their counsel that it uploaded both Mr. Edmison's and Mr. Burtle's photographs to the website <u>after</u> Mr. Bonilla and Ms. Loendorf filed class claims on their behalf, *see id.*, ¶¶31-32, 70-71; and (2) that PeopleConnect "deliberately concealed" Mr. Edmison's and Mr. Burtle's claims by, among other actions, "deleting accounts it knew counsel were using to investigate their clients' claims" and "refusing counsel's repeated requests that PeopleConnect provide counsel access to www.classmates.com for the purpose of investigating their clients' claims." *Id.*, ¶¶58, 66. The former allegations support Plaintiff's contention that any statute of limitations defense would fail as a matter of law due to class action tolling (*see* Part B *below*). And the latter allegations support Plaintiff's contention that, even if class action tolling did not apply, equitable tolling applies under the doctrine of fraudulent concealment (*see* Part C *below*). Given the allegations in the Amended Complaint, the Court cannot resolve at this stage whether a statute of limitations defense would succeed, which is all that is required to defeat PeopleConnect's claim of "futility."

As PeopleConnect admits, the relevant standard is the same that applies on a motion to dismiss. *See* Dkt. No. 119, at *4 (citing *Naperville Smart Meter Awareness v. City of Naperville*, 900 F.3d 521, 526 (7th Cir. 2018)). "[A] motion to dismiss based on a failure to comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014). Applying this standard, this Court recently

4

*denied* PeopleConnect's motion to dismiss a parallel claim on statute of limitations grounds, noting that PeopleConnect's "statute-of-limitations defense requires further factual development and the benefit of full briefing." *Mackey v. PeopleConnect, Inc.*, No. 22-cv-342, Dkt. No. 76 (N.D. Ill. Mar. 17, 2023). The same is true here.

### B. Class Action Tolling Applies to Mr. Edmison's and Mr. Burtle's Claims.

Even were the Court to consider the merits of PeopleConnect's hypothetical statute of limitations defense at this stage, Mr. Edmison's and Mr. Burtle's claims are timely. Illinois has adopted *American Pipe* tolling. Thus, under Illinois law, "upon the filing of a class action, the statute of limitations is normally tolled for all putative plaintiffs." *Hess v. I.R.E. Real Est. Income Fund, Ltd.*, 255 Ill. App. 3d 790, 807, 629 N.E.2d 520, 531 (1993) (citing *Am. Pipe & Constr. Co. v. Utah,* 414 U.S. 538 (1974)); *see also Willoughby v. Vill. of Fox Lake*, No. 17 CV 2800, 2018 WL 6324917, at *2 (N.D. Ill. Dec. 4, 2018) ("Illinois recognizes the *American Pipe* tolling doctrine…"); *Mabry v. Vill. of Glenwood*, 2015 IL App (1st) 140356, ¶ 19, 41 N.E.3d 508, 512 (Illinois follows *American Pipe's* holding that "commencement of the class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit continued as a class action.") (citing *Steinberg v. Chicago Medical School*, 69 Ill. 2d 320, 342 (1977)).

Here, Mr. Edmison and Mr. Burtle's claims satisfy the conditions for class action tolling laid out in *Mabry* and *Steinberg*. Mr. Bonilla filed suit on January 5, 2021, asserting claims on behalf of a class of "all Illinois residents . . . whose names, photographs, images, and/or likenesses were extracted from yearbooks by Classmates and placed on the Classmates website . . . without Classmates obtaining their consent." Case No. 21-cv-00051, Dkt. No. 1, ¶48 (N.D. Ill.). Likewise, Ms. Loendorf filed suit on February 2, 2021, asserting claims on behalf of an identical class. Case

No. 21-cv-00610[2], Dkt. No. 1, ¶30 (N.D. Ill.). In the proposed Amended Complaint (Dkt. No. 112-1, ¶¶32, 71), Mr. Edmison and Mr. Burtle are "asserted members of the class[es]" Mr. Bonilla and Ms. Loendorf alleged. *See Mabry*, 2015 IL App (1st) 140356, ¶19. And Mr. Edmison's and Mr. Burtle's claims were clearly timely when Mr. Bonilla and Ms. Loendorf asserted claims on their behalf. Indeed, PeopleConnect admits that it uploaded Mr. Edmison's and Mr. Burtle's photographs <u>after</u> the relevant class claims were already pending. *See* Dkt. No. 112-1, ¶¶31, 70. Accordingly, under the Illinois class action tolling doctrine, the statute of limitations for Mr. Edmison's and Mr. Burtle's claims has been tolled since January 5, 2021.

