**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DEVIN EDMISON, MICHAEL BURTLE, and THERESA LOENDORF, individually and on behalf of all others similarly situated, | Case No. 1:21-cv-00051 |
| Plaintiffs, | Judge Virginia M. Kendall |
| v. | **JURY TRIAL DEMANDED** |
| PEOPLECONNECT, INC., a Delaware Corporation, | |
| Defendant. | |

**FIRST AMENDED CLASS ACTION COMPLAINT**
**FOR VIOLATION OF 765 ILCS 1075/1 *et seq.* AND UNJUST ENRICHMENT**

Plaintiffs DEVIN EDMISON, MICHAEL BURTLE, and THERESA LOENDORF ("Plaintiffs"), by and through their attorneys, make the following allegations on information and belief, except as to factual allegations pertaining to Plaintiffs, which are based on personal knowledge.

**INTRODUCTION**

1.    Plaintiffs bring this class action complaint against PEOPLECONNECT, INC., which owns and operates the website Classmates.com, for willfully misappropriating the photographs, likenesses, images, and names of Plaintiffs and the class; willfully using those photographs, likenesses, images, and names to advertise monthly subscription plans; and willfully selling access to those photographs, likenesses, images, and names as part of its products; without obtaining prior consent from Plaintiffs and the class.

2.    PeopleConnect's business model relies on extracting personal information from school yearbooks, including names, photographs, schools attended, and other biographical

information. PeopleConnect paid third parties to digitally scan and extract the names and photographs of millions of students, then created a database on which users may search by name and location for the photograph of any student. PeopleConnect uses student names and photographs to advertise and promote subscriptions to www.classmates.com costing $3 per month. PeopleConnect advertises by providing limited access to low-resolution versions of student photographs for free on its website. Users who click to see a higher-resolution photograph, or who attempt to view more than two student photographs, are presented with messages soliciting monthly subscription plans.

3.     Although PeopleConnect uses individual student names and photographs to advertise its subscription product, the product itself is far broader than access to the individual student's photograph. When users purchase a monthly subscription to Classmates.com, they receive: access to millions of full-resolution student photographs from hundreds of thousands of yearbooks; the ability to search for school friends by their current location; visibility into who has visited the subscriber's profile; and the ability to read and reply all messages sent by other Classmates subscribers.

4.     According to the Classmates.com website, the Classmates Yearbook Collection contains photographs from over 400 thousand yearbooks. While PeopleConnect does not publish figures about the total number of photographs in the Collection and does not breakdown the number of yearbooks in its collection by state, it is likely the Collection contains records corresponding to millions of Illinoisans.

5.     PeopleConnect has not received consent from, given notice to, or provided compensation to the millions of Illinoisans whose names, photographs, biographical information, and images appear in its Classmates Yearbook Collection.

6. The names, photographs, cities of residence, schools attended, likenesses, and images contained in the Classmates Yearbook Collection uniquely identify specific individuals.

7. PeopleConnect uses the names, photographs, cities of residence, schools attended, likenesses, and images in its Classmates Yearbook Collection for the commercial purpose of advertising and promoting the sale of its "CM+" subscription plan, which retails for up to $3 per month.

8. PeopleConnect is the sole author, designer, and implementor of the advertising techniques and messages giving rise to this lawsuit. PeopleConnect does not host user-generated content on any part of the Classmates website relevant to this lawsuit. PeopleConnect is the sole curator, designer, and creator of the content described in this Complaint.

9. PeopleConnect pays licensing fees to third parties in exchange for the right to make commercial use of Plaintiffs' and Class Members' photographs as children. That PeopleConnect pays such fees confirms that PeopleConnect ascribes economic value to their names and likenesses.

10. PeopleConnect misappropriated Plaintiffs' and Class Members' photographs without permission from Plaintiffs or the Class, the photographers who took the pictures, the authors who created the school yearbooks, or the publishers of the school yearbooks.

11. PeopleConnect received no indication from yearbook authors or publishers that the authors or publishers intended their work to be published on the Internet or used to promote Classmates.com subscriptions.

12. PeopleConnect does not hold copyright in Plaintiffs' or Class members' yearbooks, nor does it have permission from the copyright holder to republish or distribute Plaintiffs' or Class members' yearbooks.

13.     Consent is not all or nothing. Plaintiff and the Class had their photographs taken for school yearbooks intended solely for print distribution among a narrow circle of friends, family, and schoolmates. Plaintiffs and the Class did not consent to the commercial use of their photographs to promote a website they have never used and do not approve of.

14.     PeopleConnect uses the names, photographs, cities of residence, schools attended, and identities in its Classmates Yearbook Collection on its products, and in connection with the offering for sale of its products, by selling access to the records to paying subscribers via its "CM+" online membership plan.

15.     By using Plaintiffs' and Class Members' photographs, names, and personas in advertisements for website subscriptions without consent, PeopleConnect violated their intellectual property and privacy rights. Plaintiffs and the Class have the right not to have their personas exploited to promote a product with which they have no relationship and no interest in supporting. Plaintiffs and the Class have an economic interest in their personas, which PeopleConnect has stolen, and a privacy interest in their personas, which PeopleConnect has violated.