The application of class action tolling on these facts accords with the purposes tolling is meant to achieve. Tolling is "designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions." *Mabry*, 2015 IL App (1st) 140356, ¶31 (quoting *Am. Pipe*, 414 U.S. at 554). As applied here, members of the classes Mr. Bonilla and Ms. Loendorf initially sought to represent are entitled to rely on Mr. Bonilla's and Ms. Loendorf's pursuit of their claims on their behalf and need not file "unnecessary" and "repetitious" complaints. Furthermore, class action tolling "is in no way inconsistent with the functional operation of a statute of limitations." *Practice Mgmt. Support Servs., Inc. v. Cirque Du Soleil, Inc.*, 146 F. Supp. 3d 997, 1001 (N.D. Ill. 2015) (quoting *Am. Pipe*, 414 U.S. at 554). Statutes of limitation are designed to "prevent surprises through the revival of claims that have been allowed to slumber." *Id.* But where, as here, "a plaintiff purporting to represent a class commences a suit, he notifies the defendants not only of the substantive claims . . . but also of the . . . generic identities of the potential plaintiffs who may participate in the judgment." *Id*. Here, PeopleConnect cannot claim to be "surprise[d]" by Mr. Edmison's and Mr. Burtle's claims. *See id*. Indeed, PeopleConnect knew Mr. Bonilla and Ms.

---

[2] On March 12, 2021, Ms. Loendorf's case (No. 21-cv-610) was related and consolidated with Mr. Bonilla's case (No. 21-cv-51). See Case No. 21-cv-610, Dkt. No. 6.

Loendorf asserted class claims on behalf of Illinois residents, and nevertheless uploaded Mr. Edmison's and Mr. Burtle's photographs from an Illinois yearbook to its website <u>after</u> Mr. Bonilla and Ms. Loendorf filed their class claims. *See* Dkt. No. No. 112-1, at ¶¶31, 70.

PeopleConnect's sole argument that class action tolling does not apply to Mr. Edmison's and Mr. Burtle's claims rests on a misreading of the term "cross-jurisdictional." *See* Dkt. No. 119, at *9-10. PeopleConnect argues that Illinois does not recognize "cross-jurisdictional class action tolling." *See, e.g.*, *Portwood v. Ford Motor Co.*, 183 Ill. 2d 459, 463-67 (Ill. 1998). But this case does not involve cross-jurisdictional tolling. As the cases PeopleConnect cites make clear, "cross-jurisdictional" refers to a situation in which a plaintiff "file[s] in Illinois state court after denial of class certification in federal court." *Id.* at 464. That is, "cross-jurisdictional tolling" applies only when a plaintiff seeks to toll the statute of limitations in one jurisdiction based on a class action filed in another.[3] A court in this District recently explained:

> Although Illinois does not adopt *American Pipe* tolling in the cross-jurisdictional context, cross-jurisdictional refers to situations where the same claims have been filed in different forums. Because this is not a situation where the two cases crossed state and federal jurisdictions, cross-jurisdictional tolling prohibitions do not apply.

*Wiggins v. Ill. Bell Tel. Co.*, No. 15-cv-02769, 2015 WL 6408122, at n.5 (N.D. Ill. Oct. 22, 2015) (cleaned up); *see also Phillips v. WellPoint, Inc.*, 900 F. Supp. 2d 870, 881-82 (S.D. Ill. Sept. 27, 2012) (same); *Villanueva v. Davis Bancorp, Inc.*, No. 09-cv-7826, 2011 WL 2745936, at *5 (N.D. Ill. 2011) (same). Here, as in *Wiggins*, *Phillips*, and *Villanueva*, Plaintiff and Messrs. Edmison and Burtle have not "crossed state and federal jurisdictions," and therefore the Illinois rule against "cross-jurisdictional" tolling plainly does not apply. In *Portwood*, 183 Ill. 2d at 465, the Illinois

---

[3] *See also Phillips v. WellPoint, Inc.*, 900 F. Supp. 2d 870, 881 (S.D. Ill. Sept. 27, 2012) (noting that *Portwood* "made it clear that the Illinois statute of limitations would not toll for a case filed in an Illinois court subsequent to a class action filed in federal court."); *Edelson PC v. Bandas Law Firm PC*, No. 16-cv-11057, 2018 WL 3496085, at *6 (N.D. Ill. July 20, 2018) (same).