16.     These practices, as further detailed in this complaint, violate the Illinois right to publicity as codified in 765 ILCS 1075/1 *et seq.* and Illinois common law protecting against Unjust Enrichment. Plaintiffs and the Class have suffered injury through the unlawful taking of their valuable intellectual property; through the invasion of their privacy rights protected by statute and common law; through PeopleConnect's unlawful profiting from its exploitation of their names, personas, and personal information; and through harm to peace of mind. Plaintiffs and the Class are entitled to relief including statutory damages, disgorgement of profits, royalties for the use of their personas, restitution of the value of their personas, an injunction prohibiting

PeopleConnect's unlawful conduct, the award of attorneys' fees, expenses, and costs, and declaratory relief.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), because: (A) members of the putative class are citizens of a state different from at least one defendant. According to available public records, defendant PeopleConnect Inc. is incorporated in Delaware and has its principal place of business in Seattle, Washington. The class members are residents of Illinois. (B) The proposed class consists of at least 100 members. PeopleConnect advertises that its Classmates Yearbook Collection comprises records collected from "over 400,000 yearbooks." While PeopleConnect does not publish statistics concerning the total number of records in each yearbook, or a breakdown by state, a conservative estimate would place the number of individual records corresponding to Illinoisans in the millions. And (C) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. 765 ILCS 1075/1 *et seq.* provides for damages equal to the greater of $1,000 per violation or the actual damages suffered by the Plaintiffs, plus exemplary and/or punitive damages in the case of knowing use without consent. Given millions of likely records in Illinois, the amount in controversy is well over the jurisdictional amount.

18.     This Court has personal jurisdiction over the claims of Plaintiffs and the non-named class members. PeopleConnect has purposefully conducted business activities in Illinois, and this lawsuit arises directly from its activities in Illinois.

19.     PeopleConnect knowingly advertises using the photographs as children and personal information of Illinois residents. PeopleConnect licenses tens of thousands of yearbooks from Illinois schools, whose alumni it knows are highly likely to live in Illinois. This lawsuit

arises from PeopleConnect's practice of acquiring names and photographs of Illinois residents and use of those names and photographs to advertise subscriptions.

20.     PeopleConnect knowingly markets and advertises its products and services to Illinois residents. The yearbook search function allows users to limit their searches to encompass only Illinois schools. Upon accessing the website for the first time, the very first screen users see asks them to specify which state they attended high school. Illinois is listed as an option:



21.     PeopleConnect's marketing and advertising to Illinois residents is directly related to the claims in this lawsuit. PeopleConnect encourages users of the free version of its website to search for people from their own high school. In other words, it uses free limited access to names and photographs from Illinois high schools primarily to advertise to people who attended those same Illinois high schools, and are themselves highly likely to be Illinois residents.

22.     Although Plaintiffs cannot know precise figures without discovery, upon information and belief, PeopleConnect has many thousands of monthly subscribers who are Illinois residents, many of whom subscribed after seeing free previews featuring Illinois residents.

23.     The harms alleged in this lawsuit were all felt in Illinois. This includes the denial

of Illinoisan's statutory rights to control their likenesses, the taking of Illinoisan's likenesses without economic compensation, and the denial of Illinoisan's common law right to freedom from intrusion upon seclusion.

24.     PeopleConnect knows its business activities in Illinois subject it to the jurisdiction of Illinois courts. PeopleConnect owns several websites with similar business practices, including Classmates.com, Intelius.com, and InstantCheckmate.com, all of which have been the subject of lawsuits in Illinois. This includes a recent lawsuit against InstantCheckmate alleging violations of the IRPA in which a court in this District rejected PeopleConnect's argument against personal jurisdiction, *Lukis v. Whitepages Inc.*, 454 F. Supp. 3d 746 (N.D. Ill. 2020); and a lawsuit brought by the Attorney General of Illinois against Classmates alleging deceptive marketing practices.[1]

25.     Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this district. A substantial portion of the class members reside in this state and district. Named Plaintiff Theresa Loendorf resides in this district.

## INTRADISTRICT VENUE

26.     Venue in this Division of the District is proper because a substantial part of the events or omissions which give rise to the claim occurred in this division. Plaintiff Theresa Loendorf resides in Buffalo Grove, a village on the border between Lake and Cook Counties.

---

[1] *See https://illinoisattorneygeneral.gov/pressroom/2015_05/20150526.html*

## PARTIES

**Defendant Classmates**

27.     Defendant PEOPLECONNECT, INC. is a Delaware corporation with its headquarters in Seattle, Washington. It conducts business under the brand names "Classmates.com," "Classmates," and other brand names associated with the various website and services it owns and operates, including "Intelius" and "InstantCheckmate." It conducts business throughout this district, Illinois, and the United States. PeopleConnect, Inc. owns and operates the website Classmates.com.

**Plaintiff Devin Edmison**

28.     Plaintiff Devin Edmison is a resident of Sangamon County, Illinois.

29.     Mr. Edmison has never visited, used, or subscribed to the website Classmates.com.

30.     Mr. Edmison attended Glenwood High School in Chatham, Illinois, from which he graduated in 2019.

31.     On February 8, 2023, counsel for PeopleConnect informed Plaintiffs' counsel that Mr. Edmison's yearbook photographs were "added to Classmates.com on May 20, 2021." *See* **Ex. 1**.

32.     Mr. Edmison's claims are functionally identical to the claims Plaintiff Sergio Bonilla filed before this Court on January 5, 2021, and to the claims Ms. Loendorf filed before this Court on February 2, 201. *See* No. 21-cv-00051, Dkt. No. 1 ("Bonilla Complaint"); No. 21-cv-00610, Dkt. No. 1 ("Loendorf Complaint"). Mr. Edmison is a member of the Classes Mr. Bonilla and Ms. Loendorf alleged in their complaints. *See Bonilla* Complaint, at ¶48; *Loendorf* Complaint, at ¶30. Accordingly, the statute of limitations was tolled for Mr. Edmison at least from the time Mr. Bonilla filed his Complaint. *See Carpenters Pension Tr. Fund v. Allstate Corp.*

*(In re Allstate Corp. Sec. Litig.)*, 966 F.3d 595, 614-16 (7th Cir. 2020). Mr. Edmison's claims are therefore timely.

33.     Mr. Edmison has never provided consent to PeopleConnect, written or otherwise, for its use of his name, photograph, and identity.