7

Supreme Court explained that the rule is designed to avoid "increas[ing] the burden on [Illinois'] court system, because plaintiffs from across the country may elect to file a subsequent suit in [Illinois] solely to take advantage of its generous tolling rule." That concern does not apply where, as here, a plaintiff seeks to toll the statute of limitations based on a class action complaint previously filed in the same court (and indeed in the same case). "Tolling the statute of limitations . . . is sound policy when both actions are brought in the same court system." *Id*. at 464. Because this case does not involve cross-jurisdictional tolling, PeopleConnect's sole argument against the application of class action tolling fails. Therefore, should this Court rule on PeopleConnect's purported statute of limitations defense at this stage, it should find that Mr. Edmison's and Mr. Burtle's claims are timely. At the very least, it is not "certain" on the face of the complaint that any statute of limitations defense would succeed. Plaintiff's motion to amend should therefore be granted.

### C. There is an Issue of Fact Regarding Whether PeopleConnect Fraudulently Concealed Mr. Edmison's and Mr. Burtle's Claims.

Even were class action tolling unavailable, the statute of limitations was tolled because PeopleConnect fraudulently concealed Mr. Edmison's and Mr. Burtle's claims. *In re Paraquat Prod. Liab. Litig.*, No. 3:21-MD-3004-NJR, 2022 U.S. Dist. LEXIS 26303, at *3 (S.D. Ill. Feb. 14, 2022) ("To establish fraudulent concealment of a cause of action in Illinois, a plaintiff must show affirmative acts by the defendant which were designed to prevent, and in fact did prevent, the discovery of the claim.") (cleaned up). The standard for fraudulent concealment implicates issues of fact and is therefore not properly decided on a motion for leave to amend. *See Ashby v. Pinnow*, 2020 IL App (2d) 190765, ¶34 ("the determination of the point at which the limitations period commenced running is a question of fact."). The proposed Amended Complaint alleges some, but not all, of the facts supporting a finding of fraudulent concealment in this case. *See, e.g.*,

8

Dkt. No. 112-1, at ¶66 (stating among other facts that PeopleConnect "delete[d] accounts it knew counsel were using to investigate their client's claims" and "threatened counsel with legal action should they continue to visit www.classmates.com to investigate their clients' claims."). That Plaintiff would introduce evidence of fraudulent concealment further emphasizes that it is far from "certain" whether any statute of limitations defense would succeed. Accordingly, Plaintiff's motion for leave to amend should be granted.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Plaintiff's Motion for Leave to File an Amended Complaint should be granted.

Dated: March 31, 2023               Respectfully Submitted,

                                    By: /s/ *Raina C. Borrelli*
                                        Raina C. Borrelli
                                        Samuel J. Strauss
                                        TURKE & STRAUSS LLP
                                        613 Williamson St., Suite 201
                                        Madison, WI 53703
                                        Telephone: (608) 237-1775
                                        Facsimile: (608) 509-4423
                                        raina@turkestrauss.com
                                        sam@turkestrauss.com

                                        Michael F. Ram (*pro hac vice*)
                                        Marie N. Appel (*pro hac vice*)
                                        MORGAN & MORGAN
                                        COMPLEX LITIGATION GROUP
                                        711 Van Ness Avenue, Suite 500
                                        San Francisco, CA 94102
                                        Telephone: (415) 358-6913
                                        Facsimile: (415) 358-6923
                                        mram@forthepeople.com
                                        mappel@forthepeople.com

                                        Benjamin R. Osborn (*pro hac vice*)
                                        102 Bergen Street
                                        Brooklyn, NY 11201
                                        Telephone: (347) 645-0464

ben@benosbornlaw.com

Shannon M. McNulty
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 31st Floor
Chicago, Illinois 60602
Telephone: (312) 899-9090
Facsimile: (312) 251-1160
SMM@cliffordlaw.com

*Attorneys for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 31st day of March, 2023.

                                          TURKE & STRAUSS LLP

                                          By: */s/ Raina C. Borrelli*
                                                 Raina C. Borrelli
                                                 raina@turkestrauss.com
                                                 TURKE & STRAUSS LLP
                                                 613 Williamson St., Suite 201
                                                 Madison, WI 53703
                                                 Telephone: (608) 237-1775
                                                 Facsimile: (608) 509-4423