34.     PeopleConnect has never notified, requested consent from, or provided compensation to Mr. Edmison for its appropriation of his name, photograph, and identity.

35.     There is no agreement to arbitrate between Mr. Edmison and PeopleConnect. Mr. Edmison has never visited the Classmates.com website and has never seen or agreed to any PeopleConnect or Classmates Terms of Service. At no time has Mr. Edmison believed any agreement between himself and PeopleConnect exists or existed.

36.     Counsel on behalf of Mr. Edmison sent a letter to PeopleConnect's counsel on January 25, 2023. **Ex. 2**. Counsel wrote that "Mr. Edmison and Mr. Burtle do not agree, and have never agreed, to arbitrate their claims against PeopleConnect. Mr. Edmison and Mr. Burtle expressly disclaim and repudiate any purported agreement to arbitrate." *Id*. The letter also stated that "to ensure that PeopleConnect does not misrepresent or misunderstand Mr. Edmison's, Mr. Burtle's, and their counsel's unequivocal intentions **not** to enter any agreement to arbitrate, Mr. Edmison and Mr. Burtle both signed" Acknowledgements attached to the letter. *Id.* (Emphasis in original.)

37.     In his signed Acknowledgment attached to the January 25 letter, Mr. Edmison acknowledged and confirmed that: (1) he "expressly disclaims and repudiates any purported agreement to arbitrate"; (2) he "has never seen or agreed to any terms of service or any other agreement" with PeopleConnect; (3) he "has no knowledge of any terms, material or otherwise, that might exist in any agreement to arbitrated [PeopleConnect] might have with anyone"; (4) he

"does not believe any agreement to arbitrate exists" between himself and PeopleConnect; (5) he "does not believe [he] is bound by any agreement to arbitrate that may exist between [PeopleConnect] and any other person," including his attorneys. **Ex. 3**.

38.     Mr. Edmison also acknowledged and confirmed that he "instructed his [counsel]": (1) "[n]ot to enter any agreement to arbitrate with PeopleConnect on [his] behalf"; (2) [t]o pursue this action in federal or state court and not in an arbitral forum"; (3) "[t]o inform [PeopleConnect] on [his] behalf that [he] does not affirm or ratify any agreement to arbitrate that might exist now, that might exist in the future, or that [PeopleConnect] might claim exists or existed"; and (4) "[t]o inform [PeopleConnect] on [his] behalf that [he] expressly disaffirms, disavows, and repudiates any agreement to arbitrate that might exist now, that might exist in the future, or that [PeopleConnect] might claim exists or existed." *Id.*

39.     Mr. Edmison hereby again disaffirms, disavows, and repudiates any agreement to arbitrate.

40.     None of the allegations in this Complaint relating to PeopleConnect's use of Mr. Emison's name and photograph are based on any information gathered from www.classmates.com. Rather, Mr. Edmison's allegations are based on: (1) PeopleConnect's representation to his counsel that Mr. Edmison's yearbook photographs became part of the Classmates Yearbook Database on May 20, 2021; and (2) the fact that PeopleConnect incorporates each of the yearbook photographs in its database into advertisements for website subscriptions in the same way. Descriptions of PeopleConnect's advertising techniques and the relevant functioning of its website appear in public filings available to Mr. Edmison, including the Bonilla Complaint and Loendorf Complaint previously filed in this case.

41.     Mr. Edmison highly values his personal privacy and intellectual property. He

highly values the ability to control and prevent the commercial use of his identity without consent.

42.    PeopleConnect uses Mr. Edmison's yearbook photograph as a minor child in advertisements promoting website subscriptions. PeopleConnect possesses at least one photograph of Mr. Edmison it uses for this purpose, which it appropriated without his permission from his yearbook from Glenwood High School. *See* **Ex. 1** (communication from PeopleConnect's counsel admitting photographs from Mr. Edmison's yearbook are searchable on Classmates.com).

43.    PeopleConnect incorporates Mr. Edmison's photograph in advertisements for website subscriptions in the same way it incorporates Ms. Loendorf's photographs, *see below*, and Mr. Bonilla's photographs. *See Bonilla* Complaint. This allegation, and the succeeding allegations related to PeopleConnect's use of Mr. Edmison's photographs, are not based on direct observation of the Classmates.com website. Rather, these allegations are based on Plaintiffs' knowledge that PeopleConnect incorporates all yearbook photographs in its database into advertisements in the same way.

44.    PeopleConnect provides a publicly accessible webpage on which users may search, and have searched, by name and/or location for Mr. Edmison and other Class members.

45.    Users who searched for Mr. Edmison received in response a list of results, which include low-resolution photographs depicting Mr. Edmison as a child.

46.    Users who clicked on Mr. Edmison's photographs seeking higher-resolution versions, or who attempted to view more than a proscribed number of photographs, received a pop-up message asking the user to register with the site and agree to the Terms of Service. The user was required to interact with the pop-up to continue viewing Mr. Edmison's photographs.

47.    After a user agreed to the Terms and registered with the site, PeopleConnect

displayed a screen soliciting the purchase of a paid subscription to Classmates.com.

48.     PeopleConnect's sole purpose in using Mr. Edmison's photograph, name, and identity on the free version of its website is to solicit the purchase of paid subscriptions to www.classmates.com.

49.     Mr. Edmison does not know how PeopleConnect obtained his photographs as a child. On information and belief, it is likely PeopleConnect obtained his photographs by paying a licensing fee to a third party in exchange for digitized copies of Mr. Edmison's photographs and the right to make commercial use of those copies.

50.     PeopleConnect misappropriated Mr. Edmison's photographs without permission from Mr. Edmison, the photographer who took his pictures, the authors who created his yearbooks, or the publishers of his yearbooks.

51.     PeopleConnect does not hold a copyright in yearbooks from Mr. Edmison's school, nor does it have permission from the copyright holder the republish or distribute the yearbooks or the photographs contained therein.

52.     Mr. Edmison has intellectual property and privacy interests in his photographs, name, likeness, and persona recognized by Illinois statutory and common law. He has the right to exclude anyone from making commercial use of his persona without his permission.

53.     PeopleConnect has injured Mr. Edmison by taking his intellectual property without compensation; by invading his privacy rights protected by statute; by unlawfully profiting from its exploitation of his personal information; and by disturbing his peace of mind.

54.     Mr. Edmison is upset and disturbed by PeopleConnect's commercial use of his name, photograph, and persona without his consent. Mr. Edmison believes his persona is rightly his to control. Mr. Edmison does not support or endorse the website www.classmates.com. He

finds it offensive to his dignity that PeopleConnect is using his name and photograph without his permission to advertise a product of which he does not approve.

55.     PeopleConnect's illegal use of his name and photograph has left Mr. Edmison worried and uncertain about his inability to control how his name and personality are used.

56.     Mr. Edmison is deeply uncomfortable in the knowledge that PeopleConnect is using his name and photographs as a minor to promote a service he does not support.

57.     PeopleConnect deliberately concealed its commercial use of Mr. Edmison's photograph from Mr. Edmison. He could not have discovered PeopleConnect's illegal use of his name and photograph without the assistance of his counsel.

58.     As alleged above and shown in the screenshots below, PeopleConnect's advertisements incorporating Mr. Edmison's name and likeness do not solicit paid subscriptions until after the user has created an account agreed to the Terms. Accordingly, Mr. Edmison could not have discovered PeopleConnect's commercial use of his name and photograph to advertise without creating an account on PeopleConnect and agreeing to the Terms.

59.     Even had Mr. Edmison visited the public portion of the Classmates.com website and discovered the low-resolution versions of his photographs, he would not have created an account or agreed to the Terms.

60.     Account registration requires that the user share their name and email address with PeopleConnect. Mr. Edmison did not and does not wish to share this information with PeopleConnect. Mr. Edmison does not want PeopleConnect to profit from or use his personal information in any way. Nor does he trust that PeopleConnect would properly safeguard his name and email address.

61.     Mr. Edmison's fears on this front are well-founded. This month PeopleConnect

admitted to a data breach in which the names and email addresses of tens of millions of its users were exposed. *See* https://www.idstrong.com/sentinel/peopleconnect-data-breach/

62.     Account registration also requires that the user agree to the Terms. Although Mr. Edmison has never seen any PeopleConnect Terms and does not know what they contain, Plaintiffs' counsel have explained to Mr. Edmison that the Terms include a number of provisions designed to impede a potential plaintiff from bringing suit in court. Had Mr. Edmison visited www.classmates.com for the purpose of investigating a potential legal claim, he would not have agreed to any restrictions on his ability to bring suit. Accordingly, he would not have agreed to the Terms.

63.     Because Mr. Edmison would not have been willing to create an account on www.classmates.com, he could not have learned that PeopleConnect uses his low-resolution photographs to promote subscriptions. By placing the solicitation webpage behind the page requiring account creation and agreement to the Terms, PeopleConnect concealed Mr. Edmison's cause of action from Mr. Edmison.

64.     PeopleConnect also concealed Mr. Edmison's cause of action from his counsel by deliberating impeding their investigation of his claim.

65.     PeopleConnect's affirmative actions aimed at concealing Mr. Edmison's cause of action from his counsel include, but are not limited to: (1) deleting accounts it knew counsel were using to investigate their clients' claims; (2) refusing counsel's repeated requests that PeopleConnect provide counsel access to www.classmates.com for the purpose of investigating their clients' claims; (3) blocking counsel's email addresses from creating accounts; (4) threatening counsel with legal action should they continue to visit www.classmates.com to investigate their clients' claims; and (5) refusing to recognize counsels' valid opt-outs of the

arbitration clause in PeopleConnect's Terms.

**Plaintiff Michael Burtle**

66.     Plaintiff Michael Burtle is a resident of Sangamon County, Illinois.

67.     Mr. Burtle has never visited, used, or subscribed to the website Classmates.com.

68.     Mr. Burtle attended Glenwood High School in Chatham, Illinois, from which he graduated in 2019.

69.     On February 8, 2023, counsel for PeopleConnect informed Plaintiffs' counsel that Mr. Burtle's yearbook photographs were "added to Classmates.com on May 20, 2021."

70.     For the same reasons articulated above with respect to Mr. Edmison, Mr. Burtle's claims are timely.

71.     Mr. Burtle has never provided consent to PeopleConnect, written or otherwise, for its use of his name, photograph, and identity.

72.     PeopleConnect has never notified, requested consent from, or provided compensation to Mr. Burtle for its appropriation of his name, photograph, and identity.

73.     There is no agreement to arbitrate between Mr. Burtle and PeopleConnect. Mr. Burtle has never visited the Classmates.com website and has never seen or agreed to any PeopleConnect or Classmates Terms of Service. At no time has Mr. Burtle believed any agreement between himself and PeopleConnect exists or existed.

74.     Counsel on behalf of Mr. Burtle sent a letter to PeopleConnect's counsel on January 25, 2023. **Ex. 2**. Counsel wrote that "Mr. Edmison and Mr. Burtle do not agree, and have never agreed, to arbitrate their claims against PeopleConnect. Mr. Edmison and Mr. Burtle expressly disclaim and repudiate any purported agreement to arbitrate." *Id*. The letter also stated that "to ensure that PeopleConnect does not misrepresent or misunderstand Mr. Edmison's, Mr.

Burtle's, and their counsel's unequivocal intentions **not** to enter any agreement to arbitrate, Mr. Edmison and Mr. Burtle both signed" Acknowledgements attached to the letter. *Id.* (Emphasis in original.)

75.     In his signed Acknowledgment attached to the January 25 letter, Mr. Burtle acknowledged and confirmed that: (1) he "expressly disclaims and repudiates any purported agreement to arbitrate"; (2) he "has never seen or agreed to any terms of service or any other agreement" with PeopleConnect; (3) he "has no knowledge of any terms, material or otherwise, that might exist in any agreement to arbitrated [PeopleConnect] might have with anyone"; (4) he "does not believe any agreement to arbitrate exists" between himself and PeopleConnect; (5) he "does not believe [he] is bound by any agreement to arbitrate that may exist between [PeopleConnect] and any other person," including his attorneys. **Ex. 4**.

76.     Mr. Burtle also acknowledged and confirmed that he "instructed his [counsel]": (1) "[n]ot to enter any agreement to arbitrate with PeopleConnect on [his] behalf"; (2) [t]o pursue this action in federal or state court and not in an arbitral forum"; (3) "[t]o inform [PeopleConnect] on [his] behalf that [he] does not affirm or ratify any agreement to arbitrate that might exist now, that might exist in the future, or that [PeopleConnect] might claim exists or existed"; and (4) "[t]o inform [PeopleConnect] on [his] behalf that [he] expressly disaffirms, disavows, and repudiates any agreement to arbitrate that might exist now, that might exist in the future, or that [PeopleConnect] might claim exists or existed." *Id.*

77.     Mr. Burtle hereby again disaffirms, disavows, and repudiates any agreement to arbitrate.

78.     None of the allegations in this Complaint relating to PeopleConnect's use of Mr. Burtle's name and photograph are based on any information gathered from www.classmates.com.

Rather, Mr. Burtle's allegations are based on: (1) PeopleConnect's representation to his counsel that Mr. Burtle's yearbook photographs became part of the Classmates Yearbook Database on May 20, 2021; and (2) the fact that PeopleConnect incorporates each of the yearbook photographs in its database into advertisements for website subscriptions in the same way. Descriptions of PeopleConnect's advertising techniques and the relevant functioning of its website appear in public filings available to Mr. Burtle, including the *Bonilla* Complaint and *Loendorf* Complaint previously filed in this case.

79.     Mr. Burtle highly values his personal privacy and intellectual property. He highly values the ability to control and prevent the commercial use of his identity without consent.

80.     PeopleConnect uses Mr. Burtle's yearbook photograph as a minor child in advertisements promoting website subscriptions. PeopleConnect possesses at least one photograph of Mr. Burtle it uses for this purpose, which it appropriated without his permission from his yearbook from Glenwood High School. *See* **Ex. 1** (communication from PeopleConnect's counsel admitting photographs from Mr. Burtle's yearbook are searchable on Classmates.com).

81.     PeopleConnect incorporates Mr. Burtle's photograph in advertisements for website subscriptions in the same way it incorporates Ms. Loendorf's photographs, *see below*, and Mr. Bonilla's photographs. *See Bonilla* Complaint. This allegation, and the succeeding allegations related to PeopleConnect's use of Mr. Burtle's photographs, are not based on direct observation of the Classmates.com website. Rather, these allegations are based on Plaintiffs' knowledge that PeopleConnect incorporates all yearbook photographs in its database into advertisements in the same way.

82.     PeopleConnect provides a publicly accessible webpage on which users may

search, and have searched, by name and/or location for Mr. Burtle and other Class members.

83.     Users who searched for Mr. Burtle received in response a list of results, which include low-resolution photographs depicting Mr. Burtle as a child.

84.     Users who clicked on Mr. Burtle's photographs seeking higher-resolution versions, or who attempted to view more than a proscribed number of photographs, received a pop-up message asking the user to register with the site and agree to the Terms of Service. The user was required to interact with the pop-up to continue viewing Mr. Burtle's photographs.

85.     After a user agreed to the Terms and registered with the site, PeopleConnect displayed a screen soliciting the purchase of a paid subscription to Classmates.com.

86.     PeopleConnect's sole purpose in using Mr. Burtle's photograph, name, and identity on the free version of its website is to solicit the purchase of paid subscriptions to www.classmates.com.

87.     Mr. Burtle does not know how PeopleConnect obtained his photographs as a child. On information and belief, it is likely PeopleConnect obtained his photographs by paying a licensing fee to a third party in exchange for digitized copies of Mr. Burtle's photographs and the right to make commercial use of those copies.

88.     PeopleConnect misappropriated Mr. Burtle's photographs without permission from Mr. Burtle, the photographer who took his pictures, the authors who created his yearbooks, or the publishers of his yearbooks.

89.     PeopleConnect does not hold a copyright in yearbooks from Mr. Burtle's school, nor does it have permission from the copyright holder to republish or distribute the yearbooks or the photographs contained therein.

90.     Mr. Burtle has intellectual property and privacy interests in his photographs, name,

18

likeness, and persona recognized by Illinois statutory and common law. He has the right to exclude anyone from making commercial use of his persona without his permission.

91.     PeopleConnect has injured Mr. Burtle by taking his intellectual property without compensation; by invading his privacy rights protected by statute; by unlawfully profiting from its exploitation of his personal information; and by disturbing his peace of mind.

92.     Mr. Burtle is upset and disturbed by PeopleConnect's commercial use of his name, photograph, and persona without his consent. Mr. Burtle believes his persona is rightly his to control. Mr. Burtle does not support or endorse the website www.classmates.com. He finds it offensive to his dignity that PeopleConnect is using his name and photograph without his permission to advertise a product of which he does not approve.

93.     PeopleConnect's illegal use of his name and photograph has left Mr. Burtle worried and uncertain about his inability to control how his name and personality are used.

94.     Mr. Burtle is deeply uncomfortable in the knowledge that PeopleConnect is using his name and photographs as a minor to promote a service he does not support.

95.     PeopleConnect deliberately concealed its commercial use of Mr. Burtle's photograph from Mr. Burtle. He could not have discovered PeopleConnect's illegal use of his name and photograph without the assistance of his counsel.

96.     As alleged above and shown in the screenshots below, PeopleConnect's advertisements incorporating Mr. Burtle's name and likeness do not solicit paid subscriptions until after the user has created an account agreed to the Terms. Accordingly, Mr. Burtle could not have discovered PeopleConnect's commercial use of his name and photograph to advertise without creating an account on PeopleConnect and agreeing to the Terms.

97.     Even had Mr. Burtle visited the public portion of the Classmates.com website and

discovered the low-resolution versions of his photographs, he would not have created an account or agreed to the Terms.

98.     Account registration requires that the user share their name and email address with PeopleConnect. Mr. Burtle did not and does not wish to share this information with PeopleConnect. Mr. Burtle does not want PeopleConnect to profit from or use his personal information in any way. Nor does he trust that PeopleConnect would properly safeguard his name and email address.

99.     Mr. Burtle's fears on this front are well-founded. This month PeopleConnect admitted to a data breach in which the names and email addresses of tens of millions of its users were exposed. *See* https://www.idstrong.com/sentinel/peopleconnect-data-breach/.

100.     Account registration also requires that the user agree to the Terms. Although Mr. Burtle has never seen any PeopleConnect Terms and does not know what they contain, Plaintiffs' counsel have explained to Mr. Burtle that the Terms include a number of provisions designed to impede a potential plaintiff from bringing suit in court. Had Mr. Burtle visited www.classmates.com for the purpose of investigating a potential legal claim, he would not have agreed to any restrictions on his ability to bring suit. Accordingly, he would not have agreed to the Terms.

101.     Because Mr. Burtle would not have been willing to create an account on www.classmates.com, he could not have learned that PeopleConnect uses his low-resolution photographs to promote subscriptions. By placing the solicitation webpage behind the page requiring account creation and agreement to the Terms, PeopleConnect concealed Mr. Burtle's cause of action from Mr. Burtle.

102.     PeopleConnect also concealed Mr. Burtle's cause of action from his counsel by

deliberating impeding their investigation of his claim.

103.     PeopleConnect's affirmative actions aimed at concealing Mr. Burtle's cause of action from his counsel include, but are not limited to: (1) deleting accounts it knew counsel were using to investigate their clients' claims; (2) refusing counsel's repeated requests that PeopleConnect provide counsel access to www.classmates.com for the purpose of investigating their clients' claims; (3) blocking counsel's email addresses from creating accounts; (4) threatening counsel with legal action should they continue to visit www.classmates.com to investigate their clients' claims; and (5) refusing to recognize counsels' valid opt-outs of the arbitration clause in PeopleConnect's Terms.

**Plaintiff Theresa Loendorf**

104.     Plaintiff Theresa Loendorf is a citizen of Illinois who resides in Buffalo Grove, Illinois.

105.     Ms. Loendorf discovered that Classmates uses her name and photo in advertisements on the Classmates website to advertise and promote Defendant's products and services. The advertisements Ms. Loendorf discovered were the same or substantially similar to those shown below.

106.     The personal information about Ms. Loendorf's displayed on Classmates uniquely identifies her. It includes her name, photograph, and accurate biographical details including the school she attended.

107.     Ms. Loendorf never provided Classmates with consent to use any attribute of her identity in any advertisement or for any commercial purposes.

108.     Ms. Loendorf is not and has never been a Classmates customer. She has no relationship with Classmates whatsoever.

109.   Ms. Loendorf's injury has primarily been felt in Illinois.

110.   As the subject of a commercial transaction, Ms. Loendorf's personal identifiable information disclosed by Classmates has economic value. These aspects of Plaintiff's identity are valuable to online advertisers among others.

111.   Ms. Loendorf has not been compensated by Classmates in any way for its use of her identity.

112.   Upon accessing Classmates' website, the public-at-large is free to search Classmates' yearbook database for any student or any school.

113.   After entering this information, any public user of Classmates' website is provided with a listing of search results. The search results provide a limited, low-resolution free preview of student photographs.

114.    As shown in the images below, the free previews delivered in response to a search for Ms. Loendorf include her name and photograph:



115.    As shown in the above, Classmates' free preview and search function provides enough information to identify an individual.

116.     The purpose behind Classmates' free preview and search function is clear: to entice users to purchase Defendant's services. These enticements are clear in the screenshots below:







117.     When a user selects "Upgrade Your Membership" in the images above (while Ms. Loendorf's name and photograph is prominently displayed), users are given an offer to sign up for Classmates' monthly subscription service whereby a user is able to "keep in touch" with other classmates.



118.     Classmates' most popular monthly subscription costs $3 per month.

119.     Classmates thus uses Ms. Loendorf's name to advertise monthly subscriptions to its website. A monthly subscription to Classmates includes much more than access to Ms. Loendorf's name and likeness. Indeed, access to Ms. Loendorf's photographs cannot be what purchasers of a monthly subscription plan are paying for, since full-resolution versions of her photographs are available for free to registered non-paying users. Instead, the value of a paying monthly subscription as advertised by Classmates includes: the ability to see who visited your profile; the ability to search for students by current location; a 20% discount on yearbook reprints; and the ability to read and reply to messages from other Classmates members.

120.    The Illinois Right of Publicity Act ("IRPA") states that: "A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person or persons." 765 ILCS 1075/30.

121.    Ms. Loendorf never provided Classmates with written consent to use her identity in Classmates' advertisements. As detailed above, Classmates uses class members' identities to advertise its for-profit services. Thus, Classmates violates IRPA, 765 ILCS 1075/1, *et seq*.

## STATEMENT OF COMMON FACTS

122.    PeopleConnect's business model relies on collecting personal information from hundreds of thousands of school yearbooks. PeopleConnect pays third parties to create digital copies of yearbook photographs, and for a license to make commercial use of the photographs. PeopleConnect aggregates the extracted information into digital records associated with specific individuals. PeoopleConnect then uses the records to advertise and sell website subscriptions.

123.    According to the Classmates.com website, Classmates' Yearbook Collection contains records copied from over 400 thousand yearbooks. While PeopleConnect does not publish figures about the total number of records in the Collection or a breakdown by state, it is likely the class includes millions of Illinoisans whose names, photographs, and likenesses appear in the Classmates Yearbook Collection.

124.    PeopleConnect did not ask consent from, given notice to, or provide compensation to Plaintiffs or the class before using their names, photographs, and personas to advertise subscriptions.

125.    The authors of the yearbooks in PeopleConnect's database gave no indication they intended their content to be published online, by PeopleConnect or anyone else. In many cases the yearbooks in PeopleConnect's database have publication dates pre-dating the wide-spread

use of the Internet.

126. PeopleConnect makes no attempt to contact yearbook authors to verify whether they wish the content they created to be published online, nor whether they object to PeopleConnect's use of copyrighted material.

127. The names, photographs, cities of residence, likenesses, and identities that PeopleConnect aggregates into individual records uniquely identify specific individuals.

128. PeopleConnect uses the names, photographs, images, and likenesses of Plaintiff and the class for the commercial purpose of advertising and promoting the purchase of its "CM+" subscription membership.

129. PeopleConnect advertises by providing free searchable access to low-resolution versions of Class members' photographs as children. Users who click to view higher resolution photographs, or who attempt to view more than a proscribed number of photographs, are shown a pop-up requesting account registration and agreement to the Terms, followed by a page soliciting a paid subscription to www.classmates.com.

130. PeopleConnect makes no attempt to contact or gain the consent of the people whose names, photographs, likenesses, biographical information, and identifies appear in its advertisements.

131. The vast majority of people whose personal information PeopleConnect has misappropriated in its Classmates Yearbook Collection have no relationship with PeopleConnect, are not Classmates.com subscribers, and are not subject to a Terms of Service or any other agreement with PeopleConnect.

132. Through its actions, PeopleConnect has caused harm to Plaintiffs and the class by depriving them the fair economic value of their likenesses; violating their exclusive rights to

control their likenesses; and disturbing their peace of mind. PeopleConnect has earned ill-gotten profits and been unjustly enriched through its use of the names, photographs, images, and likenesses of Plaintiffs and the Class.

133.  PeopleConnect's willful misappropriation of identities, including names, photographs, images, likenesses, and other personal information, and commercial use of those identities in selling and advertising its products and services, violate Illinois' statute protecting the right to publicity, 765 ILCS 1075/1 *et seq.*; and Illinois common law protecting against unjust enrichment.

**CLASS ALLEGATIONS**

134.  Plaintiffs bring this complaint on behalf of themselves and a class of all Illinois residents who (a) are not Classmates subscribers, (b) have never donated a yearbook to Classmates, and (c) whose yearbook photographs were searchable by non-subscribers on www.classmates.com at any time between January 5, 2016, and the present. Excluded from the class are (a) Plaintiff's counsel; (b) PeopleConnect, its officers and directors, counsel, successors and assigns; (c) any entity in which PeopleConnect has a controlling interest; and (d) the judge to whom this case is assigned and the judge's immediate family.

135.  The members of the proposed class are so numerous that joinder of individual claims is impracticable. PeopleConnect represents that its Yearbook Collection contains records from over 400,000 yearbooks in the United States. Each yearbook contains the names and likeness of hundreds, sometimes thousands of individuals. Even accounting for the fact that only a portion of the yearbooks are from Illinois, that some individuals in the database are deceased or no longer reside in Illinois, and that the class excludes current Classmates.com subscribers

(Classmates.com has about 4 million subscribers worldwide), the class likely numbers in the millions.

136. There are significant questions of fact and law common to the members of the class. These issues include:

a. Whether PeopleConnect's use of Plaintiffs' and Class members' photographs as children without consent to advertise subscriptions constitutes the use of individuals' identities for commercial purposes without previous written consent within the meaning of 765 ILCS 1075/1 *et seq.*;

b. Whether Plaintiffs and the Class members consented to the use of their names, photographs, images, and likenesses in PeopleConnect's products and advertisements;

c. Whether PeopleConnect's use of identities, names, photographs, images, and likenesses constitutes a use for non-commercial purposes such as news or public affairs within the meaning of 765 ILCS 1075/35;

d. Whether PeopleConnect's commercial use of the names, photographs, images, and likenesses of Plaintiffs and the class was willful such that Plaintiffs and the class are entitled to punitive damages;

e. Whether PeopleConnect was unjustly enriched as a result of the conduct described in this complaint; and

f. Whether Plaintiffs and the Class members are entitled to injunctive, declaratory and monetary relief as a result of PeopleConnect's conduct as described in this complaint.

137. Plaintiffs' claims are typical of those of the proposed class. Plaintiffs and all

members of the proposed class have been harmed by PeopleConnect's misappropriation and misuse of their identifies, names, photographs, images, likenesses, and other personal information.

138.    The proposed class representatives will fairly and adequately represent the proposed class. The class representatives' claims are co-extensive with those of the rest of the class, and they are represented by qualified counsel experienced in class action litigation of this nature.

139.    A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed class is impracticable. Many members of the class do not have the financial resources necessary to pursue this claim, and even if they did, the size of their interest in the case may not be large enough to merit the cost of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a dispute concerning PeopleConnect's common actions towards an entire group. Class action procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

140.    The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. PeopleConnect has acted on grounds generally applicable to the proposed class, such that final injunctive and declaratory relief is appropriate with respect to the class as a whole.

141.    The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and fact common to class members predominate over questions affecting individual

members, and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy.

### FIRST CAUSE OF ACTION
**(765 ILCS 1075/1 *et seq*.)**

142.   Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

143.   Illinois' statute protecting the right to publicity 765 ILCS 1075/1 *et seq*., prohibits and provides damages for using an individual's identity for commercial purposes without having obtained previous written consent.

144.   By engaging in the forgoing acts and omissions, Classmates used Plaintiffs' and class members' identities for commercial purposes without having obtained previous written consent.

145.   Each use of a class member's identity is a separate and distinct violation of 765 ILCS 1075/1 *et seq*. giving rise to damages.

146.   As a result of Classmates' violation of 765 ILCS 1075/1 *et seq*., Plaintiffs and the class have suffered actual damages. Plaintiffs and the class have been denied the economic value of their likenesses, which PeopleConnect has appropriated and used for its own economic benefit. Plaintiffs and members of the class also lost the right to refuse consent and protect their privacy. Actual damages may be measured as the fair market value of a person's likeness used for advertising and as part of a product, the amounts PeopleConnect paid to third parties to license Plaintiffs' and Class members' photographs, or as the revenue PeopleConnect derived from its unauthorized use.

147.   Plaintiffs seek nominal damages, declaratory, injunctive relief, and monetary damages for themselves and on behalf of each member of the proposed class as provided for in

765 ILCS 1075/1 *et seq.*, including statutory damages equal to the greater of $1000 per violation, actual damages, or profits PeopleConnect derived from its unauthorized use; punitive damages in light of PeopleConnect's willful violation; nominal damages equal to $1 per class member; and the award of attorneys' fees and costs in the event Plaintiffs prevail in this action.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

148. Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

149. Plaintiffs and the Class have conferred an unwarranted benefit on Classmates. PeopleConnect's business model centers around using personal information that rightfully belongs to Plaintiffs and the class to sell its products and services. PeopleConnect uses the names, photographs, and personas it misappropriated without consent to advertise "CM+" subscriptions, from which PeopleConnect derives substantial revenue and profit.

150. Under principles of equity and good conscience, Classmates should not be permitted to retain the benefits it gained through its actions.

151. Plaintiffs and members of the class have suffered loss as a direct result of PeopleConnect's conduct.

152. Among other remedies, Plaintiffs, on their own behalf and on behalf of absent class members, seek the imposition of a constructive trust and restitution of proceeds PeopleConnect received as a result of the conduct described in this complaint, as well as an award of attorneys' fees, costs, and interest.

## PRAYER FOR RELIEF

153. WHEREFORE Plaintiffs, on behalf of themselves and all others similarly situation, hereby demands judgment against Defendant PeopleConnect as follows:

(a) For an order certifying the proposed class and appointing Plaintiffs and their counsel to represent the class;

(b) For a declaration that PeopleConnect's acts and omissions constitute a willful misappropriation of names, likeness, photographs, images, and other personal information, and infringe on protected privacy rights, in violation of Illinois law;

(c) For nominal damages awarded in recognition of PeopleConnect's violation of the statutorily protected property and privacy rights of Plaintiffs and the class;

(d) For preliminary and permanent injunctive relief enjoining and preventing PeopleConnect from continuing to operate its Classmates.com website and expand its databases without appropriate safeguards to ensure people's personal information is not used illegally without their consent;

(e) For an order enjoining PeopleConnect from continuing the unlawful and unfair conduct described in this complaint;

(f) For restitution for Plaintiffs and members the class for the value that PeopleConnect derived from misappropriating their likenesses;

(g) For an award of damages, including without limitation damages for actual harm, profits earned by PeopleConnect from the sale of subscriptions, and statutory damages;

(h) For an award of reasonable attorneys' fees and costs incurred by Plaintiffs and the class members; and

(i) For an award of other relief in law and equity to which Plaintiffs and the class members may be entitled.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial for all individual and Class claims so triable.

Respectfully submitted,

Dated: June 16, 2023

Respectfully Submitted,

By: */s/ Raina C. Borrelli*
Raina C. Borrelli
Samuel J. Strauss
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
raina@turkestrauss.com
sam@turkestrauss.com

Michael F. Ram (*pro hac vice*)
Marie N. Appel (*pro hac vice*)
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923
mram@forthepeople.com
mappel@forthepeople.com

Benjamin R. Osborn (*pro hac vice*)
102 Bergen Street
Brooklyn, NY 11201
Telephone: (347) 645-0464
ben@benosbornlaw.com

*Attorneys for Plaintiffs Edmison and Burtle*

By: */s/ J. Dominick Larry*
J. Dominick Larry
NICK LARRY LAW LLC
55 E Monroe Street, Suite 3800
Chicago, IL 60603
Tel: (773) 694-4669
Fax: (773) 694-4691
E-Mail: nick@nicklarry.law

Philip L. Fraietta (*pro hac vice* anticipated)
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: pfraietta@bursor.com

*Attorneys for Plaintiff Loendorf*

## <u>CERTIFICATE OF SERVICE</u>

I, Raina C. Borrelli, hereby certify that on June 16, 2023, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of

such filing to counsel of record via the ECF system.

TURKE & STRAUSS LLP

By: <u>*/s/ Raina C. Borrelli*</u>
    Raina C. Borrelli
    raina@turkestrauss.com
    TURKE & STRAUSS LLP
    613 Williamson St., Suite 201
    Madison, WI 53703
    Telephone: (608) 237-1775
    Facsimile: (608) 509-4423